# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| SYNQOR, INC.<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>EMERSON NETWORK POWER, INC.,<br>EMERSON ELECTRIC CO.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>MURATA ELECTRONICS NORTH AMERICA,<br>INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>POWER-ONE, INC.,<br>TYCO ELECTRONICS CORP.,<br>TYCO ELECTRONICS LTD.<br><br>　　　　　　　　Defendants. | Civil Action No. 2:07cv497<br><br>**JURY TRIAL DEMANDED** |

## SYNQOR'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SynQor, Inc. ("SynQor") for its complaint against defendants Artesyn

Technologies, Inc. ("Artesyn"), Astec America, Inc. ("Astec"), Emerson Network Power, Inc.

("Emerson Network") and Emerson Electric Co. ("Emerson") (collectively, "the Emerson

affiliates"); Bel Fuse Inc. ("Bel Fuse"); Cherokee International Corp. ("Cherokee"); Delta

Electronics, Inc. ("Delta Electronics") and Delta Products Corp. ("Delta Products") (collectively,

"Delta"); Murata Electronics North America, Inc. ("Murata Electronics") and Murata

Manufacturing Co., Ltd. ("Murata Manufacturing") (collectively, "Murata"); Power-One, Inc.

("Power-One"); and Tyco Electronics Corp. ("Tyco Electronics") and Tyco Electronics Ltd.

("Tyco Ltd.") (collectively, "Tyco") alleges the following:

## THE PARTIES

1.      Plaintiff SynQor is a Delaware corporation having a principal place of business at

155 Swanson Road, Boxborough, Massachusetts  01719.  SynQor is a leader in the design,

development, manufacture and sale of innovative DC/DC power converters and AC/DC power

conversion solutions to the communications, computing, industrial, medical and military

markets.

2.      Defendant Artesyn is a Florida corporation with its principal place of business at

5810 Van Allen Way, Carlsbad, California  92008.  Defendant Artesyn is a direct or indirect

subsidiary of Defendant Emerson.

3.      Defendant Astec is a Delaware corporation with its principal place of business at

5810 Van Allen Way, Carlsbad, California  92008.  Defendant Astec is also a direct or indirect

subsidiary of Defendant Emerson.

4.      Defendant Emerson Network is a Texas corporation with its prinicpal place of

business at 1050 Dearborn Drive, Columbus, Ohio  43085.  Defendant Emerson Network is also

a direct or indirect subsidiary of Defendant Emerson.

5.      Defendant Emerson is a Missouri corporation with its principal place of business

at 8000 West Florissant Avenue, St. Louis, Missouri  63136.  Defendant Emerson and/or its

affiliates Artesyn, Astec and Emerson Network make, import, use, offer to sell, and/or sell within

the United States, including the state of Texas and this judicial district, products, including, but

not limited to, unregulated and semi-regulated bus converters non-isolated point of load

converters ("POLs") used in intermediate bus architecture power supply systems.

6.      Defendant Bel Fuse is a New Jersey corporation with its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey  07302.  Defendant Bel Fuse makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

7.      Defendant Cherokee is a Delaware corporation with its principal place of business at 2841 Dow Avenue, Tustin, California  92780.  Defendant Cherokee makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

8.      Defendant Delta Electronics is a Taiwan corporation with its principal place of business at 186 Ruey Kuang Road, Neihu, Taipei 11491, Taiwan, R.O.C.  Defendant Delta Electronics is the parent company of Defendant Delta Products.

9.      Defendant Delta Products is a California corporation with its principal place of business at 4405 Cushing Parkway, Fremont, California  94538.  Defendant Delta Electronics and/or its affiliate Delta Products make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

10.     Defendant Murata Electronics is a Texas corporation with its principal place of business at 2200 Lake Park Drive SE, Smyrna, Georgia  30080.  Defendant Murata Electronics is the direct or indirect subsidiary or affiliate of Defendant Murata Manufacturing.

11.     Defendant Murata Manufacturing is a Japan corporation with its principal place of business at 10-1. Higashikotari 1-chome, Nagaokakyo-shi, Kyoto  617-8555.  Defendant Murata Manufacturing and/or its affiliate Murata Electronics make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

12.     Defendant Power-One is a Delaware corporation with its principal place of business at 740 Calle Plano, Camarillo, California  93012.  Defendant Power-One makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

13.     Defendant Tyco Electronics is a Pennsylvania corporation with its principal place of business at 1050 Westlakes Drive, Berwyn, Pennsylvania  19312.  Defendant Tyco Electronics is the direct or indirect subsidiary of Defendant Tyco Ltd.

14.     Defendant Tyco Ltd. is a Bermuda corporation with its principal place of business at Second Floor, 90 Pitts Bay Road, Pembroke HM 08, Bermuda.  Defendant Tyco Ltd. and/or its affiliate Tyco Electronics make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

## JURISDICTION AND VENUE

15.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

16.     Defendants are conducting business on a systematic and continuous basis within the United States, including the state of Texas and this judicial district.

17.     Defendants make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and/or semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems which infringe the patents at issue in this action.  These products are targeted to customers, such as computer and telecommunications equipment manufacturers, that sell and ship products all over the world, including this District.  Defendants reasonably expect that these products will be sold into this District through the manufacturers they target for the products.

18.     Defendants are subject to personal jurisdiction in this judicial district because they have established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice and have committed acts of infringement in this judicial district.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).


**GENERAL ALLEGATIONS**

20.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,072,190 ("the '190 patent"), entitled "High Efficiency Power Converter."  The '190 patent

was duly and legally issued on July 4, 2006, by the United States Patent and Trademark Office. A true and correct copy of the '190 patent is attached hereto as Exhibit A.

21.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,272,021 ("the '021 patent"), entitled "Power Converter with Isolated and Regulated Stages."  The '021 patent was duly and legally issued on September 18, 2007, by the United States Patent and Trademark Office.  A true and correct copy of the '021 patent is attached hereto as Exhibit B.

22.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,269,034 ("the '034 patent"), entitled "High Efficiency Power Converter."  The '034 patent was duly and legally issued on September 11, 2007, by the United States Patent and Trademark Office.  A true and correct copy of the '034 patent is attached hereto as Exhibit C.

## COUNT ONE
## The Emerson Affiliates' Infringement of the '190 Patent

23.     Each of the foregoing paragraphs is incorporated by reference.

24.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

25.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

26.     The Emerson affiliates' past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

27.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

**COUNT TWO**
**The Emerson Affiliates' Infringement of the '021 Patent**

28.     Each of the foregoing paragraphs is incorporated by reference.

29.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

30.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

31.     The Emerson affiliates' past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

32.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for

7

which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

## COUNT THREE
### The Emerson Affiliates' Infringement of the '034 Patent

33.     Each of the foregoing paragraphs is incorporated by reference.

34.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

35.     Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

36.     The Emerson affiliates' past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

37.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

## COUNT FOUR
### Bel Fuse's Infringement of the '190 Patent

38.     Each of the foregoing paragraphs is incorporated by reference.

8

39.     Bel Fuse has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

40.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Bel Fuse to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

41.     Bel Fuse's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

42.     Bel Fuse's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Bel Fuse is enjoined by this Court from further infringement.

### COUNT FIVE
### Bel Fuse's Infringement of the '021 Patent

43.     Each of the foregoing paragraphs is incorporated by reference.

44.     Bel Fuse has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

45.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Bel Fuse to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

46.     Bel Fuse's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

47.     Bel Fuse's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Bel Fuse is enjoined by this Court from further infringement.

## COUNT SIX
## Cherokee's Infringement of the '190 Patent

48.     Each of the foregoing paragraphs is incorporated by reference.

49.     Cherokee has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

50.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Cherokee to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

51.     Cherokee's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

52.     Cherokee's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Cherokee is enjoined by this Court from further infringement.

## COUNT SEVEN
## Cherokee's Infringement of the '021 Patent

53.     Each of the foregoing paragraphs is incorporated by reference.

54.     Cherokee has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

55.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Cherokee to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

56.     Cherokee's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

57.     Cherokee's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Cherokee is enjoined by this Court from further infringement.

## COUNT EIGHT
### Delta's Infringement of the '190 Patent

58.     Each of the foregoing paragraphs is incorporated by reference.

59.     Delta has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

60.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Delta to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

61.     Delta's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

62.     Delta's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Delta is enjoined by this Court from further infringement.

## COUNT NINE
### Delta's Infringement of the '021 Patent

63.     Each of the foregoing paragraphs is incorporated by reference.

64.     Delta has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of

products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

65.    Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Delta to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

66.    Delta's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

**67.**    Delta's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Delta Electronics is enjoined by this Court from further infringement.

**COUNT TEN**
**Murata's Infringement of the '190 Patent**

68.    Each of the foregoing paragraphs is incorporated by reference.

69.    Murata has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

70.    Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Murata to be especially made or adapted for use in an infringement

of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

71.     Murata's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

72.     Murata's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Murata is enjoined by this Court from further infringement.

### COUNT ELEVEN
### Murata's Infringement of the '021 Patent

73.     Each of the foregoing paragraphs is incorporated by reference.

74.     Murata has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

75.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Murata to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

76.     Murata's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

77.     Murata's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Murata is enjoined by this Court from further infringement.

## COUNT TWELVE
## Power-One's Infringement of the '190 Patent

78.     Each of the foregoing paragraphs is incorporated by reference.

79.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

80.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

81.     Power-One's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

82.     Power-One's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

## COUNT THIRTEEN
## Power-One's Infringement of the '021 Patent

83.     Each of the foregoing paragraphs is incorporated by reference.

84.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

85.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

86.     Power-One's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

87.     Power-One's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

## COUNT FOURTEEN
### Power-One's Infringement of the '034 Patent

88.     Each of the foregoing paragraphs is incorporated by reference.

89.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of

products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

90.    Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

91.    Power-One's past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

92.    Power-One's infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

## COUNT FIFTEEN
### Tyco's Infringement of the '190 Patent

93.    Each of the foregoing paragraphs is incorporated by reference.

94.    Tyco has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

95.    Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Tyco to be especially made or adapted for use in an infringement

of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

96.   Tyco's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

97.   Tyco's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Tyco is enjoined by this Court from further infringement.

## COUNT SIXTEEN
### Tyco's Infringement of the '021 Patent

98.   Each of the foregoing paragraphs is incorporated by reference.

99.   Tyco has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

100.   Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Tyco to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

101.   Tyco's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

## COUNT SEVENTEEN

### Tyco's Infringement of the '034 Patent

102.     Each of the foregoing paragraphs is incorporated by reference.

103.     Tyco has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

104.     Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by Tyco to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

105.     Tyco's past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

106.     Tyco's infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Tyco is enjoined by this Court from further infringement.

### WILLFUL INFRINGEMENT BY DEFENDANTS

107.     On information and belief, Defendants' infringement of the patents-in-suit has been and/or will continue to be willful and deliberate, entitling SynQor to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### REQUEST FOR RELIEF

Wherefore, SynQor respectfully requests that the Court:

A.      order trial by jury on all issues so triable;

B.      render judgment finding that the Emerson affiliates have infringed the '190, '021, and '034 patents;

C.      render judgment finding that Bel Fuse has infringed the '190 and '021 patents;

D.      render judgment finding that Cherokee has infringed the '190 and '021 patents;

E.      render judgment finding that Delta has infringed the '190 and '021 patents;

F.      render judgment finding that Murata has infringed the '190 and '021 patents;

G.      render judgment finding that Power-One has infringed the '190, '021, and '034 patents;

H.      render judgment finding that Tyco has infringed the '190, '021, and '034 patents;

I.      find that the Emerson affiliates' infringement was willful;

J.      find that Bel Fuse's infringement was willful;

K.      find that Cherokee's infringement was willful;

L.      find that Delta's infringement was willful;

M.      find that Murata's infringement was willful;

N.      find that Power-One's infringement was willful;

O.      find that Tyco's infringement was willful;

P.      issue permanent injunctions preventing the Emerson affiliates, and those in active concert with the Emerson affiliates, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '034 patents;

Q.      issue permanent injunctions preventing Bel Fuse, and those in active concert with Bel Fuse, from further infringement, inducement of infringement, or contributory infringement of the '190 or '021 patents;

R.      issue permanent injunctions preventing Cherokee, and those in active concert with Cherokee, from further infringement, inducement of infringement, or contributory infringement of the '190 or '021 patents;

S.      issue permanent injunctions preventing Delta, and those in active concert with Delta, from further infringement, inducement of infringement, or contributory infringement of the '190 or '021 patents;

T.      issue permanent injunctions preventing Murata, and those in active concert with Murata, from further infringement, inducement of infringement, or contributory infringement of the '190 or '021 patents;

U.      issue permanent injunctions preventing Power-One, and those in active concert with Power-One, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '034 patents;

V.      issue permanent injunctions preventing Tyco, and those in active concert with Tyco, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '034 patents;

W.      award compensatory damages in an amount to be determined at trial;

X.      award treble damages pursuant to 35 U.S.C. § 284;

Y.      award interest as allowed by law;

Z.      declare that this case is exceptional pursuant to 35 U.S.C. § 285, award costs and reasonable attorney fees incurred in connection with this action; and

AA.     grant such other and further relief as the Court and the jury deem just and proper.


Dated:   November 13, 2007                    */s/ V. Bryan Medlock, Jr.*
                                              **V. Bryan Medlock, Jr.**
                                              Texas State Bar No. 13897000
                                              bmedlock@sidley.com
                                              **Michael D. Hatcher**
                                              Texas State Bar No. 24027067
                                              mhatcher@sidley.com
                                              **SIDLEY AUSTIN LLP**
                                              717 North Harwood, Suite 3400
                                              Dallas, TX   75201
                                              Telephone:      214.981.3300
                                              Facsimile:      214.981.3400


                                              **Thomas D. Rein**
                                              Lead Attorney
                                              *Pro Hac Vice Application To Be Filed*
                                              trein@sidley.com
                                              **Russell E. Cass**
                                              *Pro Hac Vice Application To Be Filed*
                                              rcass@sidley.com
                                              **April D. Lambert**
                                              *Pro Hac Vice Application To Be Filed*
                                              alambert@sidley.com
                                              **SIDLEY AUSTIN LLP**
                                              One South Dearborn
                                              Chicago, IL   60603
                                              Telephone:      312.853.7000
                                              Facsimile:      312.853.7036


                                              ***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

22