**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **SYNQOR, INC.,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**ARTESYN TECHNOLOGIES, INC.,**<br>**ASTEC AMERICA, INC.,**<br>**EMERSON NETWORK POWER, INC.,**<br>**EMERSON ELECTRIC CO.,**<br>**BEL FUSE INC.,**<br>**CHEROKEE INTERNATIONAL CORP.,**<br>**DELTA ELECTRONICS, INC.,**<br>**DELTA PRODUCTS CORP.,**<br>**MURATA ELECTRONICS NORTH**<br>**AMERICA, INC.,**<br>**MURATA MANUFACTURING CO., LTD.,**<br>**POWER-ONE, INC.,**<br>**TYCO ELECTRONICS CORP.,**<br>**TYCO ELECTRONICS LTD.**<br><br>          **Defendants.** | **CIVIL ACTION NO.**<br>**2:07-CV-497-TJW-CE**<br><br>**JURY TRIAL DEMANDED** |

**TYCO ELECTRONICS POWER SYSTEMS, INC.'S ANSWER, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS TO SYNQOR INC.'S COMPLAINT**

Defendant Tyco Electronics Power Systems, Inc. ("TEPS") respectfully submits this

Answer, these Affirmative Defenses, and these Counterclaims in response to the complaint for

patent infringement ("Complaint") filed by SynQor, Inc. ("SynQor") as follows:

**I.     ANSWER**

**THE PARTIES**

1.     The allegations set forth in paragraph 1 of the Complaint are not directed to

TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and on that basis denies each and every such allegation.

2.      The allegations set forth in paragraph 2 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies each and every such allegation.

3.      The allegations set forth in paragraph 3 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis denies each and every such allegation.

4.      The allegations set forth in paragraph 4 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis denies each and every such allegation.

5.      The allegations set forth in paragraph 5 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis denies each and every such allegation.

6.      The allegations set forth in paragraph 6 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis denies each and every such allegation.

7.      The allegations set forth in paragraph 7 of the Complaint are not directed to

TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis denies each and every such allegation.

8.    The allegations set forth in paragraph 8 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis denies each and every such allegation.

9.    The allegations set forth in paragraph 9 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies each and every such allegation.

10.    The allegations set forth in paragraph 10 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis denies each and every such allegation.

11.    The allegations set forth in paragraph 11 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis denies each and every such allegation.

12.    The allegations set forth in paragraph 12 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and on that basis denies each and every such allegation.

13.     TEPS  admits that Tyco Electronics Corp. is a Pennsylvania corporation with its principal place of business at 1050 Westlakes Drive, Berwyn, Pennsylvania 19312.  TEPS admits that Tyco Electronics Corp. is a subsidiary of Tyco Electronics Ltd.  On December 21, 2007, Tyco Electronics Corp. and Tyco Electronics Ltd. filed an Unopposed Motion to Substitute Parties, requesting this Court to substitute TEPS in place of Tyco Electronics Corp. and Tyco Electronics Ltd., as a defendant in the above-captioned civil action so that all claims made against Tyco Electronics Corp. and Tyco Electronics Ltd. are made against TEPS and all such claims made against Tyco Electronics Corp. and Tyco Electronics Ltd. shall be dismissed without prejudice.  Except as expressly admitted, TEPS denies each and every remaining allegation set forth in paragraph 13 of the Complaint.

14.     TEPS  admits that Tyco Electronics Ltd. is a Bermuda corporation with its principal place of business at Second Floor, 96 Pitts Bay Road, Pembroke HM 08, Bermuda. Except as expressly admitted, TEPS denies each and every remaining allegation set forth in paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15.     TEPS admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that SynQor's claims have any factual or legal basis.  TEPS admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

16.     TEPS admits that it has conducted business in this district.  TEPS denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced,

or continues to induce any acts that give rise to this action.  Except as expressly admitted, TEPS denies each and every remaining allegation set forth in paragraph 16 of the Complaint.

17.    TEPS admits that it has conducted business in this district.  TEPS admits that its products have been sold in the United States, the State of Texas and the Eastern District of Texas.  TEPS denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action.  TEPS denies any wrongdoing or infringement.  Specifically, TEPS denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.  To the extent the remaining allegations of paragraph 17 are directed at TEPS, they are denied.  To the extent the allegations of paragraph 17 are directed to other entities, TEPS is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

18.    TEPS admits that this Court has personal jurisdiction over TEPS in this particular action.  TEPS denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action.  TEPS denies any wrongdoing or infringement.  Specifically, TEPS denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.  Except as expressly admitted, TEPS denies each and every remaining allegation set forth in paragraph 18 of the Complaint.

19.    Answering paragraph 19 of the Complaint, TEPS admits that, as to the allegations asserted against it, venue is proper in the Eastern District of Texas.  TEPS denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action.

## GENERAL ALLEGATIONS

20.    TEPS admits that what appears to be a copy of U.S. Patent No. 7,072,190 ("the '190 patent") is attached as Exhibit A to the Complaint. TEPS admits that, on its face, Exhibit A states that its title is "High Efficiency Power Converter." TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '190 patent. Otherwise, TEPS denies each and every allegation contained in paragraph 20 of the Complaint, and specifically denies that the '190 patent was duly and legally issued.

21.    TEPS admits that what appears to be a copy of U.S. Patent No. 7,272,021 ("the '021 patent") is attached as Exhibit B to the Complaint. TEPS admits that, on its face, Exhibit B states that its title is "Power Converter with Isolated and Regulated Stages." TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '021 patent. Otherwise, TEPS denies each and every allegation contained in paragraph 21 of the Complaint, and specifically denies that the '021 patent was duly and legally issued.

22.    TEPS admits that what appears to be a copy of U.S. Patent No. 7,269,034 ("the '034 patent") is attached as Exhibit C to the Complaint. TEPS admits that, on its face, Exhibit C states that its title is "High Efficiency Power Converter." TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '034 patent. Otherwise, TEPS denies each and every allegation contained in paragraph 22 of the Complaint, and specifically denies that the '034 patent was duly and legally issued.

## COUNT ONE
### The Emerson Affiliates' Infringement of the '190 Patent

23.     Answering paragraph 23 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

24.     The allegations set forth in paragraph 24 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and on that basis denies each and every such allegation.

25.     The allegations set forth in paragraph 25 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and on that basis denies each and every such allegation.

26.     The allegations set forth in paragraph 26 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and on that basis denies each and every such allegation.

27.     The allegations set forth in paragraph 27 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and on that basis denies each and every such allegation.

## COUNT TWO
### The Emerson Affiliates' Infringement of the '021 Patent

28.     Answering paragraph 28 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

29.     The allegations set forth in paragraph 29 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and on that basis denies each and every such allegation.

30.     The allegations set forth in paragraph 30 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and on that basis denies each and every such allegation.

31.     The allegations set forth in paragraph 31 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and on that basis denies each and every such allegation.

32.     The allegations set forth in paragraph 32 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and on that basis denies each and every such allegation.

**COUNT THREE**
**The Emerson Affiliates' Infringement of the '034 Patent**

33.     Answering paragraph 33 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

34.     The allegations set forth in paragraph 34 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and on that basis denies each and every such allegation.

35.    The allegations set forth in paragraph 35 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and on that basis denies each and every such allegation.

36.    The allegations set forth in paragraph 36 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and on that basis denies each and every such allegation.

37.    The allegations set forth in paragraph 37 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and on that basis denies each and every such allegation.

## COUNT FOUR
### Bel Fuse's Infringement of the '190 Patent

38.    Answering paragraph 38 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

39.    The allegations set forth in paragraph 39 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and on that basis denies each and every such allegation.

40.    The allegations set forth in paragraph 40 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and on that basis denies each and every such allegation.

41.    The allegations set forth in paragraph 41 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and on that basis denies each and every such allegation.

42.    The allegations set forth in paragraph 42 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and on that basis denies each and every such allegation.

## COUNT FIVE
## Bel Fuse's Infringement of the '021 Patent

43.    Answering paragraph 43 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

44.    The allegations set forth in paragraph 44 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and on that basis denies each and every such allegation.

45.    The allegations set forth in paragraph 45 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and on that basis denies each and every such allegation.

46.    The allegations set forth in paragraph 46 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and on that basis denies each and every such allegation.

47.    The allegations set forth in paragraph 47 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and on that basis denies each and every such allegation.

### COUNT SIX
### Cherokee's Infringement of the '190 Patent

48.    Answering paragraph 48 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

49.    The allegations set forth in paragraph 49 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and on that basis denies each and every such allegation.

50.    The allegations set forth in paragraph 50 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and on that basis denies each and every such allegation.

51.    The allegations set forth in paragraph 51 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and on that basis denies each and every such allegation.

52.    The allegations set forth in paragraph 52 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and on that basis denies each and every such allegation.

## COUNT SEVEN
## Bel Fuse's Infringement of the '021 Patent

53.     Answering paragraph 53 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

54.     The allegations set forth in paragraph 54 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint, and on that basis denies each and every such allegation.

55.     The allegations set forth in paragraph 55 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint, and on that basis denies each and every such allegation.

56.     The allegations set forth in paragraph 56 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint, and on that basis denies each and every such allegation.

57.     The allegations set forth in paragraph 57 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint, and on that basis denies each and every such allegation.

## COUNT EIGHT
## Delta's Infringement of the '190 Patent

58.     Answering paragraph 58 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

59.    The allegations set forth in paragraph 59 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, and on that basis denies each and every such allegation.

60.    The allegations set forth in paragraph 60 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint, and on that basis denies each and every such allegation.

61.    The allegations set forth in paragraph 61 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint, and on that basis denies each and every such allegation.

62.    The allegations set forth in paragraph 62 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint, and on that basis denies each and every such allegation.

**COUNT NINE**
**Delta's Infringement of the '021 Patent**

63.    Answering paragraph 63 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

64.    The allegations set forth in paragraph 64 of the Complaint are not directed to TEPS, and therefore no answer is required. TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint, and on that basis denies each and every such allegation.

65.     The allegations set forth in paragraph 65 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, and on that basis denies each and every such allegation.

66.     The allegations set forth in paragraph 66 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint, and on that basis denies each and every such allegation.

67.     The allegations set forth in paragraph 67 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint, and on that basis denies each and every such allegation.

## COUNT TEN
### Murata's Infringement of the '190 Patent

68.     Answering paragraph 68 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

69.     The allegations set forth in paragraph 69 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint, and on that basis denies each and every such allegation.

70.     The allegations set forth in paragraph 70 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint, and on that basis denies each and every such allegation.

71.     The allegations set forth in paragraph 71 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint, and on that basis denies each and every such allegation.

72.     The allegations set forth in paragraph 72 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint, and on that basis denies each and every such allegation.

### COUNT ELEVEN
### Murata's Infringement of the '021 Patent

73.     Answering paragraph 73 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

74.     The allegations set forth in paragraph 74 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint, and on that basis denies each and every such allegation.

75.     The allegations set forth in paragraph 75 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint, and on that basis denies each and every such allegation.

76.     The allegations set forth in paragraph 76 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint, and on that basis denies each and every such allegation.

77.     The allegations set forth in paragraph 77 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint, and on that basis denies each and every such allegation.

### COUNT TWELVE
### Power-One's Infringement of the '190 Patent

78.     Answering paragraph 78 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

79.     The allegations set forth in paragraph 79 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint, and on that basis denies each and every such allegation.

80.     The allegations set forth in paragraph 80 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint, and on that basis denies each and every such allegation.

81.     The allegations set forth in paragraph 81 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint, and on that basis denies each and every such allegation.

82.     The allegations set forth in paragraph 82 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint, and on that basis denies each and every such allegation.

**COUNT THIRTEEN**
**Power-One's Infringement of the '021 Patent**

83.    Answering paragraph 83 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

84.    The allegations set forth in paragraph 84 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint, and on that basis denies each and every such allegation.

85.    The allegations set forth in paragraph 85 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint, and on that basis denies each and every such allegation.

86.    The allegations set forth in paragraph 86 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint, and on that basis denies each and every such allegation.

87.    The allegations set forth in paragraph 87 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint, and on that basis denies each and every such allegation.

**COUNT FOURTEEN**
**Power-One's Infringement of the '034 Patent**

88.    Answering paragraph 88 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

89.     The allegations set forth in paragraph 89 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint, and on that basis denies each and every such allegation.

90.     The allegations set forth in paragraph 90 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint, and on that basis denies each and every such allegation.

91.     The allegations set forth in paragraph 91 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint, and on that basis denies each and every such allegation.

92.     The allegations set forth in paragraph 92 of the Complaint are not directed to TEPS, and therefore no answer is required.  TEPS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint, and on that basis denies each and every such allegation.

## COUNT FIFTEEN
### TEPS's Infringement of the '190 Patent

93.     Answering paragraph 93 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

94.     TEPS denies each and every allegation set forth in paragraph 94 of the Complaint, and specifically denies any wrongdoing or infringement.

95.     TEPS denies each and every allegation set forth in paragraph 95 of the Complaint, and specifically denies any wrongdoing or infringement.

96.     TEPS denies each and every allegation set forth in paragraph 96 of the Complaint, and specifically denies any wrongdoing or infringement.

97.     TEPS denies each and every allegation set forth in paragraph 97 of the Complaint, and specifically denies any wrongdoing or infringement.

**COUNT SIXTEEN**
**TEPS's Infringement of the '021 Patent**

98.     Answering paragraph 98 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

99.     TEPS denies each and every allegation set forth in paragraph 99 of the Complaint, and specifically denies any wrongdoing or infringement.

100.    TEPS denies each and every allegation set forth in paragraph 100 of the Complaint, and specifically denies any wrongdoing or infringement.

101.    TEPS denies each and every allegation set forth in paragraph 101 of the Complaint, and specifically denies any wrongdoing or infringement.

**COUNT SEVENTEEN**
**TEPS's Infringement of the '034 Patent**

102.    Answering paragraph 102 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

103.    TEPS denies each and every allegation set forth in paragraph 103 of the Complaint, and specifically denies any wrongdoing or infringement.

104.    TEPS denies each and every allegation set forth in paragraph 104 of the Complaint, and specifically denies any wrongdoing or infringement.

105.    TEPS denies each and every allegation set forth in paragraph 105 of the Complaint, and specifically denies any wrongdoing or infringement.

106.    TEPS denies each and every allegation set forth in paragraph 106 of the Complaint, and specifically denies any wrongdoing or infringement.

## **WILLFUL INFRINGEMENT BY DEFENDANTS**

107.    TEPS denies any wrongdoing or infringement.  Specifically, TEPS denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.  To the extent the remaining allegations of paragraph 107 are directed at TEPS, they are denied.  To the extent the allegations of paragraph 107 are directed to other entities, TEPS is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

## II.    RESPONSE TO REQUEST FOR RELIEF

108.    TEPS denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '190, '021 and '034 patents identified in SynQor's Complaint.  TEPS also denies that SynQor is entitled to any of the relief requested against TEPS, including injunctive relief, actual damages, enhanced damages, attorneys' fees, costs, interest, or any other relief of any kind.

## III.    AFFIRMATIVE DEFENSES

Subject to the responses above, TEPS alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to the responses above, TEPS specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

109.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '190 patent.

110.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '021 patent.

111.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '034 patent.

112.    The claims of the '190 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

113.    The claims of the '021 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

114.    The claims of the '034 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

115.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of prosecution history estoppel.

116.    SynQor's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

117.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of equitable estoppel.

118.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of promissory estoppel.

119.    SynQor's claims for relief, in whole or in part, are barred by express or implied license.

120.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of unclean hands.

121.    SynQor cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

122.    SynQor's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

## IV.    COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff TEPS alleges the following counterclaims against Plaintiff and Counterclaim-Defendant SynQor:

123.    This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.*  TEPS requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '190, '021 and '034 patents, and (2) the '190, '021 and '034 patents are invalid.

## THE PARTIES

124.    TEPS is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.  On December 28, 2007, TEPS was acquired from Tyco Electronics, Ltd. by Lineage Holdings, Inc., an investment vehicle formed for that purpose by a private equity fund managed by The Gores Group, LLC.

125.    On information and belief, SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## JURISDICTION AND VENUE

126.    Subject to TEPS's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and venue for these Counterclaims is proper in this district.

127.    To the extent that this action remains in this district, venue is appropriate because SynQor has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted.

128.    SynQor has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM ONE
### Declaratory Judgment Regarding the '190 Patent

129.    TEPS repeats and re-alleges the allegations of the preceding paragraphs 93-97, 109, 112 and 123-128 above as if fully set forth herein.

130.    SynQor purports to be the sole holder of the entire right, title and interest in the '190 patent.

131.    SynQor has sued TEPS in the present action, alleging infringement of the '190

patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and TEPS with respect to the alleged infringement and invalidity of the '190 patent.

132.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '190 patent.

133.    The claims of the '190 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

134.    TEPS requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '190 patent and/or that the claims of the '190 patent are invalid.

135.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by TEPS in connection with this baseless action by SynQor.

## COUNTERCLAIM TWO
### Declaratory Judgment Regarding the '021 Patent

136.    TEPS repeats and re-alleges the allegations of the preceding paragraphs 98-101, 110, 113 and 123-128 above as if fully set forth herein.

137.    SynQor purports to be the sole holder of the entire right, title and interest in the '021 patent.

138.    SynQor has sued TEPS in the present action, alleging infringement of the '021 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and TEPS with respect to the alleged infringement and invalidity of the '021 patent.

139.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '021 patent.

140.    The claims of the '021 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

141.    TEPS requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '021 patent and/or that the claims of the '021 patent are invalid.

142.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by TEPS in connection with this baseless action by SynQor.

**COUNTERCLAIM THREE**
**<u>Declaratory Judgment Regarding the '034 Patent</u>**

143.    TEPS repeats and re-alleges the allegations of the preceding paragraphs 102-106, 111, 114, 123-128 above as if fully set forth herein.

144.    SynQor purports to be the sole holder of the entire right, title and interest in the '034 patent.

145.    SynQor has sued TEPS in the present action, alleging infringement of the '034 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and TEPS with respect to the alleged infringement and invalidity of the '034 patent.

146.    TEPS is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '034 patent.

147.    The claims of the '034 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

148.    TEPS requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '034 patent and/or that the claims of the '034 patent are invalid.

149.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by TEPS in connection with this baseless action by SynQor.

## DEMAND FOR JURY TRIAL

150.    TEPS hereby demands a trial by jury.

## RELIEF

WHEREFORE, TEPS respectfully requests the following relief:

151.    That TEPS does not infringe any valid, enforceable claim of the '190 patent;

152.    That the claims of the '190 patent are invalid;

153.    That TEPS does not infringe any valid, enforceable claim of the '021 patent;

154.    That the claims of the '021 patent are invalid;

155.    That TEPS does not infringe any valid, enforceable claim of the '034 patent;

156.    That the claims of the '034 patent are invalid;

157.    That SynQor take nothing by its Complaint and that SynQor's Complaint be dismissed with prejudice;

158.    That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, the Court find that SynQor's conduct in commencing and pursuing this action renders this

an exceptional case and that TEPS be awarded its attorneys' fees, expenses and costs incurred in

connection with this action; and

        159.    That TEPS be granted such other and additional relief as this Court

deems just and proper.

Dated: January 2, 2008                        Respectfully submitted,

                                          */s/ Diane V. DeVasto*
                                          Michael E. Jones
                                          State Bar No. 10929400
                                          Diane V. DeVasto
                                          State Bar No. 05784100
                                          POTTER MINTON
                                          A Professional Corporation
                                          110 N. College, Suite 500 (75702)
                                          P. O. Box 359
                                          Tyler, Texas  75710
                                          (903) 597-8311
                                          (903) 593-0846 (Facsimile)
                                          mikejones@potterminton.com
                                          dianedevasto@potterminton.com

                                          **ATTORNEYS FOR DEFENDANT
TYCO ELECTRONICS POWER
SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

        I hereby certify that all counsel of record who have consented to electronic service are being

served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on

January 2, 2008. Any other counsel of record will be served by first class U.S. mail on this same

date.

                                          */s/ Diane V. DeVasto*
                                          Diane V. DeVasto