UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>                  Plaintiff,<br><br>   v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>EMERSON NETWORK POWER, INC.,<br>EMERSON ELECTRIC CO.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>POWER-ONE, INC.<br><br>                  Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

## SYNQOR'S ANSWER TO COUNTERCLAIM OF DEFENDANT LINEAGE

Plaintiff SynQor, Inc. ("SynQor") respectfully submits this Answer to the counterclaims asserted by Defendant Lineage Power Corp. ("Lineage"), f/k/a Tyco Electronics Power Systems, Inc., in its Answer, Affirmative Defenses, and Counterclaims to SynQor, Inc.'s Complaint ("Answer") (*See* Dkt. # 42).

### COUNTERCLAIMS

123.    SynQor admits that the Answer asserts counterclaims that purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the U.S. Patent Act, 35 U.S.C. § 1, *et seq.* SynQor admits that Lineage's counterclaim requests a declaration that (1) it

does not infringe any valid, enforceable claim of the '190, '021 and '034 patents ("asserted patents"), and (2) the asserted patent are invalid.  SynQor denies that Lineage is entitled to such a declaration and therefore denies the remaining allegations in paragraph 123 of the Answer.

## THE PARTIES

124.   SynQor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Answer, and therefore denies each allegation.

125.   SynQor admits the allegations in paragraph 125 of the Answer.

## JURISDICTION AND VENUE

126.   SynQor admits the allegations in paragraph 126 of the Answer.

127.   SynQor admits the allegations in paragraph 127 of the Answer.

128.   SynQor admits the allegations in paragraph 128 of the Answer.

## COUNTERCLAIM ONE
### Declaratory Judgment Regarding the '190 Patent

129.   SynQor admits that Lineage claims in paragraph 129 of the Answer that it repeats and re-alleges paragraphs 93-97, 109, 112 and 123-128 of its Answer as if set fully therein. SynQor denies the remaining allegations in paragraph 129 of the Answer.

130.   SynQor admits the allegations in paragraph 130 of the Answer.

131.   SynQor admits the allegations in paragraph 131 of the Answer.

132.   SynQor denies the allegations in paragraph 132 of the Answer.

133.   SynQor denies the allegations in paragraph 133 of the Answer.

134.   SynQor admits that in paragraph 134 of the Answer Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '190 patent and/or that the claims of the '190 patent are invalid.  SynQor

denies that Lineage is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 134 of the Answer.

135. SynQor denies the allegations in paragraph 135 of the Answer.

## COUNTERCLAIM TWO
## Declaratory Judgment Regarding the '021 Patent

136. SynQor admits that Lineage claims in paragraph 136 of the Answer that it repeats and re-alleges paragraphs 98-101, 110, 113 and 123-128 of its Answer as if set fully therein. SynQor denies the remaining allegations in paragraph 136 of the Answer.

137. SynQor admits the allegations in paragraph 137 of the Answer.

138. SynQor admits the allegations in paragraph 138 of the Answer.

139. SynQor denies the allegations in paragraph 139 of the Answer.

140. SynQor denies the allegations in paragraph 140 of the Answer.

141. SynQor admits that in paragraph 141 of the Answer Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '021 patent and/or that the claims of the '021 patent are invalid. SynQor denies that Lineage is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 141 of the Answer.

142. SynQor denies the allegations in paragraph 142 of the Answer.

## COUNTERCLAIM THREE
### Declaratory Judgment Regarding the '034 Patent

143. SynQor admits that Lineage claims in paragraph 143 of the Answer that it repeats and re-alleges paragraphs 102-106, 111, 114, 123-128 of its Answer as if set fully therein. SynQor denies the remaining allegations in paragraph 143 of the Answer.

144. SynQor admits the allegations in paragraph 144 of the Answer.

145. SynQor admits the allegations in paragraph 145 of the Answer.

146. SynQor denies the allegations in paragraph 146 of the Answer.

147. SynQor denies the allegations in paragraph 147 of the Answer.

148. SynQor admits that in paragraph 148 of the Answer Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '034 patent and/or that the claims of the '034 patent are invalid. SynQor denies that Lineage is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 148 of the Answer.

149. SynQor denies the allegations in paragraph 149 of the Answer.

## DEMAND FOR JURY TRIAL

150. SynQor admits that in paragraph 150 of the Answer Lineage demands a trial by jury, and SynQor demands the same.

## RELIEF

151. SynQor denies the allegations in paragraph 151 and denies that Lineage is entitled to relief.

152. SynQor denies the allegations in paragraph 152 and denies that Lineage is entitled to relief.

153. SynQor denies the allegations in paragraph 153 and denies that Lineage is entitled to relief.

154. SynQor denies the allegations in paragraph 154 and denies that Lineage is entitled to relief.

155. SynQor denies the allegations in paragraph 155 and denies that Lineage is entitled to relief.

156. SynQor denies the allegations in paragraph 156 and denies that Lineage is entitled to relief.

157. SynQor denies the allegations in paragraph 157 and denies that Lineage is entitled to relief.

158. SynQor denies the allegations in paragraph 158 and denies that Lineage is entitled to relief.

159. SynQor denies the allegations in paragraph 159 and denies that Lineage is entitled to relief.

| | |
|---|---|
| Dated:   January 15, 2008 | */s/ Thomas D. Rein* |
| | **Thomas D. Rein** (*admitted pro hac vice*) |
| | Lead Attorney |
| | trein@sidley.com |
| | **Russell E. Cass** (*admitted pro hac vice*) |
| | rcass@sidley.com |
| | **April D. Lambert** (*admitted pro hac vice*) |
| | alambert@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, IL   60603 |
| | Telephone:   312.853.7000 |
| | Facsimile:   312.853.7036 |
| | |
| | **V. Bryan Medlock, Jr.** |
| | Texas State Bar No. 13897000 |
| | bmedlock@sidley.com |
| | **Michael D. Hatcher** |
| | Texas State Bar No. 24027067 |
| | mhatcher@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 717 North Harwood, Suite 3400 |
| | Dallas, TX   75201 |
| | Telephone:   214.981.3300 |
| | Facsimile:   214.981.3400 |
| | |
| | *ATTORNEYS FOR PLAINTIFF SYNQOR, INC.* |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 15, 2008.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ April D. Lambert*
April D. Lambert