# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC, <br>     Plaintiff, <br><br> v. <br><br> ARTESYN TECHNOLOGIES, INC., ASTEC AMERICA, INC., EMERSON NETWORK POWER, INC., EMERSON ELECTRIC CO., BEL FUSE INC., CHEROKEE INTERNATIONAL CORP., DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., POWER-ONE, INC., TYCO ELECTRONICS CORP., TYCO ELECTRONICS LTD., <br>     Defendants. | Case No. 2:07-CV-497 TJW <br><br> **JURY TRIAL DEMANED** |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS BY DEFENDANT CHEROKEE INTERNATIONAL CORP.

Defendant Cherokee International Corp. ("Cherokee"), by the undersigned attorneys, hereby responds to the allegations and averments in Plaintiff SynQor, Inc.'s ("SynQor") Complaint filed on November 13, 2007 ("Complaint") as follows:

### THE PARTIES

1. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7. Cherokee admits that it is a Delaware corporation with its principal place of business at 2841 Dow Avenue, Tustin, California 92780; and that Cherokee sells products, such as bus converters, by means of various sales channels throughout the United States and denies the remaining allegations of Paragraph 7.

8. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

15. Cherokee admits that this Court has subject matter jurisdiction over civil matters relating to patents under 28 U.S.C. §§ 1331 and 1338(a), and that the Complaint purports to allege patent infringement. Cherokee denies any allegation of patent infringement.

16. Cherokee admits that it sells products by means of various sales channels throughout the United States and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Cherokee admits that it sells products by means of various sales channels throughout the United States. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint with regard to the other Defendants and therefore denies the same.

18. Cherokee denies the allegations in Paragraph 18 of the Complaint. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint with regard to the other Defendants.

19. Cherokee denies the allegations in Paragraph 19 of the Complaint. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint with regard to the other Defendants.

## GENERAL ALLEGATIONS

20. Cherokee admits that U.S. Patent No. 7,072,190 ("the '190 Patent"), attached as Exhibit A to the Complaint, is entitled "High Efficiency Power Converter" and appears to have been issued on July, 4, 2006. Cherokee denies that the '190 Patent was duly issued. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 20 of the Complaint, and therefore denies the same.

21. Cherokee admits that U.S. Patent No. 7,272,021 ("the '021 Patent"), attached as Exhibit B to the Complaint, is entitled "Power Converter with Isolated and Regulated Stages" and appears to have been issued on September 18, 2007. Cherokee denies that the '021 Patent was duly issued. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 21 of the Complaint, and therefore denies the same.

22. Cherokee admits that U.S. Patent No. 7,269,034 ("the '034 patent"), attached as Exhibit C to the Complaint, is entitled "High Efficiency Power Converter" and appears to have been issued on September 11, 2007. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 22 of the Complaint, and therefore denies the same.

## COUNT ONE

### The Emerson Affiliates' Infringement of the '190 Patent

23. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

24. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies the same.

25. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies the same.

26. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies the same.

27. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore denies the same.

## COUNT TWO

### The Emerson Affiliates' Infringement of the '021 Patent

28. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

29. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and therefore denies the same.

30. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and therefore denies the same.

31. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and therefore denies the same.

32. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies the same.

## COUNT THREE

### The Emerson Affiliates' Infringement of the '034 Patent

33. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

34. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies the same.

35. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and therefore denies the same.

36. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore denies the same.

37. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore denies the same.

## COUNT FOUR

### Bel Fuse's Infringement of the '190 Patent

38. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

39. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore denies the same.

40. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and therefore denies the same.

41. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies the same.

42. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and therefore denies the same.

## COUNT FIVE

### Bel Fuse's Infringement of the '021 Patent

43. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

44. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and therefore denies the same.

45. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and therefore denies the same.

46. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies the same.

47. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies the same.

## COUNT SIX

### Cherokee's Infringement of the '190 Patent

48. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

49. Cherokee admits that it manufactures and sells bus converters but denies all other allegations of Paragraph 49 of the Complaint.

50. Cherokee denies all allegations of Paragraph 50 of the Complaint.

51. Cherokee denies all allegations of Paragraph 51 of the Complaint.

52. Cherokee denies all allegations of Paragraph 52 of the Complaint.

## COUNT SEVEN

### Cherokee's Infringement of the '021 Patent

53.	Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

54.	Cherokee admits that it manufactures and sells bus converters but denies all other allegations of Paragraph 54 of the Complaint.

55.	Cherokee denies all allegations of Paragraph 55 of the Complaint.

56.	Cherokee denies all allegations of Paragraph 56 of the Complaint.

57.	Cherokee denies all allegations of Paragraph 57 of the Complaint.

## COUNT EIGHT

### Delta's Infringement of the '190 Patent

58.	Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

59.	Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, and therefore denies the same.

60.	Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and therefore denies the same.

61.	Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and therefore denies the same.

62.	Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and therefore denies the same.

## COUNT NINE

### Delta's Infringement of the '021 Patent

63. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

64. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore denies the same.

65. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and therefore denies the same.

66. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and therefore denies the same.

67. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, and therefore denies the same.

## COUNT TEN

### Murata's Infringement of the '190 Patent

68. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

69. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, and therefore denies the same.

70. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint, and therefore denies the same.

71. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint, and therefore denies the same.

72. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint, and therefore denies the same.

## COUNT ELEVEN

### Murata's Infringement of the '021 Patent

73. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

74. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint, and therefore denies the same.

75. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint, and therefore denies the same.

76. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint, and therefore denies the same.

77. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint, and therefore denies the same.

## COUNT TWELVE

### Power-One's Infringement of the '190 Patent

78. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

79. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

80. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

81. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

82. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

## COUNT THIRTEEN

### Power-One's Infringement of the '021 Patent

83. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

84. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint, and therefore denies the same.

85. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint, and therefore denies the same.

86. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint, and therefore denies the same.

87. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint, and therefore denies the same.

## COUNT FOURTEEN

### Power-One's Infringement of the '034 Patent

88. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

89. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint, and therefore denies the same.

90. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint, and therefore denies the same.

91. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint, and therefore denies the same.

92. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint, and therefore denies the same.

## COUNT FIFTEEN

### Tyco's Infringement of the '190 Patent

93. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

94. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint, and therefore denies the same.

95. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint, and therefore denies the same.

96. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint, and therefore denies the same.

97. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint, and therefore denies the same.

## COUNT SIXTEEN

### Tyco's Infringement of the '021 Patent

98. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

99. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint, and therefore denies the same.

100. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint, and therefore denies the same.

101. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint, and therefore denies the same.

## COUNT SEVENTEEN

### Tyco's Infringement of the '034 Patent

102. Cherokee admits that each of the foregoing paragraphs is incorporated by reference.

103. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint, and therefore denies the same.

104. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint, and therefore denies the same.

105. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint, and therefore denies the same.

106. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint, and therefore denies the same.

### WILLFUL INFRINGEMENT BY DEFENDANTS

107. Cherokee denies all allegations of Paragraph 107 of the Complaint. Cherokee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint with regard to the other Defendants.

## AFFIRMATIVE DEFENSES

Cherokee alleges the following affirmative defenses:

### First Affirmative Defense: No Infringement

108. Defendant Cherokee has not infringed and does not infringe the claims of the '190 Patent.

109. Defendant Cherokee has not infringed and does not infringe the claims of the '021 Patent.

### Second Affirmative Defense: Invalidity

110. The '190 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

111. The '021 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense: Equitable Estoppel

112. The Complaint, and the cause of action asserted therein, is barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense: Laches

113. The Complaint, and the cause of action asserted therein, is barred by the doctrine of laches.

## COUNTERCLAIMS

Cherokee brings the following counterclaims against SynQor for declaratory judgment that '190 Patent is invalid and/or not infringed by Cherokee and for declaratory judgment that '021 Patent is invalid and/or not infringed.

## Parties

114. Counterclaimant Cherokee is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2841 Dow Avenue, Tustin, California 92780.

115. On information and belief, Counterdefendant SynQor is a corporation organized and existing under the laws of Delaware with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## Jurisdiction And Venue

116. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100, et *seq.* and the Declaratory Judgment Act pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over SynQor because it has availed itself of this Court by filing the Complaint.

117. This is an action based upon an actual controversy between Cherokee and SynQor concerning the invalidity and/or non-infringement of the '190 Patent, and Cherokee's right to continue to manufacture and sell its products in the United States.

118. This is also an action based upon an actual controversy between Cherokee and SynQor concerning the invalidity and/or non-infringement of the '021 Patent, and Cherokee's right to continue to manufacture and sell its products in the United States.

119. This Court has jurisdiction under 28 U.S.C. §§ 1391 and 1400, and by SynQor's choice of forum for its Complaint.

120. Cherokee manufactures and sells products by means of various sales channels throughout the United States.

121. SynQor has sued Cherokee for alleged infringement of the '190 Patent based on Cherokee's manufacturing and selling bus converter products in the United States.

122. SynQor has sued Cherokee for alleged infringement of the '021 Patent based on Cherokee's manufacturing and selling bus converter products in the United States.

123. Cherokee's bus converter products do not infringe any valid claims of the '190 Patent. The claims of the '190 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§, 102, 103 and or 112.

124. Cherokee's bus converter products do not infringe any valid claims of the '021 Patent. The claims of the '021 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§, 102, 103 and or 112.

125. In view of the foregoing, a conflict of asserted rights has arisen between Cherokee and SynQor with respect to non-infringement and/or invalidity of the relevant claims of the '190 Patent, and as to Cherokee's right to manufacture and sell its bus converter products. An actual controversy exists between Cherokee and SynQor.

126. In view of the foregoing, a conflict of asserted rights has arisen between Cherokee and SynQor with respect to non-infringement and/or invalidity of the relevant claims of the'021 patent, and as to Cherokee's right to manufacture and sell its bus converter products. An actual controversy exists between Cherokee and SynQor.

**First Counterclaim—Declaration Of Noninfringement Of The '190 Patent**

127. Each of the forgoing paragraphs 114-26 is incorporated by reference.

128. Cherokee has not directly infringed any asserted claim of the '190 Patent.

129. Cherokee has not contributorily infringed any asserted claim of the '190 Patent.

130. Cherokee has not induced another to infringe any asserted claim of the '190 Patent.

131. This Court should declare the rights of Cherokee and SynQor with respect to the '190 Patent, and should declare that Cherokee has not infringed any asserted claim of the '190 Patent directly, contributorily, or by inducement.

**Second Counterclaim—Declaration Of Invalidity Of The '190 Patent**

132. Each of the forgoing paragraphs 114-26 is incorporated by reference.

133. The '190 Patent is invalid for failure to satisfy the provisions of one or more of section 102, 103, and/or 112 of Title 35 of the United States Code.

134. This Court should declare the rights of Cherokee and SynQor with respect to the '190 Patent, and should declare the asserted claims of the '190 Patent invalid.

**Third Counterclaim—Declaration Of Noninfringement Of The '021 Patent**

135. Each of the forgoing paragraphs 114-26 is incorporated by reference.

136. Cherokee has not directly infringed any asserted claim of the '021 Patent.

137. Cherokee has not contributorily infringed any asserted claim of the '021 Patent.

138. Cherokee has not induced another to infringe any asserted claim of the '021 Patent.

139. This Court should declare the rights of Cherokee and SynQor with respect to the '021 Patent, and should declare that Cherokee has not infringed any asserted claim of the '021 Patent directly, contributorily, or by inducement.

**Fourth Counterclaim—Declaration Of Invalidity Of The '021 Patent**

140. Each of the forgoing paragraphs 114-26 is incorporated by reference.

141. The '021 Patent is invalid for failure to satisfy the provisions of one or more of section 102, 103, and/or 112 of Title 35 of the United States Code.

142. This Court should declare the rights of Cherokee and SynQor with respect to the '021 Patent, and should declare the asserted claims of the '021 Patent invalid.

## **PRAYER FOR RELIEF**

**Wherefore,** Cherokee prays that the Court deny all of the requests for relief specified by SynQor in the Complaint as they apply to Cherokee and particularly requests that the Court:

A. For an Order declaring that Cherokee does not infringe the claims of the '190 Patent;

B. For an Order declaring that Cherokee does not infringe the claims of the '021 Patent;

C. For an Order declaring that the claims of the '190 Patent are invalid;

D. For an Order declaring that the claims of the '021 Patent are invalid;

E. For an Order declaring that SynQor's claims are barred, in whole or in part, by laches and/or equitable estoppel.

F. For an Order dismissing with prejudice SynQor's Complaint for patent infringement.

G. For an Order declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding costs and attorney's fees to Cherokee;

H. That SynQor take nothing from its Complaint; and

I. For such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38(b), Defendant Cherokee demands a trial by jury of all issues raised by this Answer and Counterclaims which are triable by jury.

Respectfully Submitted

Date: January 15, 2008    By: */s/ Irfan A. Lateef*
                              Irfan A. Lateef

Irfan A. Lateef
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-8502
csummers@kmob.com
jcianfrani@kmob.com
ilateef@kmob.com

Melvin R. Wilcox, III
Bar No. 21454800
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane
P.O. Box 3343
Longview, Texas 75606
Telephone: (903) 232-1892
Facsimile: (903) 232-1881
mrw@smeadlaw.com

Attorneys for Defendant,
CHEROKEE INTERNATIONAL CORP.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this **ANSWER TO COMPLAINT AND COUNTERCLAIMS BY DEFENDANT CHEROKEE INTERNATIONAL CORP.** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 15, 2008.

*/s/ Irfan A. Lateef*
Irfan A. Lateef

4725469
010808