UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>                 Plaintiff,<br><br>   v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>                 Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

## JOINT DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties in this action, it is ORDERED AS FOLLOWS:

1.    **Disclosures.** Except as provided by paragraph 1(b), and, to the extent not already disclosed, by June 2, 2008, each party shall disclose to every other party the following information:

      (a)    the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified persons' connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation;

(h) for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties;

    1. the expert's name, address, and telephone number;

    2. the subject matter on which the expert will testify;

    3. if the witness is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by,

or prepared by or for the expert in anticipation of the expert's testimony and that have not already been produced by a party in this litigation;

    (b)    a list of all documents considered by the expert in connection with this case; and,

    (c)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local rule CV-26;

4.    for all other testifying experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information, and a list of all documents considered by the expert in connection with this case; provided that

5.    the parties shall not be entitled to discover, receive or use, and the parties or experts are not obligated to retain: (a) drafts of the testifying expert's reports, affidavits, declarations or written testimony or (b) written communications or notes of discussion regarding a draft or final expert report, affidavit, declaration or written testimony.

2.    **Protective Order.**    The court will enter the parties' Agreed Protective Order.

3.    **Additional Disclosures.**    Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

    (a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b)    by **August 22, 2008**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party

        that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas.  By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

        (c)    by **August 22, 2008**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

        (d)    by **August 22, 2008**, those documents and authorizations described in Local Rule CV-34.

4.    **Discovery Limitations.**   The discovery for the claims currently in the lawsuit as of May 14, 2008 is limited to the disclosures described in paragraphs 1 and 3 together with:

        (a)    81 interrogatories per side[1] with respect to SynQor's infringement claims (defendants agree that each related defendant group[2] shall have, at its discretion, 9 such interrogatories);

---

[1] Plaintiff is one "side," and defendants are the other "side."
[2] "Related defendant group" means as follows: (1) Artesyn Technologies, Inc.; (2) Astec America, Inc.; (3) Bel Fuse Inc.; (4) Cherokee International Corp.; (5) Delta Electronics, Inc. &

    (b)    20 interrogatories each for SynQor and Delta Electronics with respect to the patent counterclaims asserted by Delta Electronics against SynQor;

    (c)    81 requests for admission per side with respect to SynQor's infringement claims (defendants agree that each related defendant group shall have, at its discretion, 9 such requests for admission) excluding requests to authenticate documents, which shall be unlimited;

    (d)    20 requests for admission each for SynQor and Delta Electronics with respect to the patent counterclaims asserted by Delta Electronics against SynQor, excluding requests to authenticate documents, which shall be unlimited;

    (e)    depositions of corporate representatives of SynQor and of each defendant pursuant to Fed. R. Civ. P. 30(b)(6);

    (f)    defendants shall be allowed up to 14 hours of deposition (to be conducted on consecutive days) of each individual named as an inventor on any patent asserted by SynQor as part of this case as of May 14, 2008 (for their own internal purposes only, defendants agree that each related defendant group shall have, at its discretion, a proportional amount of such deposition time);

    (g)    SynQor shall be allowed up to 14 hours of deposition (to be conducted on consecutive days) of each individual named as an inventor on any patent counterclaim asserted by Delta Electronics against SynQor as part of this case as of May 14, 2008;

---

Delta Products Corp.; (6) Lineage Power Corp.; (7) Murata Electronics North America, Inc. & Murata Manufacturing Co., Ltd.; (8) Murata Power Solutions Inc.; and (9) Power-One, Inc.

(h) the parties will submit either a joint proposal or their respective proposals on the number of testifying expert witnesses and limits on expert depositions for the Court's consideration by November 6, 2009;

(i) SynQor shall have 40 hours of individual depositions of party fact witnesses (e.g., employees) per related defendant group with respect to SynQor's infringement claims;

(j) each related defendant group shall have, at its discretion, 40 hours of individual depositions of party fact witnesses (e.g., employees) of SynQor with respect to SynQor's infringement claims;

(k) SynQor and Delta Electronics each shall be allowed up to 40 hours for depositions of party fact witnesses (e.g., employees) of the other side with respect to the patent counterclaims asserted by Delta Electronics against SynQor;

(l) the parties agree that third-party depositions can be conducted without being subject to the foregoing limitations;

(m) the parties agree that any depositions taken by SynQor or Delta Electronics of party fact witnesses of non-Delta defendants with respect to the patent counterclaims asserted by Delta Electronics against SynQor shall not count toward the deposition limitations set forth above;

(n) the parties agree that any depositions taken by any defendant of any other defendant (or its party fact witnesses) shall not count toward the deposition limitations set forth above;

(o) the parties agree that the foregoing limitations do not apply to any new claims added to this case after May 14, 2008, and, to the extent that such claims are

    added, the parties agree to submit a separate discovery proposal with respect to such claims for the Court's consideration;

 (p) each deposition day will be limited to 7 hours of questioning (excluding breaks), unless otherwise indicated;

 (q) with the exception of the foregoing limitations on inventor depositions, the parties agree that, pursuant to Fed. R. Civ. P. 30(d)(1), unless otherwise stipulated or ordered by the Court, the deposition of an individual fact witness is limited to 1 day (7 hours, excluding breaks), provided that the Court may allow additional time consistent with Fed. R. Civ. P. 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination, and further provided that an individual fact witness can be subject to a one-day deposition with respect to SynQor's infringement claims and can also be subject to a separate one-day deposition with respect to the patent counterclaims asserted by Delta Electronics against SynQor;

 (r) the parties reserve the right to seek additional discovery, including additional deposition time, for good cause shown; and

 (s) the parties agree that nothing herein shall limit any party's right to raise objections to any discovery, including objections based on burdensomeness and cumulativeness.

5.  **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By **October 31, 2008,**

the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The parties agree that no document created after the filing of the litigation, nor any document created within 120 days prior to the filing of the litigation and specifically prepared in preparation for the litigation, needs to be logged.  Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no outstanding disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **January 5, 2009**.

6. **Pre-trial disclosures.** Each party shall provide to every other party the evidence that the disclosing party may present at trial as follows:

    (a) The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b) The designation of those witnesses whose testimony is expected to by presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b), and (2) any objections, together with the ground therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order, otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9 **Disputes.**

NSD\98161.1

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.  The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The party entitled to receive disclosures may thereafter file a motion to compel.

    (b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** For any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

SIGNED this 2nd day of June, 2008.

*[signature]*
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

NSD\98161.1
CH1 4279954v.1