UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>                 Plaintiff,<br><br>   v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>                 Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**Protective Order**

      It is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that:

      1.     As used in this Order, the term "Protected Materials" includes information in whatever form, which is designated confidential in the manner provided for below.

      2.     Defendants (the "Producing Party") may designate as CONFIDENTIAL – OPPOSING PARTY'S OUTSIDE ATTORNEYS' EYES ONLY documents, things, or information requested through discovery, including without limitation, deposition testimony,

answers to requests for admissions, answers to interrogatories, and documents or things tendered pursuant to requests to produce, which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive business information. Such designation may be effected by clearly marking "CONFIDENTIAL – OPPOSING PARTY'S OUTSIDE ATTORNEYS' EYES ONLY"," or similar language conspicuously on the face of the document or thing.

3. Defendants (the "Producing Party") may designate as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY documents, things, or information requested through discovery, including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things tendered pursuant to requests to produce. This designation is specifically contemplated for the limited purpose of allowing co-defendants to share (1) sales and other financial information necessary in order to defend against SynQor's alleged damages theories and (2) the Defendants' disclosures made pursuant to P.R. 3-4. Such designation may be effected by clearly marking words such as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL," or similar language conspicuously on the face of the document or thing.

4. Plaintiff and any other party to this action or any nonparty from whom discovery is sought (the "Producing Party") may designate as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY documents, things, or information requested through discovery, including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things tendered pursuant to requests to produce which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive business information. Such designation may be

effected by clearly marking words such as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL," or similar language conspicuously on the face of the document or thing.

     5.     Any such material designated as Protected Materials shall be subject to the provisions of this Protective Order. No party or nonparty shall designate material as Protected Materials unless counsel for the Producing Party or nonparty believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

     6.     Whenever a party or nonparty herein represents that documents, things, or information are Protected Materials, such designation must be stamped or marked prior to its release to the Receiving Party in which case the information shall be subject to the provisions of ¶ 7 and 8 herein.

     7.     Except as otherwise specifically provided herein, access to Protected Materials that are designated CONFIDENTIAL – OPPOSING PARTY'S OUTSIDE ATTORNEYS' EYES ONLY, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order. As used throughout this order, the term "outside counsel" means all attorneys of record for a party, as well as the attorneys' associates, paralegals, administrative assistants, clerical employees, and other support staff.

     (a) Outside counsel for the Plaintiff, subject to the provisions of ¶ 9 below;

     (b) Plaintiff's outside consultants or experts who are retained for the purposes of this litigation, subject to the provisions of ¶ 10 below;

     (c) Witnesses or deponents who are current employees of the Producing Party, who are a 30(b)(6) designee of the Producing Party, or who are indicated on the face of the document to be its originator, author, or recipient of a copy of said document;

(d) The Court, court employees, court reporters, stenographic reporters, videographers, and court personnel;

(e) Trial consulting services including mock jurors, provided that any person to whom Confidential information shall be disclosed under this subparagraph has read and assented to be bound to this Protective Order;

(f) Photocopy, document imaging, graphics, translation, design, and database services and consultants retained by a party or its counsel to set up, maintain, and/or operate computer systems, litigation databases, or to convert data for inclusion in such databases;

(g) Any other person to whom Plaintiff and Defendants may agree in writing or whom the Court may direct shall have access.]

except as otherwise provided in ¶ 11.

8. Except as otherwise specifically provided herein, access to Protected Materials that are designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order. As used throughout this order, the term "outside counsel" means all attorneys of record for a party, as well as the attorneys' associates, paralegals, administrative assistants, clerical employees, and other support staff.

(a) Outside counsel for the parties, subject to the provisions of ¶ 9 below;

(b) All parties' outside consultants or experts who are retained for the purposes of this litigation, subject to the provisions of ¶ 10 below;

(c) Witnesses or deponents who are current employees of the Producing Party, who are a 30(b)(6) designee of the Producing Party, or who are indicated on the face of the document to be its originator, author, or recipient of a copy of said document;

(d) The Court, court employees, court reporters, stenographic reporters, videographers, and court personnel;

(e) Trial consulting services including mock jurors, provided that any person to whom Confidential information shall be disclosed under this subparagraph has read and assented to be bound to this Protective Order;

    (f) Photocopy, document imaging, graphics, translation, design, and database services and consultants retained by a party or its counsel to set up, maintain, and/or operate computer systems, litigation databases, or to convert data for inclusion in such databases;

    (h) Any other person to whom Plaintiff and Defendants may agree in writing or whom the Court may direct shall have access.]

9.    No documents designated as Protected Materials, or any confidential information derived therefrom, may be used in the drafting or prosecution of any patent application for any party to this lawsuit relating to DC-to-DC power converters. No person directly involved in the prosecution of patents reasonably related to DC-to-DC power converters shall receive documents designated Protected Materials.

   Exception: A party wishing to disclose non-technical documents or information designated as Protected Materials to an attorney subject to this prosecution bar may identify the documents by Bates number and request permission from the Producing Party to disclose the materials. Such permission shall not be unreasonably withheld. If the Producing Party objects, it must provide a justification in writing within five (5) business days as to why a prosecuting attorney should not be given access to the materials. If the written objection does not resolve the issue, the requesting party may file a motion for disclosure. The burden shall be on the Producing Party to justify non-disclosure.

10.    The outside consultants or experts described above shall have access to the Protected Materials in accordance with the following procedures:

    (a) Outside counsel for the party retaining a consultant or expert shall obtain from each consultant or expert an agreement to be bound by the terms of this Protective Order by execution of the attached Exhibit 1 titled "Acknowledgement to Be Bound by Protective Order." A copy of the executed acknowledgment shall be retained by the counsel for the party retaining such consultant or expert.

    (b) For each consultant or expert (whether testifying or non-testifying) who is proposed to have access to Protected Materials, counsel who retained the expert

    shall forward a curriculum vitae of the expert or consultant to counsel for the other parties at least seven (7) calendar days prior to the proposed disclosure of Protected Materials. Any party may object to the proposed disclosure to t he expert or consultant for good cause within seven (7) calendar days after receipt of the notification. In the event an objection is made, counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert or consultant. If agreement cannot be reached, the objecting party shall file an appropriate motion within seven (7) calendar days after the objection is made. The burden shall be on the objecting party to show the Court why the disclosure should not be made. If the objection was followed by a timely motion, the parties shall obtain guidance from the Court before proceeding with the disclosure;

  (c) Persons receiving Protected Materials are prohibited from using those materials or disclosing those materials to any person except in compliance with this Protective Order.

  (d) The recipient of any Protected Materials hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11.    Notwithstanding the provisions of ¶ 7, Plaintiff and Defendants shall provide a copy of all expert reports, including exhibits, to outside counsel for all parties on the date set by the Court for exchange of expert reports. These reports may be reviewed by the parties' outside counsel, subject to the provisions of ¶ 9 above, as well as the parties' outside consultants or experts who are retained for the purposes of this litigation, subject to the provisions of ¶ 10 above, as well as by other persons entitled hereunder to have access to such Protected Materials.

12.    If documents or other materials containing or embodying Protected Materials are to be filed with the Court, the filing party shall make such filing under seal pursuant to Local Rule CV-5.

13.    Nothing contained herein shall be construed to prejudice any party's right to use any Protected Materials in the taking of testimony at any deposition or hearing provided that Protected Materials designated under ¶ 2, 3, or 4 may be disclosed to any

deponent or witness (i) who is indicated on the face of the document to be its originator, author, or recipient of a copy of said document or (ii) to other persons entitled hereunder to have access to such Protected Materials.

14. With respect to the deposition of any person taken in connection with the discovery in this matter, a claim that any portion of the deposition discloses Protected Materials may be asserted during the deposition and entered in the transcript at that time. Additionally, parties may, within thirty (30) days after receipt of a deposition or hearing transcript, designate in writing to all parties any pages containing Protected Materials under ¶ 2, 3, or 4 of this Protective Order. Access to the portion of any deposition or hearing transcript so designated shall be limited in accordance with the terms of this Protective Order. Until expiration of the 30 day period, the entire deposition or hearing transcript shall be treated as Protected Materials under ¶ 8 of this Protective Order.

15. Every person, firm, or organization receiving Protected Materials pursuant to this Protective Order shall use the same solely for purposes of this litigation, and shall not use the same for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information that is known or becomes known through means or sources outside of this litigation.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of Protected Materials.

17. Each party reserves the right to dispute the designation of Protected Materials by any other party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the

Court. Any party believing that any information, documents, or things have been inappropriately designated by another party as Protected Materials shall inform counsel for the party making the designation, in writing. If the parties are unable to resolve the matter informally within ten (10) days of such writing, the party objecting to the designation may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, information, or materials are not properly designated as Protected Materials pursuant hereto, the same shall continue to be treated in accordance with the terms of this Protective Order.

18. If a Producing Party realizes it has inadvertently produced a document or other information it considers to be Protected Materials without marking it as provided in ¶ 2, 3, or 4, the Producing Party shall have thirty (30) days after such production to so stamp or otherwise designate the document or other information before re-producing the document or other information to the Receiving Party. Thereafter, if the Producing Party discovers that a document or information was not properly designated, the Producing Party shall inform the Receiving Party within thirty (30) days of the discovery, and the Receiving Party shall make reasonable effort to mark the document or information in the manner requested by the Producing Party and thereafter treat the document or information in accordance with such marking.

19. If a Producing Party realizes it has inadvertently produced a document it considers to be privileged or otherwise protected from discovery, it may contact the Receiving Party and notify it of the inadvertent production, and the production of the document shall not constitute a waiver or impairment of any claim of privilege relating to the document. To notify the Receiving Party, the Producing Party must:

      (a) notify the Receiving Party in writing of the delivery of inadvertently produced documents;

      (b) identify the produced documents:

            (1) by Bates stamp number designations; or

            (2) by the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed.

      (c) identify the complete basis on which the claim of privilege is asserted.

20. Upon receipt of the written notice required in ¶ 19 above, the Receiving Party will have ten (10) days within which it shall return, sequester or destroy the specified information and any copies of it and may not use or disclose the information until the claim is resolved. The Receiving Party may promptly present the information to the Court under seal for a determination of the claim. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

21. Within sixty (60) days after conclusion of this action by final, non-appealed, decision or by settlement, all documents, information, and material designated or treated as Protected Materials pursuant to this Protective Order shall promptly be returned to the party producing the Protected Materials, their counsel, or their designees, or such Protected Materials shall be destroyed, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and one copy of all discovery responses and documents constituting work product that were internally generated based upon or which

include Protected Materials. In the event that outside counsel maintains such documents, it shall not disclose Protected Materials to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall promptly provide written notice to outside counsel for the Producing Party of the subpoena so that the latter may protect its interests. If Protected Materials are destroyed, the Receiving Party shall provide appropriate certification to the Producing Party regarding such destruction within sixty (60) days of conclusion of this action.

22.  Nothing herein shall prevent any party or third party, on notice to all parties, from applying to the Court for modification of this Order.

23.  This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

SIGNED this 19th day of June, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

11

# EXHIBIT 1

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am to receive information and/or documents designated as confidential pursuant to the terms and conditions of the Stipulated Protective Order in Civil Action No. 2:07-CV-497 titled <u>SynQor, Inc. v. Artesyn Technologies, Inc., et al.</u>, pending in the United States District Court for the Eastern District of Texas.  I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

I further agree that any information or document designated as confidential pursuant to that Protective Order and which is delivered to me shall be treated as confidential, will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms and conditions of that Protective Order.  I further understand and agree that any summaries or other documents containing information obtained from confidential documents or information furnished to me shall also be treated by me as confidential.  I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of that Protective Order.  I also agree to dispose of all such confidential documents and information and all summaries or other documents containing information therefrom in such manner as I may be instructed after completing my services.  I acknowledge that the return or subsequent destruction of such documents and information shall not relieve me from any of the obligations imposed on me by the Protective Order.

I hereby subject myself to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.  I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Protective Order.

Date: _____

Signature: _____
Name: _____
Occupation: _____
Business Address: _____
_____
Telephone: _____