# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC. | |
| Plaintiff, | Civil Action No. 2:07-CV-497-TJW-CE |
| v. | **JURY TRIAL DEMANDED** |
| ARTESYN TECHNOLOGIES, INC., ASTEC AMERICA, INC., BEL FUSE INC., CHEROKEE INTERNATIONAL CORP., DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., LINEAGE POWER CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS INC. POWER-ONE, INC. | |
| Defendants. | |

## MOTION FOR LEAVE TO AMEND SYNQOR'S FIRST AMENDED COMPLAINT

Plaintiff SynQor, Inc. ("SynQor") respectfully moves the Court for leave to amend its First Amended Complaint, Dkt No. 074, to assert U.S. Patent No. 7,558,083 ("the '083 patent"), issued today, July 7, 2009.  Defendants Artesyn Technologies, Inc. ("Artesyn") and Astec America, Inc. ("Astec") indicated that they would  not oppose this motion so long as they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded (requests that SynQor is willing to accommodate).  The remaining Defendants, however,  oppose this motion unconditionally.

# I.    FACTUAL BACKGROUND

SynQor currently asserts U.S. Pat. Nos. 7,072,190, ("the '190 patent"), 7,272,021 ("the '021 patent") and 7,269,034 ("the '034 patent") (collectively "the originally-asserted patents"). These patents relate to, among other things, bus converters used in intermediate bus architecture power supply systems.

Through this motion, SynQor seeks leave to amend its First Amended Complaint to assert infringement by the Defendants of an additional related patent – the '083 patent.[1]  The '083 patent is a continuation of the application that issued as the '190 patent, one of the three originally-asserted patents.  The '083 patent has the precise <u>same</u> specification, title, and inventorship as the '190 patent.  The other two originally-asserted patents are also related to the '190 patent – they claim priority to its application, as well as to the original (earliest) provisional application to which the '190 patent claims priority.

SynQor is asserting the '083 patent against the same unregulated bus converters that are accused of infringing the '190 patent and the '021 patent.  Hence, adding the '083 patent to this case will not lead to the addition of any new accused products.

The deadline to amend pleadings, other than to assert new patents, is November 2, 2009. *See* Dkt No. 128, at pp. 3-4.  While written discovery has been and is ongoing, no deposition of any party witness has yet been taken.  The date for jury selection in this case is not until December 6, 2010, and the claim construction hearing is not until July 7, 2010—one full year away.  *Id*., at pp. 1 & 3.  Thus, no adjustments in the claim construction hearing or trial dates would be required by the addition of the '083 patent.  Defendants Astec and Artesyn have

---

[1]    There is only one other currently allowed application related to the originally-asserted patents, Appl'n Ser. No. 11/901,263.  The United States Patent & Trademark Office mailed an Issue Notification to SynQor on July 1, 2009, indicating that Appl'n Ser. No. 11/901,263 is tentatively scheduled to issue as U.S. Patent No. 7,564,702 ("the '702 patent") on July 21, 2009.  If the '702 patent issues as tentatively scheduled, SynQor will seek to add the '702 patent to the present litigation as well.

already indicated that they would not seek a change in the claim construction hearing or trial dates as a result of the proposed addition of the '083 patent.  See attached Exhibit E.

SynQor advised the Defendants of the pending issuance of the '083 patent on June 24, 2009, almost two weeks before the patent issued and the same day that SynQor received notification from the Patent Office of the pending issuance of the patent today, July 7, 2009.  *See* attached Exhibit A, Issue Notification for Appl'n Ser. No. 11/900,207; and attached Exhibit B Letter to Defendants dated June 24, 2009.  On July 7, 2009, the very day the '083 patent issued, SynQor forwarded infringement contentions for the '083 patent to each Defendant in accordance with Local Patent Rule 3-1.

SynQor also asked the Defendants on June 24, 2009, if they would oppose this motion, *see* attached Exhibit B, and all Defendants, except Astec and Artesyn, indicated that they would. *See* attached Exhibit C.  Astec and Artesyn indicated during their final meet and confer conference that they would not oppose this motion if they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded.  See attached Exhibit E. No firm agreement was reached because SynQor's motion is opposed by the other Defendants, but SynQor will continue to work with Astec, Artesyn, and the rest of the Defendants to discuss any extension of the disclosure dates and discovery limitations that the Defendants feel they need.

## II.    LEGAL STANDARD FOR LEAVE TO AMEND

Fed. R. Civ. P. 15(a) governs amendments to pleadings.  Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La.*

v. *Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).  Absent a "substantial reason," a court should not exercise its discretion to deny a party leave to amend.  *Id.*; *see also* Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996).  "In exercising its discretion a court may consider undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendments."  *Rolf*, 77 F.3d at 828.  In the absence of any of these reasons, "leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts commonly grant leave to amend complaints to add related patents, particularly at an early stage in the litigation.  *See, e.g.*, *Sandisk Corp. v. STMicroelectronics, Inc.*, 2009 WL 1404689 (N.D. Cal. May 19, 2009) (granting leave to add related patents that were "very similar to the [] patents-in-suit" and asserted against "essentially the same [] products" even though suit could have been filed when patents issued more than a year previous); *Osteotech, Inc. v. Regeneration Techs.*, 2008 WL 2036795 at *2 (D.N.J. May 9, 2008) (granting leave to amend complaint to add a claim for infringement of related patent);  *see also SAP Aktiengesellschaft v. i2 Technologies*, Inc., 250 F.R.D. 472, 475 (N.D. Cal. 2008) (granting leave to amend complaint to add a claim for infringement of an unrelated patent with different inventorship); *Berger v. Ohio Table Pad Co.*, 539 F.Supp.2d 1069, 1091-92 (N.D. Ind. 2008) (granting leave to amend complaint to assert interference of new patent even though new patent issued more than a year previous); *Sky Techs. LLC v. SAP AG et al.*, 2:06-CV-440, Dkt. No. 43 (Folsom, J.) (granting leave to add a new patent less than five months before claim construction hearing); and *Mediostream, Inc. v. Acer America Corp. et al.*, 2:07-CV-376, Dkt. No. 30 (Everingham, J.).

### III.   SYNQOR SHOULD BE GRANTED LEAVE TO AMEND

None of the considerations recognized by the Fifth Circuit weigh against granting SynQor's motion to amend.  SynQor has brought this motion to amend on the day the '083 patent issued, the earliest day SynQor could seek to add the '083 patent, or otherwise assert it. Accordingly, there has been no undue delay.  Nor has SynQor exhibited bad faith or a dilatory motive in seeking to add the '083 patent.  Quite the contrary, SynQor notified the Defendants about the '083 patent as soon as it received Issue Notification by the Patent Office, and provided infringement contentions on July 7, 2009, the very day the '083 patent issued, in order to avoid any possible delay that could be caused by the addition of the '083 patent.

At this stage in the case, the addition of the '083 patent can cause no real prejudice to the Defendants.  The '083 patent is asserted against the same unregulated bus converters that are already at issue in this case and therefore all relevant documents should have already been produced.  No depositions of party witnesses have been taken yet, and so the addition of the '083 patent will not require duplication of any deposition.  Although Defendants will need to prepare a new set of invalidity contentions, given the close relationship between the claims of the '083 patent and the claims of the '190 patent, all or virtually all prior art should already have been produced.  SynQor is willing to work with Defendants to set a reasonable agreed date for Defendants' invalidity contentions on the '083 patent, and already reached out to Defendants to try to set such a date. *See* attached Exhibits D and E.  In any case, the Court's claim construction hearing is a full year away and the trial is set for almost a year-and-a-half from now.  Defendants should thus have ample time to prepare their case even with the addition of the '083 patent.

Even if the Defendants could identify some risk of prejudice (and they cannot), considerations of judicial economy weigh heavily in favor of adding the '083 patent to the

present litigation.  As noted above, the '083 patent has the same specification, title, and

inventorship as the '190 patent already asserted in this case, and the '083 patent is asserted

against the same unregulated bus converters that are at issue in this case.  There is therefore a

substantial overlap in terms of document production, fact witnesses, expert witnesses, prior art

and the relevant technology.  Moreover, the claims of the '083 patent and the '190 patent have

many common terms, and it would be a waste of resources to conduct multiple claim

construction hearings on common and related issues.  So too would it be wasteful to conduct two

trials on common and overlapping issues, while also creating a risk of inconsistent judgments.

For all these reasons, the '083 patent should be added to the present litigation – indeed,

there is no other way to secure the just, speedy, and inexpensive determination of SynQor's

patent rights.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, leave should be granted to add the '083 patent to the

present case.

Dated:    July 7, 2009                              */s/ Thomas D. Rein*

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL   60603
Telephone:     312.853.7000
Facsimile:     312.853.7036


**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:     214.981.3300
Facsimile:     214.981.3400


ATTORNEYS FOR PLAINTIFF SYNQOR, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred with respect to this motion as required by Local Rule CV-7(h) but were unable to reach agreement.  Counsel for SynQor in each teleconference described below were Tom Rein, lead counsel for SynQor, and David DeZern, one of SynQor's local counsel.  These final meet and confer conferences were conducted after the parties had already exchanged correspondence on this issue.  *See* attached Exhibits B, C, & D.

Counsel for SynQor and counsel for Defendants Artesyn, Astec, Cherokee, and Lineage discussed this motion by teleconference at 11:30 A.M. Central Time on July 6, 2009.  Artesyn and Astec were represented by Bob McAughan, Jeff Andrews, and Jennifer Ainsworth.  Cherokee and Lineage were represented by Mark Flagel and Dale Chang.  Artesyn and Astec indicated that they would not oppose this motion if they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded.  No firm agreement was reached, however, because SynQor's motion is opposed by the other Defendants.  Also, in light of SynQor's indication that it will seek to add the '702 patent to the case (see fn. 1 above), Artesyn and Astec indicated that it would be best to discuss any extension of the disclosure dates and the discovery limitations after they had a chance to study the claims of the '702 Patent in more detail.  During the same call, Cherokee and Lineage confirmed the position they took in their earlier correspondence – that they would oppose this motion.

Counsel for SynQor and counsel for Defendant Bel Fuse discussed this motion by teleconference at 2:00 P.M. Central Time on July 6, 2009.  Bel Fuse was represented by Steve Williams.  Bel Fuse confirmed that it would oppose this motion, as it had indicated in prior correspondence.

Counsel for SynQor and counsel for Defendants Delta, Murata, and Power-One discussed this motion by teleconference at 4:50 P.M. Central Time on July 6, 2009.  Defendants Delta, Murata, and Power-One were represented by Alan Smith, Whitney Fellberg, and Glenn Thames.  Defendants Delta, Murata, and Power-One confirmed the position they had taken in earlier correspondence – that they would oppose SynQor's motion for leave to add the '083 patent to the present case.

Because SynQor seeks to add the '083 patent without delay on the day it issues, the discussions with the Defendants have conclusively ended in an impasse, leaving an open issue for the court to resolve.  Therefore, this motion is opposed.

 */s/ David T. DeZern*
David T. DeZern

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 7, 2009.

_/s/ David T. DeZern_____
David T. DeZern