## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>                    Plaintiff,<br><br>    v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA,<br>INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.,<br>POWER-ONE, INC.<br><br>                    Defendants. | Civil Action No. 2:07cv497<br><br>**JURY TRIAL DEMANDED** |

## SYNQOR'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SynQor, Inc. ("SynQor") for its complaint against defendants Artesyn

Technologies, Inc. ("Artesyn"), Astec America, Inc. ("Astec") (collectively, "the Emerson

affiliates"); Bel Fuse Inc. ("Bel Fuse"); Cherokee International Corp. ("Cherokee"); Delta

Electronics, Inc. ("Delta Electronics") and Delta Products Corp. ("Delta Products") (collectively,

"Delta"); Lineage Power Corp. ("Lineage"); Murata Electronics North America, Inc. ("Murata

Electronics"), Murata Manufacturing Co., Ltd. ("Murata Manufacturing") and Murata Power

Solutions, Inc. ("MPS") (collectively, "Murata"); and Power-One, Inc. ("Power-One") alleges the

following:

## THE PARTIES

1.      Plaintiff SynQor is a Delaware corporation having a principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.  SynQor is a leader in the design, development, manufacture and sale of innovative DC/DC power converters and AC/DC power conversion solutions to the communications, computing, industrial, medical and military markets.

2.      Defendant Artesyn is a Florida corporation with its principal place of business at 5810 Van Allen Way, Carlsbad, California 92008.  Defendant Artesyn is a direct or indirect subsidiary of Emerson Electric Co.

3.      Defendant Astec is a Delaware corporation with its principal place of business at 5810 Van Allen Way, Carlsbad, California 92008.  Defendant Astec is also a direct or indirect subsidiary of Emerson Electric Co.  Defendant Artesyn and defendant Astec shall be collectively referred to herein as the Emerson affiliates.  Defendants Emerson affiliates make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and semi-regulated bus converters and/or non-isolated point of load converters ("POLs") used in intermediate bus architecture power supply systems.

4.      Defendant Bel Fuse is a New Jersey corporation with its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey 07302.  Defendant Bel Fuse makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

5.     Defendant Cherokee is a Delaware corporation with its principal place of business at 2841 Dow Avenue, Tustin, California 92780.  Defendant Cherokee makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

6.     Defendant Delta Electronics is a Taiwan corporation with its principal place of business at 186 Ruey Kuang Road, Neihu, Taipei 11491, Taiwan, R.O.C.  Defendant Delta Electronics is the parent company of Defendant Delta Products.

7.     Defendant Delta Products is a California corporation with its principal place of business at 4405 Cushing Parkway, Fremont, California 94538.  Defendant Delta Electronics and/or its affiliate Delta Products make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

8.     Defendant Murata Electronics is a Texas corporation with its principal place of business at 2200 Lake Park Drive SE, Smyrna, Georgia 30080.  Defendant Murata Electronics is the direct or indirect subsidiary or affiliate of Defendant Murata Manufacturing.

9.     Defendant Murata Manufacturing is a Japan corporation with its principal place of business at 10-1. Higashikotari 1-chome, Nagaokakyo-shi, Kyoto 617-8555.

10.    Defendant MPS is a Delaware corporation with its principal place of business at 11 Cabot Boulevard, Mansfield, Massachusetts 02048.  Defendant MPS and/or its affiliates Murata Electronics and Murata Manufacturing make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but

not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

11.     Defendant Power-One is a Delaware corporation with its principal place of business at 740 Calle Plano, Camarillo, California 93012.  Defendant Power-One makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

12.     Defendant Lineage is a Nevada corporation with its principal place of business at 3000 Skyline Drive, Mesquite, TX 75149.  Defendant Lineage makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

14.     Defendants are conducting business on a systematic and continuous basis within the United States, including the state of Texas and this judicial district.

15.     Defendants make, import, use, offer to sell, and/or sell within the United States, including the state of Texas and this judicial district, products, including, but not limited to, unregulated and/or semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems which infringe the patents at issue in this action.  These products are targeted to customers, such as computer and telecommunications equipment

manufacturers, that sell and ship products all over the world, including this District.  Defendants reasonably expect that these products will be sold into this District through the manufacturers they target for the products.

16.     Defendants are subject to personal jurisdiction in this judicial district because they have established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice and have committed acts of infringement in this judicial district.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## GENERAL ALLEGATIONS

18.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,072,190 ("the '190 patent"), entitled "High Efficiency Power Converter."  The '190 patent was duly and legally issued on July 4, 2006, by the United States Patent and Trademark Office. A true and correct copy of the '190 patent is attached hereto as Exhibit A.

19.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,272,021 ("the '021 patent"), entitled "Power Converter with Isolated and Regulated Stages."  The '021 patent was duly and legally issued on September 18, 2007, by the United States Patent and Trademark Office.  A true and correct copy of the '021 patent is attached hereto as Exhibit B.

20.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,269,034 ("the '034 patent"), entitled "High Efficiency Power Converter."  The '034 patent

was duly and legally issued on September 11, 2007, by the United States Patent and Trademark

Office.  A true and correct copy of the '034 patent is attached hereto as Exhibit C.

21.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent

No. 7,558,083 ("the '083 patent"), entitled "High Efficiency Power Converter."  The '083 patent

was duly and legally issued on July 7, 2009, by the United States Patent and Trademark Office.

A true and correct copy of the '083 patent is attached hereto as Exhibit D.

### COUNT ONE
### The Emerson Affiliates' Infringement of the '190 Patent

22.     Each of the foregoing paragraphs is incorporated by reference.

23.     The Emerson affiliates have been and are now infringing, actively inducing

infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The

infringing acts have included, but are not limited to, the manufacture, use, sale, importation,

and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or

POLs used in intermediate bus architecture power supply systems.

24.     Accused products, such as bus converters, which are used to practice the claims of

the '190 patent, are known by the Emerson affiliates to be especially made or adapted for use in

an infringement of the '190 patent, and are not staple articles or commodities of commerce

suitable for substantial non-infringing uses.

25.     The Emerson affiliates' past and continued acts of infringement of the '190 patent

have injured SynQor and thus SynQor is entitled to recover compensatory damages for the

infringement in an amount subject to proof at trial.

26.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '190

patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for

which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

## COUNT TWO
## The Emerson Affiliates' Infringement of the '021 Patent

27.     Each of the foregoing paragraphs is incorporated by reference.

28.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

29.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

30.     The Emerson affiliates' past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

31.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

## COUNT THREE
## The Emerson Affiliates' Infringement of the '034 Patent

32.     Each of the foregoing paragraphs is incorporated by reference.

33.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

34.     Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

35.     The Emerson affiliates' past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

36.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

## COUNT FOUR
### The Emerson Affiliates' Infringement of the '083 Patent

37.     Each of the foregoing paragraphs is incorporated by reference.

38.     The Emerson affiliates have been and are now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

39.     Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by the Emerson affiliates to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

40.     The Emerson affiliates' past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

41.     The Emerson affiliates' infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless the Emerson affiliates are enjoined by this Court from further infringement.

**COUNT FIVE**
**<u>Bel Fuse's Infringement of the '190 Patent</u>**

42.     Each of the foregoing paragraphs is incorporated by reference.

43.     Bel Fuse has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

44.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Bel Fuse to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

45.     Bel Fuse's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

46.     Bel Fuse's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Bel Fuse is enjoined by this Court from further infringement.

### COUNT SIX
### Bel Fuse's Infringement of the '021 Patent

47.     Each of the foregoing paragraphs is incorporated by reference.

48.     Bel Fuse has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

49.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Bel Fuse to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

50.     Bel Fuse's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

51.     Bel Fuse's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Bel Fuse is enjoined by this Court from further infringement.

## COUNT SEVEN
### Bel Fuse's Infringement of the '083 Patent

52.     Each of the foregoing paragraphs is incorporated by reference.

53.     Bel Fuse has been and is now infringing, actively inducing infringement, and/or
contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have
included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of
unregulated bus converters.

54.     Accused unregulated bus converters, which are used to practice the claims of the
'083 patent, are known by Bel Fuse to be especially made or adapted for use in an infringement
of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial
non-infringing uses.

55.     Bel Fuse's past and continued acts of infringement of the '083 patent have injured
SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an
amount subject to proof at trial.

56.     Bel Fuse's infringement of SynQor's exclusive rights under the '083 patent will
continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is
no adequate remedy at law, unless Bel Fuse is enjoined by this Court from further infringement.

## COUNT EIGHT
### Cherokee's Infringement of the '190 Patent

57.     Each of the foregoing paragraphs is incorporated by reference.

58.     Cherokee has been and is now infringing, actively inducing infringement, and/or
contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have
included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of

products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

59.    Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Cherokee to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

60.    Cherokee's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

61.    Cherokee's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Cherokee is enjoined by this Court from further infringement.

**COUNT NINE**
**<u>Cherokee's Infringement of the '021 Patent</u>**

62.    Each of the foregoing paragraphs is incorporated by reference.

63.    Cherokee has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters used in intermediate bus architecture power supply systems.

64.    Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Cherokee to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

65.     Cherokee's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

66.     Cherokee's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Cherokee is enjoined by this Court from further infringement.

## COUNT TEN
### Cherokee's Infringement of the '083 Patent

67.     Each of the foregoing paragraphs is incorporated by reference.

68.     Cherokee has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

69.     Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by Cherokee to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

70.     Cherokee's past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

71.     Cherokee's infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Cherokee is enjoined by this Court from further infringement.

**COUNT ELEVEN**
**Delta's Infringement of the '190 Patent**

72.     Each of the foregoing paragraphs is incorporated by reference.

73.     Delta has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

74.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Delta to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

75.     Delta's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

76.     Delta's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Delta is enjoined by this Court from further infringement.

**COUNT TWELVE**
**Delta's Infringement of the '021 Patent**

77.     Each of the foregoing paragraphs is incorporated by reference.

78.     Delta has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of

products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

79.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Delta to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

80.     Delta's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

81.     Delta's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Delta Electronics is enjoined by this Court from further infringement.

**COUNT THIRTEEN**
**Delta's Infringement of the '083 Patent**

82.     Each of the foregoing paragraphs is incorporated by reference.

83.     Delta has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

84.     Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by Delta to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

85.     Delta's past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

86.     Delta's infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Delta Electronics is enjoined by this Court from further infringement.

## COUNT FOURTEEN
## Murata's Infringement of the '190 Patent

87.     Each of the foregoing paragraphs is incorporated by reference.

88.     Murata has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

89.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Murata to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

90.     Murata's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

91.     Murata's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Murata is enjoined by this Court from further infringement.

## COUNT FIFTEEN
### Murata's Infringement of the '021 Patent

92.     Each of the foregoing paragraphs is incorporated by reference.

93.     Murata has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

94.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Murata to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

95.     Murata's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

96.     Murata's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Murata is enjoined by this Court from further infringement.

## COUNT SIXTEEN
### Murata's Infringement of the '083 Patent

97.     Each of the foregoing paragraphs is incorporated by reference.

98.     Murata has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

99.     Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by Murata to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

100.     Murata's past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

101.     Murata's infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Murata is enjoined by this Court from further infringement.

### COUNT SEVENTEEN
### Power-One's Infringement of the '190 Patent

102.     Each of the foregoing paragraphs is incorporated by reference.

103.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

104.     Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Power-One to be especially made or adapted for use in an

infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

105.     Power-One's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

106.     Power-One's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

## COUNT EIGHTEEN
## Power-One's Infringement of the '021 Patent

107.     Each of the foregoing paragraphs is incorporated by reference.

108.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

109.     Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

110.     Power-One's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

111.    Power-One's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

## COUNT NINETEEN
### Power-One's Infringement of the '034 Patent

112.    Each of the foregoing paragraphs is incorporated by reference.

113.    Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

114.    Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

115.    Power-One's past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

116.    Power-One's infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

**COUNT TWENTY**
**Power-One's Infringement of the '083 Patent**

117.     Each of the foregoing paragraphs is incorporated by reference.

118.     Power-One has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

119.     Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by Power-One to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

120.     Power-One's past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

121.     Power-One's infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Power-One is enjoined by this Court from further infringement.

**COUNT TWENTY-ONE**
**Lineage's Infringement of the '190 Patent**

122.     Each of the foregoing paragraphs is incorporated by reference.

123.     Lineage has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '190 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of

products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

124.    Accused products, such as bus converters, which are used to practice the claims of the '190 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '190 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

125.    Lineage's past and continued acts of infringement of the '190 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

126.    Lineage's infringement of SynQor's exclusive rights under the '190 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

**COUNT TWENTY-TWO**
**Lineage's Infringement of the '021 Patent**

127.    Each of the foregoing paragraphs is incorporated by reference.

128.    Lineage has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '021 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, unregulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

129.    Accused products, such as bus converters, which are used to practice the claims of the '021 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '021 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

130.     Lineage's past and continued acts of infringement of the '021 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

131.     Lineage's infringement of SynQor's exclusive rights under the '021 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

### COUNT TWENTY-THREE
### Lineage's Infringement of the '034 Patent

132.     Each of the foregoing paragraphs is incorporated by reference.

133.     Lineage has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '034 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to, semi-regulated bus converters and/or POLs used in intermediate bus architecture power supply systems.

134.     Accused products, such as bus converters, which are used to practice the claims of the '034 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '034 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

135.     Lineage's past and continued acts of infringement of the '034 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

136.     Lineage's infringement of SynQor's exclusive rights under the '034 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

## COUNT TWENTY-FOUR
### Lineage's Infringement of the '083 Patent

137.    Each of the foregoing paragraphs is incorporated by reference.

138.    Lineage has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '083 patent pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of unregulated bus converters.

139.    Accused unregulated bus converters, which are used to practice the claims of the '083 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '083 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

140.    Lineage's past and continued acts of infringement of the '083 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

141.    Lineage's infringement of SynQor's exclusive rights under the '083 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.


## WILLFUL INFRINGEMENT BY DEFENDANTS

142.    On information and belief, Defendants' infringement of the patents-in-suit has been and/or will continue to be willful and deliberate, entitling SynQor to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

Wherefore, SynQor respectfully requests that the Court:

A.     order trial by jury on all issues so triable;

B.     render judgment finding that the Emerson affiliates have infringed the '190, '021, '034, and '083 patents;

C.     render judgment finding that Bel Fuse has infringed the '190, '021, and '083 patents;

D.     render judgment finding that Cherokee has infringed the '190, '021, and '083 patents;

E.     render judgment finding that Delta has infringed the '190, '021, and '083 patents;

F.     render judgment finding that Murata has infringed the '190, '021, and '083 patents;

G.     render judgment finding that Power-One has infringed the '190, '021, '034, and '083 patents;

H.     render judgment finding that Lineage has infringed the '190, '021, '034, and '083 patents;

I.     find that the Emerson affiliates' infringement was willful;

J.     find that Bel Fuse's infringement was willful;

K.     find that Cherokee's infringement was willful;

L.     find that Delta's infringement was willful;

M.     find that Murata's infringement was willful;

N.     find that Power-One's infringement was willful;

O.     find that Lineage's infringement was willful;

P.      issue permanent injunctions preventing the Emerson affiliates, and those in active concert with the Emerson affiliates, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, '034, or '083 patents;

Q.      issue permanent injunctions preventing Bel Fuse, and those in active concert with Bel Fuse, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '083 patents;

R.      issue permanent injunctions preventing Cherokee, and those in active concert with Cherokee, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '083 patents;

S.      issue permanent injunctions preventing Delta, and those in active concert with Delta, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '083 patents;

T.      issue permanent injunctions preventing Murata, and those in active concert with Murata, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, or '083 patents;

U.      issue permanent injunctions preventing Power-One, and those in active concert with Power-One, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, '034, or '083 patents;

V.      issue permanent injunctions preventing Lineage, and those in active concert with Lineage, from further infringement, inducement of infringement, or contributory infringement of the '190, '021, '034, or '083 patents;

W.      award compensatory damages in an amount to be determined at trial;

X.      award treble damages pursuant to 35 U.S.C. § 284;

Y.      award interest as allowed by law;

Z.      declare that this case is exceptional pursuant to 35 U.S.C. § 285, award costs and

reasonable attorney fees incurred in connection with this action; and

AA.     grant such other and further relief as the Court and the jury deem just and proper.

Dated:   July 7, 2009                              */s/ Thomas D. Rein*

                                            **Thomas D. Rein** (*admitted pro hac vice*)
                                            Lead Attorney
                                            trein@sidley.com
                                            **Russell E. Cass** (*admitted pro hac vice*)
                                            rcass@sidley.com
                                            **SIDLEY AUSTIN LLP**
                                            One South Dearborn
                                            Chicago, IL   60603
                                            Telephone:     312.853.7000
                                            Facsimile:     312.853.7036


                                            **Michael D. Hatcher**
                                            Texas State Bar No. 24027067
                                            mhatcher@sidley.com
                                            **David T. DeZern**
                                            Texas State Bar No. 24059677
                                            ddezern@sidley.com
                                            **SIDLEY AUSTIN LLP**
                                            717 North Harwood, Suite 3400
                                            Dallas, TX   75201
                                            Telephone:     214.981.3300
                                            Facsimile:     214.981.3400


                                            ***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2009.

*/s/ David T. DeZern*
David T. DeZern
