## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>      Plaintiff,<br><br>  v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>      Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

## **MOTION FOR LEAVE TO AMEND SYNQOR'S SECOND AMENDED COMPLAINT**

Plaintiff SynQor, Inc. ("SynQor") respectfully moves the Court for leave to amend its Second Amended Complaint, Dkt No. 264, to assert U.S. Patent No. 7,564,702 ("the '702 patent"), issued today, July 21, 2009.  Defendants Artesyn Technologies, Inc. ("Artesyn") and Astec America, Inc. ("Astec") indicated that they would not oppose this motion so long as they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded.  The remaining Defendants, however, oppose this motion unconditionally.

## I.   FACTUAL BACKGROUND

SynQor currently asserts U.S. Pat. Nos. 7,072,190, ("the '190 patent"), 7,272,021 ("the '021 patent") and 7,269,034 ("the '034 patent") (collectively "the originally-asserted patents"). On July 7, 2009, SynQor sought leave from this Court to add U.S. Patent No. 7,558,083 ("the '083 patent").[1] *See* Dkt No. 263.

Through this motion, SynQor seeks leave to amend its Second Amended Complaint to assert infringement by the Defendants of an additional related patent – the '702 patent.[2] The '702 patent is a continuation of the application that issued as the '190 patent, one of the three originally-asserted patents. The '702 patent, like the '083 patent that SynQor also seeks to add to this case, has the precise same specification, title, and inventorship as the '190 patent. The other two originally-asserted patents are also related to the '190 patent – they claim priority to its application, as well as to the original (earliest) provisional application to which the '190 patent claims priority.

Just like the '190 patent and the '021 patent, the '702 patent is directed at what are now known as unregulated bus converters and point of load converters used in intermediate bus architecture power supply systems. SynQor is thus asserting the '702 patent against the same unregulated bus converters and point of load converters that are accused of infringing the '190 patent and the '021 patent. Hence, adding the '702 patent to this case will not lead to the addition of any new accused products.

---

[1] Defendants Artesyn and Astec have indicated that they will not oppose the motion to add the '083 patent so long as they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded. The remaining Defendants, however, oppose the motion to add the '083 patent unconditionally.

[2] There are no other patent applications currently allowed that relate to the patents-in-suit.

2

The deadline to amend pleadings, other than to assert new patents, is November 2, 2009. *See* Dkt No. 128, at pp. 3-4. While written discovery has been and is ongoing, no deposition of any party witness has yet been taken. The date for jury selection in this case is not until December 6, 2010, and the claim construction hearing is not until July 7, 2010 – almost a full year away. *Id*., at pp. 1 & 3. Thus, no adjustments in the claim construction hearing or trial dates would be required by the addition of the '702 patent, as Defendants Artesyn and Astec acknowledged during the final meet and confer for this motion. Artesyn and Astec have taken the same position for the '702 patent as they did for the '083 patent—that they would not seek a change in the claim construction hearing or trial dates as a result of the proposed addition of the '083 and '702 patents.

SynQor advised the Defendants of the pending issuance of the '702 patent on July 2, 2009, more than two weeks before the patent issued and the same day that SynQor received notification from the Patent Office of the pending issuance of the patent today, July 21, 2009. *See* attached Exhibit A, Issue Notification for Appl'n Ser. No. 11/901,263; and attached Exhibit B Letter to Defendants dated July 2, 2009. On July 21, 2009, the very day the '702 patent issued, SynQor forwarded infringement contentions for the '702 patent to each Defendant in accordance with Local Patent Rule 3-1.

SynQor also asked the Defendants on July 2, 2009, if they would oppose this motion, *see* attached Exhibit B, and all Defendants, except Astec and Artesyn, indicated that they would. *See* attached Exhibit C. Again, Astec and Artesyn indicated that they would not oppose this motion if they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded. *See* attached Exhibit C at p. 2, Letter from Dunn dated July 14, 2009; and Exhibit D Letter from Dunn dated July 17, 2009. No firm agreement was reached, however,

because SynQor's motion is opposed by the other Defendants, but SynQor will continue to work with Astec, Artesyn, and the rest of the Defendants to discuss any extension of the disclosure dates and discovery limitations that the Defendants feel they need.

## II. SYNQOR SHOULD BE GRANTED LEAVE TO AMEND

The authority and reasoning presented in SynQor's motion for leave to add the '083 patent, Dkt No. 263, also support the addition of the '702 patent to this case. Leave to add the '702 patent should be freely given.

None of the considerations recognized by the Fifth Circuit weigh against granting SynQor's motion to amend. SynQor has brought this motion to amend on the day the '702 patent issued, the earliest day SynQor could seek to add the '702 patent, or otherwise assert it. Accordingly, there has been no undue delay. Nor has SynQor exhibited bad faith or a dilatory motive in seeking to add the '702 patent. Quite the contrary, SynQor notified the Defendants about the '702 patent as soon as it received Issue Notification by the Patent Office, and provided infringement contentions on July 21, 2009, the very day the '702 patent issued, in order to avoid any possible delay that could be caused by the addition of the '702 patent.

At this stage in the case, the addition of the '702 patent can cause no real prejudice to the Defendants. The '702 patent is asserted against the same unregulated bus converters and point of load converters that are already at issue in this case and therefore all relevant documents should have already been produced. No depositions of party witnesses have been taken yet, and so the addition of the '702 patent will not require duplication of any deposition. Although Defendants will need to prepare a new set of invalidity contentions, given the close relationship between the claims of the '702 patent and the claims of the '190 patent, all or virtually all prior art should already have been produced. As noted above, SynQor is willing to work with Defendants to set

a reasonable agreed date for Defendants' invalidity contentions on the '083 and '702 patents, and already reached out to Defendants to try to set such a date. *See* attached Exhibit E. Regardless, the Court's claim construction hearing is almost a full year away and the trial is set for almost a year-and-a-half from now. Defendants should thus have ample time to prepare their case even with the addition of the '083 and '702 patents.

Even if the Defendants could identify some risk of prejudice (and they cannot), considerations of judicial economy weigh heavily in favor of adding the '702 patent to the present litigation. As noted above, the '702 patent has the same specification, title, and inventorship as the '190 patent already asserted in this case, and the '702 patent is asserted against the same unregulated bus converters and point of load converters that are at issue in this case. There is therefore a substantial overlap in terms of document production, fact witnesses, expert witnesses, prior art and the relevant technology. Moreover, the claims of the '702 patent and the '190 patent have many common terms, and it would be a waste of resources to conduct multiple claim construction hearings on common and related issues. So too would it be wasteful to conduct two trials on common and overlapping issues, while also creating a risk of inconsistent judgments.

For all these reasons, the '702 patent should be added to the present litigation – indeed, there is no other way to secure the just, speedy, and inexpensive determination of SynQor's patent rights as called for by Fed. R. Civ. P. 1.

### III.   CONCLUSION

For all of the foregoing reasons, leave should be granted to add the '702 patent to the present case. SynQor respectfully requests that the Court promptly resolve the present motion and SynQor's motion to add the '083 patent, Dkt No. 263, so that the Defendants do not block

5

discovery on the common issues related to the '083 and '702 patents thereby increasing the time and expense of this multi-party litigation.

Dated:   July 21, 2009                              */s/ Thomas D. Rein*

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:    312.853.7000
Facsimile:     312.853.7036


**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:    214.981.3300
Facsimile:     214.981.3400


*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the parties met and conferred with respect to this motion as required by Local Rule CV-7(h) via teleconference on July 20, 2009, but were unable to reach agreement. The final meet and confer conference was conducted after the parties had already exchanged correspondence on this issue. *See* attached Exhibits B, C, D & E. Counsel for SynQor during the teleconference were Tom Rein, lead counsel for SynQor, and David DeZern, one of SynQor's local counsel. Defendants Artesyn and Astec were represented by Bob McAughan and Jennifer Ainsworth. Defendants Cherokee and Lineage were represented by Mark Flagel, Dale Chang, and Diane DeVasto. Defendant Bel Fuse was represented by Steve Williams. Defendants Delta, Murata, and Power-One were represented by Alan Smith, Whitney Fellberg, and Glenn Thames.

Artesyn and Astec indicated that they would not oppose this motion if they are given enough time to develop their invalidity contentions and certain discovery limitations are expanded. No firm agreement was reached, however, because SynQor's motion is opposed by the other Defendants. Bel Fuse, Cherokee, Lineage, Delta, Murata, and Power-One confirmed the position they took in their earlier correspondence – that they would oppose this motion. Because SynQor seeks to add the '702 patent without delay on the day it issues, the discussions with the Defendants have conclusively ended in an impasse, leaving an open issue for the court to resolve. Therefore, this motion is opposed.

*/s/ David T. DeZern*
David T. DeZern

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 21, 2009.

>*/s/ David T. DeZern*
>David T. DeZern