**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **SYNQOR, INC.,** | |
| **Plaintiff,** | |
| **v.** | |
| **ARTESYN TECHNOLOGIES, INC.,** | **CIVIL ACTION NO.** |
| **ASTEC AMERICA, INC.,** | **2:07-CV-497-TJW-CE** |
| **BEL FUSE INC.,** | |
| **CHEROKEE INTERNATIONAL CORP.,** | **JURY TRIAL DEMANDED** |
| **DELTA ELECTRONICS, INC.,** | |
| **DELTA PRODUCTS CORP.,** | |
| **LINEAGE POWER CORP.,** | |
| **MURATA ELECTRONICS NORTH AMERICA, INC.,** | |
| **MURATA MANUFACTURING CO., LTD.,** | |
| **MURATA POWER SOLUTIONS INC.,** | |
| **POWER-ONE, INC.,** | |
| **Defendants.** | |

**LINEAGE POWER CORP. AND CHEROKEE INTERNATIONAL CORP.'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO**
**SYNQOR, INC.'S THIRD AMENDED COMPLAINT**

Defendants Lineage Power Corp. ("Lineage") and Cherokee International Corp. ("Cherokee") respectfully submit this Answer, these Affirmative Defenses, and these Counterclaims in response to the Third Amended Complaint for patent infringement ("Third Amended Complaint") filed by SynQor, Inc. ("SynQor") as follows:

## I.    ANSWER

### THE PARTIES

1.    On information and belief, Lineage and Cherokee admit that SynQor is a Delaware corporation with a principal place of business at 155 Swanson Road, Boxborough,

Massachusetts 01719.  Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Third Amended Complaint, and on that basis deny each and every such allegation.

2.      The allegations set forth in paragraph 2 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

3.      The allegations set forth in paragraph 3 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

4.      The allegations set forth in paragraph 4 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

5.      Answering paragraph 5 of the Third Amended Complaint, Cherokee admits that it is a Delaware corporation with its principal place of business at 2841 Dow Avenue, Tustin, California 92780.  Cherokee admits that its products have been sold by means of various sales channels throughout the United States.  Cherokee denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any wrongful acts or infringement.  Specifically, Cherokee denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.  Except as expressly admitted, Cherokee denies each and every remaining allegation set forth in paragraph 5 of the Third Amended Complaint

6.      The allegations set forth in paragraph 6 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

7.      The allegations set forth in paragraph 7 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

8.      The allegations set forth in paragraph 8 of the Third Amended Complaint are not

directed to Lineage or Cherokee, and therefore no answer is required.

9.      The allegations set forth in paragraph 9 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

10.     The allegations set forth in paragraph 10 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

11.     The allegations set forth in paragraph 11 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

12.     Answering paragraph 12 of the Third Amended Complaint, Lineage admits that it is a Nevada corporation with its principal place of business at 3000 Skyline Drive, Mesquite, Texas, and that it has conducted business in this district.  Lineage admits that its products have been sold in or into the United States, the State of Texas and the Eastern District of Texas. Lineage denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any wrongful acts or infringement. Specifically, Lineage denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.  Except as expressly admitted, Lineage denies each and every remaining allegation set forth in paragraph 12 of the Third Amended Complaint.

## JURISDICTION AND VENUE

13.     Answering paragraph 13 of the Third Amended Complaint, Lineage and Cherokee admit that the Third Amended Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that SynQor's claims have any factual or legal basis.  Lineage and Cherokee admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 inasmuch as the Third Amended Complaint purports to state claims for patent

3

infringement arising under the patent laws of the United States, Title 35 of the United States Code, but deny any wrongdoing or infringement.

14.     Answering paragraph 14 of the Third Amended Complaint, Lineage admits that it has conducted business in this district, and that it conducts business on a continuing basis in the United States, including in the State of Texas.  Cherokee admits that it sells products by means of various sales channels throughout the United States.  Lineage and Cherokee deny that they have committed, continue to commit, have contributed to, continue to contribute to, have induced, or continue to induce any wrongful acts or infringement.  To the extent the remaining allegations of paragraph 14 are directed at Lineage or Cherokee, they are denied.  To the extent the allegations of paragraph 14 are directed to other entities, Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis deny each and every such allegation.

15.     Answering paragraph 15 of the Third Amended Complaint, Lineage admits that it has conducted business in this district.  Lineage admits that its products have been sold in or into the United States, the State of Texas and the Eastern District of Texas.  Cherokee admits that it sells products by means of various sales channels throughout the United States.  Lineage and Cherokee deny that they have committed, continue to commit, have contributed to, continue to contribute to, have induced, or continue to induce any wrongful acts or infringement.  Specifically, Lineage and Cherokee deny that they have committed acts of direct or indirect infringement within this judicial district or anywhere else.  To the extent the remaining allegations of paragraph 15 are directed at Lineage or Cherokee, they are denied.  To the extent the allegations of paragraph 15 are directed to other entities, Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of such allegations, and on

that basis deny each and every such allegation.

16.     Answering paragraph 16 of the Third Amended Complaint, Lineage and Cherokee admit that this Court has personal jurisdiction over Lineage and Cherokee in this particular action.  Lineage and Cherokee deny that they have committed, continue to commit, have contributed to, continue to contribute to, have induced, or continue to induce any wrongful acts or infringement.  Specifically, Lineage and Cherokee deny that they have committed acts of direct or indirect infringement within this judicial district or anywhere else.  To the extent the remaining allegations of paragraph 16 are directed at Lineage or Cherokee, they are denied.  To the extent the allegations of paragraph 16 are directed to other entities, Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis deny each and every such allegation.

17.     Answering paragraph 17 of the Third Amended Complaint, Lineage and Cherokee admit that, as to the allegations asserted against them, venue is proper in the Eastern District of Texas.   Lineage and Cherokee deny that they have committed, continue to commit, have contributed to, continue to contribute to, have induced, or continue to induce any wrongful acts or infringement.

## **GENERAL ALLEGATIONS**

18.     Answering paragraph 18 of the Third Amended Complaint, Lineage and Cherokee admit that what appears to be a copy of U.S. Patent No. 7,072,190 ("the '190 patent") is attached as Exhibit A to the Third Amended Complaint.  Lineage and Cherokee admit that, on its face, Exhibit A states that its title is "High Efficiency Power Converter."   Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '190 patent.  Otherwise, Lineage and Cherokee

LA\2021800.4

deny each and every allegation contained in paragraph 18 of the Third Amended Complaint, and specifically deny that the '190 patent was duly and legally issued.

19.     Answering paragraph 19 of the Third Amended Complaint, Lineage and Cherokee admit that what appears to be a copy of U.S. Patent No. 7,272,021 ("the '021 patent") is attached as Exhibit B to the Third Amended Complaint.  Lineage and Cherokee admit that, on its face, Exhibit B states that its title is "Power Converter with Isolated and Regulated Stages." Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '021 patent.  Otherwise, Lineage and Cherokee deny each and every allegation contained in paragraph 19 of the Third Amended Complaint, and specifically deny that the '021 patent was duly and legally issued.

20.     Answering paragraph 20 of the Third Amended Complaint, Lineage and Cherokee admit that what appears to be a copy of U.S. Patent No. 7,269,034 ("the '034 patent") is attached as Exhibit C to the Third Amended Complaint.  Lineage and Cherokee admit that, on its face, Exhibit C states that its title is "High Efficiency Power Converter."  Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '034 patent.  Otherwise, Lineage and Cherokee deny each and every allegation contained in paragraph 20 of the Third Amended Complaint, and specifically deny that the '034 patent was duly and legally issued.

21.     Answering paragraph 21 of the Third Amended Complaint, Lineage and Cherokee admit that what appears to be a copy of U.S. Patent No. 7,558,083 ("the '083 patent") is attached as Exhibit D to the Third Amended Complaint.  Lineage and Cherokee admit that, on its face, Exhibit D states that its title is "High Efficiency Power Converter."  Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the

LA\2021800.4

allegation that SynQor is the legal assignee of the '083 patent. Otherwise, Lineage and Cherokee deny each and every allegation contained in paragraph 21 of the Third Amended Complaint, and specifically deny that the '083 patent was duly and legally issued.

22.    Answering paragraph 22 of the Third Amended Complaint, Lineage and Cherokee admit that what appears to be a copy of U.S. Patent No. 7,564,702 ("the '702 patent") is attached as Exhibit E to the Third Amended Complaint. Lineage and Cherokee admit that, on its face, Exhibit E states that its title is "High Efficiency Power Converter." Lineage and Cherokee are without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '702 patent. Otherwise, Lineage and Cherokee deny each and every allegation contained in paragraph 22 of the Third Amended Complaint, and specifically deny that the '702 patent was duly and legally issued.

**COUNTS ONE, TWO, THREE, FOUR AND FIVE**
**The Emerson Affiliates' Alleged Infringement of the '190, '021, '034, '083 and '702 Patents**

23-47.    The allegations set forth in paragraphs 23-47 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

**COUNTS SIX, SEVEN, EIGHT AND NINE**
**Belfuse's Infringement of the '190, '021, '083 and '702 Patents**

48-67.    The allegations set forth in paragraphs 48-67 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

**COUNT TEN**
**Cherokee's Alleged Infringement of the '190 Patent**

68.    Answering paragraph 68 of the Third Amended Complaint, Cherokee incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

69.    Cherokee denies each and every allegation set forth in paragraph 69 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

LA\2021800.4

70.     Cherokee denies each and every allegation set forth in paragraph 70 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

71.     Cherokee denies each and every allegation set forth in paragraph 71 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

72.     Cherokee denies each and every allegation set forth in paragraph 72 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

## COUNT ELEVEN
## Cherokee's Alleged Infringement of the '021 Patent

73.     Answering paragraph 73 of the Third Amended Complaint, Cherokee incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

74.     Cherokee denies each and every allegation set forth in paragraph 74 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

75.     Cherokee denies each and every allegation set forth in paragraph 75 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

76.     Cherokee denies each and every allegation set forth in paragraph 76 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages or in any amount.

77.     Cherokee denies each and every allegation set forth in paragraph 77 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also

specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

## COUNT TWELVE
### Cherokee's Alleged Infringement of the '083 Patent

78.    Answering paragraph 78 of the Third Amended Complaint, Cherokee incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

79.    Cherokee denies each and every allegation set forth in paragraph 79 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

80.    Cherokee denies each and every allegation set forth in paragraph 80 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

81.    Cherokee denies each and every allegation set forth in paragraph 81 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

82.    Cherokee denies each and every allegation set forth in paragraph 82 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

## COUNT THIRTEEN
### Cherokee's Alleged Infringement of the '702 Patent

83.    Answering paragraph 83 of the Third Amended Complaint, Cherokee incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

84.    Cherokee denies each and every allegation set forth in paragraph 84 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

85.     Cherokee denies each and every allegation set forth in paragraph 85 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

86.     Cherokee denies each and every allegation set forth in paragraph 86 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

87.     Cherokee denies each and every allegation set forth in paragraph 87 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Cherokee also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

### COUNTS FOURTEEN, FIFTEEN, SIXTEEN AND SEVENTEEN
### Delta's Alleged Infringement of the '190, '021, '083 and '702 Patents

88-107.     The allegations set forth in paragraphs 88-107 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

### COUNTS EIGHTEEN, NINETEEN, TWENTY AND TWENTY-ONE
### Murata's Alleged Infringement of the '190, '021, '083 and '702 Patents

108-127.     The allegations set forth in paragraphs 108-127 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

### COUNTS TWENTY-TWO, TWENTY-THREE, TWENTY-FOUR, TWENTY-FIVE AND TWENTY-SIX
### Power-One's Alleged Infringement of the '190, '021, '034, '083 and '702 Patents

128-152.     The allegations set forth in paragraphs 128-152 of the Third Amended Complaint are not directed to Lineage or Cherokee, and therefore no answer is required.

10

## COUNT TWENTY-SEVEN
### Lineage's Alleged Infringement of the '190 Patent

153.    Answering paragraph 153 of the Third Amended Complaint, Lineage incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

154.    Lineage denies each and every allegation set forth in paragraph 154 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

155.    Lineage denies each and every allegation set forth in paragraph 155 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

156.    Lineage denies each and every allegation set forth in paragraph 156 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

157.    Lineage denies each and every allegation set forth in paragraph 157 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

## COUNT TWENTY-EIGHT
### Lineage's Alleged Infringement of the '021 Patent

158.    Answering paragraph 158 of the Third Amended Complaint, Lineage incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

159.    Lineage denies each and every allegation set forth in paragraph 159 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

160.    Lineage denies each and every allegation set forth in paragraph 160 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

LA\2021800.4

161.    Lineage denies each and every allegation set forth in paragraph 161 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

162.    Lineage denies each and every allegation set forth in paragraph 162 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

### COUNT TWENTY-NINE
### Lineage's Alleged Infringement of the '034 Patent

163.    Answering paragraph 163 of the Third Amended Complaint, Lineage incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

164.    Lineage denies each and every allegation set forth in paragraph 164 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

165.    Lineage denies each and every allegation set forth in paragraph 165 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

166.    Lineage denies each and every allegation set forth in paragraph 166 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

167.    Lineage denies each and every allegation set forth in paragraph 167 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

**COUNT THIRTY**
**Lineage's Alleged Infringement of the '083 Patent**

168.    Answering paragraph 168 of the Third Amended Complaint, Lineage incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

169.    Lineage denies each and every allegation set forth in paragraph 169 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

170.    Lineage denies each and every allegation set forth in paragraph 170 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

171.    Lineage denies each and every allegation set forth in paragraph 171 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

172.    Lineage denies each and every allegation set forth in paragraph 172 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

**COUNT THIRTY-ONE**
**Lineage's Alleged Infringement of the '702 Patent**

173.    Answering paragraph 173 of the Third Amended Complaint, Lineage incorporates each of its responses to the foregoing paragraphs as though fully set forth herein.

174.    Lineage denies each and every allegation set forth in paragraph 174 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

175.    Lineage denies each and every allegation set forth in paragraph 175 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.

LA\2021800.4

176.     Lineage denies each and every allegation set forth in paragraph 176 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused injury or damage to SynQor, or that SynQor is entitled to recover damages in any amount.

177.     Lineage denies each and every allegation set forth in paragraph 177 of the Third Amended Complaint, and specifically denies any wrongdoing or infringement.  Lineage also specifically denies that it has caused damage or irreparable injury to SynQor, or that SynQor is entitled to any relief whatsoever.

## ALLEGED WILLFUL INFRINGEMENT BY DEFENDANTS

178.     Answering paragraph 178 of the Third Amended Complaint, Lineage and Cherokee deny any wrongdoing or infringement.  Specifically, Lineage and Cherokee deny that they have committed acts of direct or indirect infringement within this judicial district or anywhere else.  To the extent the remaining allegations of paragraph 178 are directed at Lineage or Cherokee, they are denied.  To the extent the allegations of paragraph 178 are directed to other entities, no answer is required.

## II.     RESPONSE TO REQUEST FOR RELIEF

Lineage and Cherokee deny that they infringe or have infringed, either directly or indirectly, any valid and enforceable claim of the '190, '021, '083 and '702 patents identified in SynQor's Third Amended Complaint, and Lineage denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '034 patent.  Lineage and Cherokee also deny that SynQor is entitled to any of the relief requested against Lineage or Cherokee, including injunctive relief, actual damages, enhanced damages, attorneys' fees, costs, interest, or any other relief of any kind.

LA\2021800.4

### III.    AFFIRMATIVE DEFENSES

Subject to the responses above, Lineage and Cherokee allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, Lineage and Cherokee specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

179.    Lineage and Cherokee are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '190, '021, '083 or '702 patents.

180.    Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '034 patent.

181.    The claims of the '190, '021, '083 and '702 patents are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

182.    The claims of the '034 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

183.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of prosecution history estoppel.

184.    SynQor's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

LA\2021800.4

185.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of equitable estoppel.

186.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of promissory estoppel.

187.    SynQor's claims for relief, in whole or in part, are barred by express or implied license.

188.    SynQor's claims for relief, in whole or in part, are barred by the doctrine of unclean hands.

189.    SynQor cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

190.    SynQor's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

## IV.    COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs Lineage and Cherokee allege the following counterclaims against Plaintiff and Counterclaim-Defendant SynQor:

191.    This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.*  Lineage and Cherokee each requests a judicial declaration that it does not infringe any valid, enforceable claim of the '190, '021, '083 and '702 patents, and the '190, '021, '083 and '702 patents are invalid.  Lineage further requests a judicial declaration that it does not infringe any valid, enforceable claim of the '034 patent, and the '034 patent is invalid.

## THE PARTIES

192.    Lineage is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.

193.    Cherokee is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2841 Dow Avenue, Tustin, California 92780.

194.    On information and belief, SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## JURISDICTION AND VENUE

195.    Subject to Lineage's and Cherokee's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and venue for these counterclaims is proper in this district.

196.    To the extent that this action remains in this district, venue is appropriate because SynQor has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted.

197.    SynQor has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM ONE (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '190 Patent

198.    Lineage and Cherokee repeat and re-allege the allegations of the preceding paragraphs 68-72, 153-157, 179, 181, and 190-195 above as if fully set forth herein.

199.    SynQor purports to be the sole holder of the entire right, title and interest in the '190 patent.

LA\2021800.4

200.    SynQor has sued Lineage and Cherokee in the present action, alleging infringement of the '190 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and both Lineage and Cherokee with respect to the alleged infringement and invalidity of the '190 patent.

201.    Lineage and Cherokee are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '190 patent.

202.    The claims of the '190 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

203.    Lineage and Cherokee each is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '190 patent and/or that the claims of the '190 patent are invalid.

204.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage and Cherokee in connection with this baseless action by SynQor.

### COUNTERCLAIM TWO (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '021 Patent

205.    Lineage and Cherokee repeat and re-allege the allegations of the preceding paragraphs 73-77, 158-162, 179, 181, and 190-195 above as if fully set forth herein.

206.    SynQor purports to be the sole holder of the entire right, title and interest in the '021 patent.

207.    SynQor has sued Lineage and Cherokee in the present action, alleging infringement of the '021 patent.  Thus, an immediate, real and justiciable controversy exists

LA\2021800.4

between SynQor and both Lineage and Cherokee, with respect to the alleged infringement and invalidity of the '021 patent.

208.    Lineage and Cherokee are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '021 patent.

209.    The claims of the '021 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

210.    Lineage and Cherokee each is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '021 patent and/or that the claims of the '021 patent are invalid.

211.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage and Cherokee in connection with this baseless action by SynQor.

## COUNTERCLAIM THREE (LINEAGE ONLY)
## Declaratory Judgment Regarding the '034 Patent

212.    Lineage repeats and re-alleges the allegations of the preceding paragraphs 163-167, 180, 182, and 190-195 above as if fully set forth herein.

213.    SynQor purports to be the sole holder of the entire right, title and interest in the '034 patent.

214.    SynQor has sued Lineage in the present action, alleging infringement of the '034 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and Lineage with respect to the alleged infringement and invalidity of the '034 patent.

LA\2021800.4

215.     Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '034 patent.

216.     The claims of the '034 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

217.     Lineage is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '034 patent and/or that the claims of the '034 patent are invalid.

218.     SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage in connection with this baseless action by SynQor.

### COUNTERCLAIM FOUR (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '083 Patent

219.     Lineage and Cherokee repeat and re-allege the allegations of the preceding paragraphs 78-82, 168-172, 179, 181, and 190-195 above as if fully set forth herein.

220.     SynQor purports to be the sole holder of the entire right, title and interest in the '083 patent.

221.     SynQor has sued Lineage and Cherokee in the present action, alleging infringement of the '083 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and both Lineage and Cherokee with respect to the alleged infringement and invalidity of the '083 patent.

LA\2021800.4

222.    Lineage and Cherokee are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '083 patent.

223.    The claims of the '083 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

224.    Lineage and Cherokee each is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '083 patent and/or that the claims of the '083 patent are invalid.

225.    SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage and Cherokee in connection with this baseless action by SynQor.

### COUNTERCLAIM FIVE (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '702 Patent

226.    Lineage and Cherokee repeat and re-allege the allegations of the preceding paragraphs 83-87, 173-177, 179, 181, and 190-195 above as if fully set forth herein.

227.    SynQor purports to be the sole holder of the entire right, title and interest in the '702 patent.

228.    SynQor has sued Lineage and Cherokee in the present action, alleging infringement of the '702 patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and both Lineage and Cherokee with respect to the alleged infringement and invalidity of the '702 patent.

LA\2021800.4

229.     Lineage and Cherokee are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '702 patent.

230.     The claims of the '702 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

231.     Lineage and Cherokee each is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '702 patent and/or that the claims of the '702 patent are invalid.

232.     SynQor has also filed this action without a good faith basis, making this an exceptional case.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage in connection with this baseless action by SynQor.

## DEMAND FOR JURY TRIAL

233.     Under Rule 38 of the Federal Rules of Civil Procedure, Lineage and Cherokee hereby demand a trial by jury.

## RELIEF

WHEREFORE, Lineage and Cherokee respectfully request that the Court find and declare as follows:

A.     That SynQor take nothing by its Third Amended Complaint and that SynQor's Third Amended Complaint be dismissed with prejudice;

B.     That Lineage does not infringe any valid, enforceable claim of the '190 patent;

C.     That Cherokee does not infringe any valid, enforceable claim of the '190 patent;

D.     That the claims of the '190 patent are invalid;

LA\2021800.4

E.     That Lineage does not infringe any valid, enforceable claim of the '021 patent;

F.     That Cherokee does not infringe any valid, enforceable claim of the '021 patent;

G.     That the claims of the '021 patent are invalid;

H.     That Lineage does not infringe any valid, enforceable claim of the '034 patent;

I.     That the claims of the '034 patent are invalid;

J.     That Lineage does not infringe any valid, enforceable claim of the '083 patent;

K.     That Cherokee does not infringe any valid, enforceable claim of the '083 patent;

L.     That the claims of the '083 patent are invalid;

M.     That Lineage does not infringe any valid, enforceable claim of the '702 patent;

N.     That Cherokee does not infringe any valid, enforceable claim of the '702 patent;

O.     That the claims of the '702 patent are invalid;

P.     That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, the Court find that SynQor's conduct in commencing and pursuing this action renders this an exceptional case and that Lineage and Cherokee be awarded their attorneys' fees, expenses and costs incurred in connection with this action; and

Q.     That Lineage and Cherokee be granted such other and additional relief as this Court deems just and proper.

Dated: October 2, 2009                    Respectfully submitted,

*/s/ Diane V. DeVasto*
Michael E. Jones
State Bar No. 10929400
Diane V. DeVasto
State Bar No. 05784100
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597-8311
(903) 593-0846 (Facsimile)
mikejones@potterminton.com
dianedevasto@potterminton.com

Mark A. Flagel
mark.flagel@lw.com
Franklin D. Kang
franklin.kang@lw.com
Dale Chang
dale.chang@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles CA 90071-1560
Tel. (213) 485-1234
Fax (213) 891-8763

**ATTORNEYS FOR DEFENDANTS
LINEAGE POWER CORP. AND
CHEROKEE INTERNATIONAL CORP.**

LA\2021800.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of October 2009.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Diane V. DeVasto*
Diane V. DeVasto

LA\2021800.4