**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| SYNQOR, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-CV-497 (TJW) (CE) |
| ARTESYN TECHNOLOGIES, INC. *et al*., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANT MURATA POWER SOLUTIONS, INC.'S ANSWER AND**
**COUNTERCLAIMS TO PLAINTIFF SYNQOR, INC.'S THIRD AMENDED**
**COMPLAINT**

Defendant Murata Power Solutions, Inc. (hereinafter "MPS") hereby answers the Third Amended Complaint of Plaintiff SynQor, Inc. ("SynQor"). MPS denies all allegations not expressly admitted below.

**PARTIES**

1.     MPS does not have sufficient information to admit or deny the allegations of paragraph 1 and, therefore, denies these allegations.

2.     MPS does not have sufficient information to admit or deny the allegations of paragraph 2 and, therefore, denies these allegations.

3.     MPS does not have sufficient information to admit or deny the allegations of paragraph 3 and, therefore, denies these allegations.

4.     MPS does not have sufficient information to admit or deny the allegations of paragraph 4 and, therefore, denies these allegations.

5.      MPS does not have sufficient information to admit or deny the allegations of paragraph 5 and, therefore, denies these allegations.

6.      MPS does not have sufficient information to admit or deny the allegations of paragraph 6 and, therefore, denies these allegations.

7.      MPS does not have sufficient information to admit or deny the allegations of paragraph 7 and, therefore, denies these allegations.

8.      On information and belief, MPS admits the allegations contained in paragraph 8.

9.      On information and belief, MPS admits the allegations contained in paragraph 9.

10.     MPS admits the allegations contained in the first sentence of paragraph 10. MPS denies the remaining allegations of paragraph 10.

11.     MPS does not have sufficient information to admit or deny the allegations of paragraph 11 and, therefore, denies these allegations.

12.     MPS does not have sufficient information to admit or deny the allegations of paragraph 12 and, therefore, denies these allegations.

## <u>JURISDICTION AND VENUE</u>

MPS incorporates by reference its responses to paragraphs 1-12.

13.     MPS admits that the Complaint purports to state a claim for patent infringement and that this Court has subject matter jurisdiction over patent infringement actions.

14.     With respect to its own activities, MPS denies the allegations of paragraph 14.  With respect to all remaining Defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 14 and, therefore, denies these allegations.

15.     With respect to its own activities, MPS denies the allegations of paragraph 15.  With respect to all other entities, MPS does not have sufficient information to admit or deny the allegations of paragraph 15, and therefore denies these allegations.

16.     MPS denies the allegations of paragraph 16.  MPS does not contest personal jurisdiction for the purposes of this action.

17.     Paragraph 17 contains conclusions of law to which no response is necessary.  MPS does not contest venue in this Court.

## GENERAL ALLEGATIONS

MPS incorporates by reference its responses to paragraphs 1-17.

18.     MPS admits that United States Patent No. 7,072,190 ("the '190 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 4, 2006.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 18, and therefore denies these allegations.

19.     MPS admits that United States Patent No. 7,272,021 ("the '021 patent") bears the title "Power Converter with Isolated and Regulated Stages" and bears an issue date of September 18, 2007.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 19, and therefore denies these allegations.

20.     MPS admits that United States Patent No. 7,269,034 ("the '034 patent") bears the title "High Efficiency Power Converter" and bears an issue date of September 11, 2007.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 20, and therefore denies these allegations.

21.     MPS admits that United States Patent No. 7,558,083 ("the '083 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 7, 2009.  MPS does not have

sufficient information to admit or deny the remaining allegations of paragraph 21, and therefore denies these allegations.

22.    MPS admits that United States Patent No. 7,564,702 ("the '702 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 21, 2009.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 22, and therefore denies these allegations.

<u>**COUNT ONE**</u>

<u>**The Emerson Affiliates' Alleged Infringement of the '190 Patent**</u>

23.    MPS incorporates by references its responses to paragraphs 1-22.

24.    MPS does not have sufficient information to admit or deny the allegations of paragraph 24 and, therefore, denies these allegations.

25.    MPS does not have sufficient information to admit or deny the allegations of paragraph 25 and, therefore, denies these allegations.

26.    MPS does not have sufficient information to admit or deny the allegations of paragraph 26 and, therefore, denies these allegations.

27.    MPS does not have sufficient information to admit or deny the allegations of paragraph 27 and, therefore, denies these allegations.

<u>**COUNT TWO**</u>

<u>**The Emerson Affiliates' Alleged Infringement of the '021 Patent**</u>

28.    MPS incorporates by references its responses to paragraphs 1-27.

29.    MPS does not have sufficient information to admit or deny the allegations of paragraph 29 and, therefore, denies these allegations.

30.     MPS does not have sufficient information to admit or deny the allegations of paragraph 30 and, therefore, denies these allegations.

31.     MPS does not have sufficient information to admit or deny the allegations of paragraph 31 and, therefore, denies these allegations.

32.     MPS does not have sufficient information to admit or deny the allegations of paragraph 32 and, therefore, denies these allegations.

## COUNT THREE

### The Emerson Affiliates' Alleged Infringement of the '034 Patent

33.     MPS incorporates by references its responses to paragraphs 1-32.

34.     MPS does not have sufficient information to admit or deny the allegations of paragraph 34 and, therefore, denies these allegations.

35.     MPS does not have sufficient information to admit or deny the allegations of paragraph 35 and, therefore, denies these allegations.

36.     MPS does not have sufficient information to admit or deny the allegations of paragraph 36 and, therefore, denies these allegations.

37.     MPS does not have sufficient information to admit or deny the allegations of paragraph 37 and, therefore, denies these allegations.

## COUNT FOUR

### The Emerson Affiliates' Alleged Infringement of the '083 Patent

38.     MPS incorporates by references its responses to paragraphs 1-37.

39.     MPS does not have sufficient information to admit or deny the allegations of paragraph 39 and, therefore, denies these allegations.

40.     MPS does not have sufficient information to admit or deny the allegations of paragraph 40 and, therefore, denies these allegations.

41.     MPS does not have sufficient information to admit or deny the allegations of paragraph 41 and, therefore, denies these allegations.

42.     MPS does not have sufficient information to admit or deny the allegations of paragraph 42 and, therefore, denies these allegations.

## COUNT FIVE

### The Emerson Affiliates' Alleged Infringement of the '702 Patent

43.     MPS incorporates by references its responses to paragraphs 1-42.

44.     MPS does not have sufficient information to admit or deny the allegations of paragraph 44 and, therefore, denies these allegations.

45.     MPS does not have sufficient information to admit or deny the allegations of paragraph 45 and, therefore, denies these allegations.

46.     MPS does not have sufficient information to admit or deny the allegations of paragraph 46 and, therefore, denies these allegations.

47.     MPS does not have sufficient information to admit or deny the allegations of paragraph 47 and, therefore, denies these allegations.

## COUNT SIX

### Bel Fuse's Alleged Infringement of the '190 Patent

48.     MPS incorporates by references its responses to paragraphs 1-47.

49.     MPS does not have sufficient information to admit or deny the allegations of paragraph 49 and, therefore, denies these allegations.

50.    MPS does not have sufficient information to admit or deny the allegations of paragraph 50 and, therefore, denies these allegations.

51.    MPS does not have sufficient information to admit or deny the allegations of paragraph 51 and, therefore, denies these allegations.

52.    MPS does not have sufficient information to admit or deny the allegations of paragraph 52 and, therefore, denies these allegations.

## COUNT SEVEN

### Bel Fuse's Alleged Infringement of the '021 Patent

53.    MPS incorporates by references its responses to paragraphs 1-52.

54.    MPS does not have sufficient information to admit or deny the allegations of paragraph 54 and, therefore, denies these allegations.

55.    MPS does not have sufficient information to admit or deny the allegations of paragraph 55 and, therefore, denies these allegations.

56.    MPS does not have sufficient information to admit or deny the allegations of paragraph 56 and, therefore, denies these allegations.

57.    MPS does not have sufficient information to admit or deny the allegations of paragraph 57 and, therefore, denies these allegations.

## COUNT EIGHT

### Bel Fuse's Alleged Infringement of the '083 Patent

58.    MPS incorporates by references its responses to paragraphs 1-57.

59.    MPS does not have sufficient information to admit or deny the allegations of paragraph 59 and, therefore, denies these allegations.

60.     MPS does not have sufficient information to admit or deny the allegations of paragraph 60 and, therefore, denies these allegations.

61.     MPS does not have sufficient information to admit or deny the allegations of paragraph 61 and, therefore, denies these allegations.

62.     MPS does not have sufficient information to admit or deny the allegations of paragraph 62 and, therefore, denies these allegations.

## COUNT NINE

### Bel Fuse's Alleged Infringement of the '702 Patent

63.     MPS incorporates by references its responses to paragraphs 1-62.

64.     MPS does not have sufficient information to admit or deny the allegations of paragraph 64 and, therefore, denies these allegations.

65.     MPS does not have sufficient information to admit or deny the allegations of paragraph 65 and, therefore, denies these allegations.

66.     MPS does not have sufficient information to admit or deny the allegations of paragraph 66 and, therefore, denies these allegations.

67.     MPS does not have sufficient information to admit or deny the allegations of paragraph 67 and, therefore, denies these allegations.

## COUNT TEN

### Cherokee's Alleged Infringement of the '190 Patent

68.     MPS incorporates by references its responses to paragraphs 1-67.

69.     MPS does not have sufficient information to admit or deny the allegations of paragraph 69 and, therefore, denies these allegations.

70.     MPS does not have sufficient information to admit or deny the allegations of paragraph 70 and, therefore, denies these allegations.

71.     MPS does not have sufficient information to admit or deny the allegations of paragraph 71 and, therefore, denies these allegations.

72.     MPS does not have sufficient information to admit or deny the allegations of paragraph 72 and, therefore, denies these allegations.

**COUNT ELEVEN**

**Cherokee's Alleged Infringement of the '021 Patent**

73.     MPS incorporates by references its responses to paragraphs 1-72.

74.     MPS does not have sufficient information to admit or deny the allegations of paragraph 74 and, therefore, denies these allegations.

75.     MPS does not have sufficient information to admit or deny the allegations of paragraph 75 and, therefore, denies these allegations.

76.     MPS does not have sufficient information to admit or deny the allegations of paragraph 76 and, therefore, denies these allegations.

77.     MPS does not have sufficient information to admit or deny the allegations of paragraph 77 and, therefore, denies these allegations.

**COUNT TWELVE**

**Cherokee's Alleged Infringement of the '083 Patent**

78.     MPS incorporates by references its responses to paragraphs 1-77.

79.     MPS does not have sufficient information to admit or deny the allegations of paragraph 79 and, therefore, denies these allegations.

80.    MPS does not have sufficient information to admit or deny the allegations of paragraph 80 and, therefore, denies these allegations.

81.    MPS does not have sufficient information to admit or deny the allegations of paragraph 81 and, therefore, denies these allegations.

82.    MPS does not have sufficient information to admit or deny the allegations of paragraph 82 and, therefore, denies these allegations.

**COUNT THIRTEEN**

**Cherokee's Alleged Infringement of the '702 Patent**

83.    MPS incorporates by references its responses to paragraphs 1-82.

84.    MPS does not have sufficient information to admit or deny the allegations of paragraph 84 and, therefore, denies these allegations.

85.    MPS does not have sufficient information to admit or deny the allegations of paragraph 85 and, therefore, denies these allegations.

86.    MPS does not have sufficient information to admit or deny the allegations of paragraph 86 and, therefore, denies these allegations.

87.    MPS does not have sufficient information to admit or deny the allegations of paragraph 87 and, therefore, denies these allegations.

**COUNT FOURTEEN**

**Delta's Alleged Infringement of the '190 Patent**

88.    MPS incorporates by references its responses to paragraphs 1-87.

89.    MPS does not have sufficient information to admit or deny the allegations of paragraph 89 and, therefore, denies these allegations.

90.      MPS does not have sufficient information to admit or deny the allegations of paragraph 90 and, therefore, denies these allegations.

91.      MPS does not have sufficient information to admit or deny the allegations of paragraph 91 and, therefore, denies these allegations.

92.      MPS does not have sufficient information to admit or deny the allegations of paragraph 92 and, therefore, denies these allegations.

## COUNT FIFTEEN

### Delta's Alleged Infringement of the '021 Patent

93.      MPS incorporates by references its responses to paragraphs 1-92.

94.      MPS does not have sufficient information to admit or deny the allegations of paragraph 94 and, therefore, denies these allegations.

95.      MPS does not have sufficient information to admit or deny the allegations of paragraph 95 and, therefore, denies these allegations.

96.      MPS does not have sufficient information to admit or deny the allegations of paragraph 96 and, therefore, denies these allegations.

97.      MPS does not have sufficient information to admit or deny the allegations of paragraph 97 and, therefore, denies these allegations.

## COUNT SIXTEEN

### Delta's Alleged Infringement of the '083 Patent

98.      MPS incorporates by references its responses to paragraphs 1-97.

99.      MPS does not have sufficient information to admit or deny the allegations of paragraph 99 and, therefore, denies these allegations.

100.    MPS does not have sufficient information to admit or deny the allegations of paragraph 100 and, therefore, denies these allegations.

101.    MPS does not have sufficient information to admit or deny the allegations of paragraph 101 and, therefore, denies these allegations.

102.    MPS does not have sufficient information to admit or deny the allegations of paragraph 102 and, therefore, denies these allegations.

## COUNT SEVENTEEN

### Delta's Alleged Infringement of the '702 Patent

103.    MPS incorporates by references its responses to paragraphs 1-102.

104.    MPS does not have sufficient information to admit or deny the allegations of paragraph 104 and, therefore, denies these allegations.

105.    MPS does not have sufficient information to admit or deny the allegations of paragraph 105 and, therefore, denies these allegations.

106.    MPS does not have sufficient information to admit or deny the allegations of paragraph 106 and, therefore, denies these allegations.

107.    MPS does not have sufficient information to admit or deny the allegations of paragraph 107 and, therefore, denies these allegations.

## COUNT EIGHTEEN

### Murata's Alleged Infringement of the '190 Patent

108.    MPS incorporates by references its responses to paragraphs 1-107.

109.    MPS denies each and every allegation of paragraph 109.

110.    MPS denies each and every allegation of paragraph 110.

111.    MPS denies each and every allegation of paragraph 111.

112.   MPS denies each and every allegation of paragraph 112.

## COUNT NINETEEN

### Murata's Alleged Infringement of the '021 Patent

113.   MPS incorporates by references its responses to paragraphs 1-112.

114.   MPS denies each and every allegation of paragraph 114.

115.   MPS denies each and every allegation of paragraph 115.

116.   MPS denies each and every allegation of paragraph 116.

117.   MPS denies each and every allegation of paragraph 117.

## COUNT TWENTY

### Murata's Alleged Infringement of the '083 Patent

118.   MPS incorporates by references its responses to paragraphs 1-117.

119.   MPS denies each and every allegation of paragraph 119.

120.   MPS denies each and every allegation of paragraph 120.

121.   MPS denies each and every allegation of paragraph 121.

122.   MPS denies each and every allegation of paragraph 122.

## COUNT TWENTY-ONE

### Murata's Alleged Infringement of the '702 Patent

123.   MPS incorporates by references its responses to paragraphs 1-122.

124.   MPS denies each and every allegation of paragraph 124.

125.   MPS denies each and every allegation of paragraph 125.

126.   MPS denies each and every allegation of paragraph 126.

127.   MPS denies each and every allegation of paragraph 127.

## COUNT TWENTY-TWO

### Power-One's Alleged Infringement of the '190 Patent

128.    MPS incorporates by references its responses to paragraphs 1-127.

129.    MPS does not have sufficient information to admit or deny the allegations of paragraph 129 and, therefore, denies these allegations.

130.    MPS does not have sufficient information to admit or deny the allegations of paragraph 130 and, therefore, denies these allegations.

131.    MPS does not have sufficient information to admit or deny the allegations of paragraph 131 and, therefore, denies these allegations.

132.    MPS does not have sufficient information to admit or deny the allegations of paragraph 132 and, therefore, denies these allegations.

## COUNT TWENTY-THREE

### Power-One's Alleged Infringement of the '021 Patent

133.    MPS incorporates by references its responses to paragraphs 1-132.

134.    MPS does not have sufficient information to admit or deny the allegations of paragraph 134 and, therefore, denies these allegations.

135.    MPS does not have sufficient information to admit or deny the allegations of paragraph 135 and, therefore, denies these allegations.

136.    MPS does not have sufficient information to admit or deny the allegations of paragraph 136 and, therefore, denies these allegations.

137.    MPS does not have sufficient information to admit or deny the allegations of paragraph 137 and, therefore, denies these allegations.

## COUNT TWENTY-FOUR

### Power-One's Alleged Infringement of the '034 Patent

138.    MPS incorporates by references its responses to paragraphs 1-137.

139.    MPS does not have sufficient information to admit or deny the allegations of paragraph 139 and, therefore, denies these allegations.

140.    MPS does not have sufficient information to admit or deny the allegations of paragraph 140 and, therefore, denies these allegations.

141.    MPS does not have sufficient information to admit or deny the allegations of paragraph 141 and, therefore, denies these allegations.

142.    MPS does not have sufficient information to admit or deny the allegations of paragraph 142 and, therefore, denies these allegations.

## COUNT TWENTY-FIVE

### Power-One's Alleged Infringement of the '083 Patent

143.    MPS incorporates by references its responses to paragraphs 1-142.

144.    MPS does not have sufficient information to admit or deny the allegations of paragraph 144 and, therefore, denies these allegations.

145.    MPS does not have sufficient information to admit or deny the allegations of paragraph 145 and, therefore, denies these allegations.

146.    MPS does not have sufficient information to admit or deny the allegations of paragraph 146 and, therefore, denies these allegations.

147.    MPS does not have sufficient information to admit or deny the allegations of paragraph 147 and, therefore, denies these allegations.

## COUNT TWENTY-SIX

### Power-One's Alleged Infringement of the '702 Patent

148.    MPS incorporates by references its responses to paragraphs 1-147.

149.    MPS does not have sufficient information to admit or deny the allegations of paragraph 149 and, therefore, denies these allegations.

150.    MPS does not have sufficient information to admit or deny the allegations of paragraph 150 and, therefore, denies these allegations.

151.    MPS does not have sufficient information to admit or deny the allegations of paragraph 151 and, therefore, denies these allegations.

152.    MPS does not have sufficient information to admit or deny the allegations of paragraph 152 and, therefore, denies these allegations.

## COUNT TWENTY-SEVEN

### Lineage's Alleged Infringement of the '190 Patent

153.    MPS incorporates by references its responses to paragraphs 1-152.

154.    MPS does not have sufficient information to admit or deny the allegations of paragraph 154 and, therefore, denies these allegations.

155.    MPS does not have sufficient information to admit or deny the allegations of paragraph 155 and, therefore, denies these allegations.

156.    MPS does not have sufficient information to admit or deny the allegations of paragraph 156 and, therefore, denies these allegations.

157.    MPS does not have sufficient information to admit or deny the allegations of paragraph 157 and, therefore, denies these allegations.

## COUNT TWENTY-EIGHT

### Lineage's Alleged Infringement of the '021 Patent

158.    MPS incorporates by references its responses to paragraphs 1-157.

159.    MPS does not have sufficient information to admit or deny the allegations of paragraph 159 and, therefore, denies these allegations.

160.    MPS does not have sufficient information to admit or deny the allegations of paragraph 160 and, therefore, denies these allegations.

161.    MPS does not have sufficient information to admit or deny the allegations of paragraph 161 and, therefore, denies these allegations.

162.    MPS does not have sufficient information to admit or deny the allegations of paragraph 162 and, therefore, denies these allegations.

## COUNT TWENTY-NINE

### Lineage's Alleged Infringement of the '034 Patent

163.    MPS incorporates by references its responses to paragraphs 1-162.

164.    MPS does not have sufficient information to admit or deny the allegations of paragraph 164 and, therefore, denies these allegations.

165.    MPS does not have sufficient information to admit or deny the allegations of paragraph 165 and, therefore, denies these allegations.

166.    MPS does not have sufficient information to admit or deny the allegations of paragraph 166 and, therefore, denies these allegations.

167.    MPS does not have sufficient information to admit or deny the allegations of paragraph 167 and, therefore, denies these allegations.

## COUNT THIRTY

### Lineage's Alleged Infringement of the '083 Patent

168.    MPS incorporates by references its responses to paragraphs 1-167.

169.    MPS does not have sufficient information to admit or deny the allegations of paragraph 169 and, therefore, denies these allegations.

170.    MPS does not have sufficient information to admit or deny the allegations of paragraph 170 and, therefore, denies these allegations.

171.    MPS does not have sufficient information to admit or deny the allegations of paragraph 171 and, therefore, denies these allegations.

172.    MPS does not have sufficient information to admit or deny the allegations of paragraph 172 and, therefore, denies these allegations.

## COUNT THIRTY-ONE

### Lineage's Alleged Infringement of the '702 Patent

173.    MPS incorporates by references its responses to paragraphs 1-172.

174.    MPS does not have sufficient information to admit or deny the allegations of paragraph 174 and, therefore, denies these allegations.

175.    MPS does not have sufficient information to admit or deny the allegations of paragraph 175 and, therefore, denies these allegations.

176.    MPS does not have sufficient information to admit or deny the allegations of paragraph 176 and, therefore, denies these allegations.

177.    MPS does not have sufficient information to admit or deny the allegations of paragraph 177 and, therefore, denies these allegations.

## SYNQOR'S ALLEGATIONS OF WILLFUL INFRINGEMENT BY DEFENDANTS

MPS incorporates by references its responses to paragraphs 1-177.

178.    With respect to its own activities, MPS denies each and every allegation of paragraph 178. With respect to all remaining Defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 178 and, therefore, denies these allegations.

## AFFIRMATIVE DEFENSES

MPS pleads the following affirmative defenses:

1.    The complaint fails to state any claim against MPS upon which relief can be granted.

2.    The '190 patent, the '021 patent, the '083 patent and the '702 patent, and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. 1 et seq., including without limitation, the requirements in §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

3.    MPS has not directly infringed, has not contributorily infringed, and has not induced infringement of any valid and enforceable claim of the '190 patent, the '021 patent, the '083 patent or the '702 patent, either literally or under the doctrine of equivalents, and is not liable for any infringement of the '190 patent, the '021 patent, the '083 patent or the '702 patent.

4.    MPS has not willfully infringed any valid and enforceable claim of the '190 patent, the '021 patent, the '083 patent or the '702 patent.

5.    SynQor's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

6.    SynQor's claims for relief are barred in whole or in part by the doctrine of waiver.

7.    SynQor's claims for relief are barred in whole or in part by the doctrine of prosecution laches.

8.      SynQor's claims for relief are barred in whole or in part by the doctrine of estoppel.

9.      SynQor's claims for relief are barred in whole or in part by the doctrine of unclean hands.

10.     SynQor's claims for relief are barred in whole or in part by the doctrine of implied

license.

11.     Any damages sought by SynQor are limited by 35 U.S.C. §§ 286 and/or 287.

12.     MPS reserves the right to assert additional defenses which may become apparent during

discovery in this action.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Murata Power Solutions,

Inc. (hereinafter "MPS") alleges the following counterclaims against SynQor, Inc. ("SynQor").

1.      MPS incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2.      Counterclaim-Plaintiff MPS is a Delaware corporation with its principal place of business

at 11 Cabot Boulevard, Mansfield, Massachusetts 02048.

3.      On information and belief, Counterclaim-Defendant SynQor is a Delaware corporation

with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## JURISDICTION AND VENUE

4.      MPS's counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et

seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338, 2201,

and 2202.

6.      In its Complaint, SynQor avers that it is the assignee of U.S. Patent No. 7,072,190 ("the

'190 patent"), U.S. Patent No. 7,272,021 ("the '021 patent"), U.S. Patent No. 7,269,034 ("the

'034 patent"), U.S. Patent No. 7,558,083 ("the '083 patent"), and U.S. Patent No. 7,564,702 ("the '702 patent").

7.     In its Complaint, SynQor alleges that MPS infringes and has infringed the '190 patent, the '021 patent, the '083 patent and the '702 patent.

8.     Based on the Complaint that SynQor filed against MPS, a justiciable actual controversy exists between MPS and Counterclaim-Defendant SynQor concerning the alleged infringement, validity, and enforceability of the '190 patent, the '021 patent, the '083 patent and the '702 patent.

9.     This Court has personal jurisdiction over SynQor for these Counterclaims because SynQor has filed a Complaint in this judicial district to which these Counterclaims respond.

10.     SynQor has established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT ONE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '190 Patent

12.     MPS incorporates by reference herein the allegations set forth in paragraphs 1-11 above.

13.     The '190 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

14.     MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '190 patent.

## COUNT TWO OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '021 Patent

15.     MPS incorporates by reference herein the allegations set forth in paragraphs 1-14 above.

16.     The '021 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

17.     MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '021 patent.

## COUNT THREE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '083 Patent

18.     MPS incorporates by reference herein the allegations set forth in paragraphs 1-17 above.

19.     The '083 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

20.     MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '083 patent.

## COUNT FOUR OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '702 Patent

21.     MPS incorporates by reference herein the allegations set forth in paragraphs 1-20 above.

22.     The '702 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

23.     MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '702 patent.

## RELIEF REQUESTED

WHEREFORE, MPS respectfully requests:

1.     That this Court dismiss SynQor's Complaint against MPS with prejudice;

2.     That this Court enter a judgment declaring that MPS has not infringed and does not infringe the '190 patent, the '021 patent, the '083 patent or the '702 patent;

3.      That this Court enter a judgment declaring that MPS has not induced and does not induce infringement of the '190 patent, the '021 patent, the '083 patent or the '702 patent;

4.      That this Court enter a judgment declaring that MPS has not contributorily infringed and does not contributorily infringe the '190 patent, the '021 patent, the '083 patent or the '702 patent;

5.      That this Court enter a judgment declaring that MPS has not willfully infringed and does not willfully infringe the '190 patent, the '021 patent, the '083 patent or the '702 patent;

6.      That this Court enter a judgment denying any award to SynQor for damages, enhanced damages, interest, costs, or attorneys' fees;

7.      That this Court deny any injunction against MPS or those in active concert with MPS;

8.      That this Court enter a judgment declaring that the '190 patent, the '021 patent, the '083 patent and the '702 patent are invalid and unenforceable;

9.      That this Court declare this case exceptional and award MPS its reasonable costs, expenses and attorneys' fees;

10.     That this Court award MPS any and all other relief to which MPS may show itself to be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

MPS, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  October 2, 2009                    Respectfully submitted,

                                    By:  */s/ E. Glenn Thames, Jr.*
                                         E. Glenn Thames, Jr.
                                         State Bar No. 00785097
                                         glennthames@potterminton.com
                                         POTTER MINTON
                                         A Professional Corporation
                                         500 Plaza Tower
                                         110 North College Avenue
                                         Tyler, TX 75702
                                         (903) 597-8311 (Telephone)
                                         (903) 593-0846 (Facsimile)

                                         Alan D. Smith, BBO#629034
                                         Steven R. Katz, BBO#642732
                                         Whitney A. Fellberg, BBO#663599
                                         Kevin K. Su, BBO#663726
                                         FISH & RICHARDSON P.C.
                                         225 Franklin Street
                                         Boston, MA 02110-2804
                                         617-542-5070 (Telephone)
                                         617-542-8906 (Facsimile)

                                    Counsel for Defendant
                                    MURATA POWER SOLUTIONS, INC.


## <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class mail.

                                    */s/ E. Glenn Thames, Jr.*
                                    E. Glenn Thames, Jr.


DEFENDANT MURATA POWER SOLUTIONS, INC.'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF SYNQOR, INC.'S THIRD AMENDED COMPLAINT –
Page 24