IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC. § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| ARTESYN TECHNOLOGIES, INC., § | |
| ASTEC AMERICA, INC., § | Civil Action No.: 2:07-cv-497 |
| BEL FUSE INC., § | |
| CHEROKEE INTERNATIONAL CORP., § | JURY |
| DELTA ELECTRONICS, INC., § | |
| DELTA PRODUCTS CORP., § | |
| LINEAGE POWER CORP., § | |
| MURATA ELECTRONICS NORTH § | |
| AMERICA, INC., § | |
| MURATA MANUFACTURING CO., § | |
| LTD., § | |
| POWER-ONE, INC., § | |
| § | |
| *Defendants.* § | |

**DEFENDANT ASTEC AMERICA INC.'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO SYNQOR'S THIRD AMENDED COMPLAINT**

Defendant Astec America Inc. (hereinafter "Astec"), answers the allegations in Plaintiff's First Amended Complaint (hereinafter "the complaint"), filed by SynQor, Inc. (hereinafter "SynQor"), as follows.  Except as expressly stated hereinafter, Astec denies each allegation contained in the complaint.

**ANSWER**

1.  Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint and therefore DENIES the same.

2.  Defendant Artesyn and Astec are separate legal entities.  Astec lacks knowledge of the organizational details of Defendant Artesyn sufficient to form a belief as to the truth of the

1

allegations contained in paragraph 2 of the complaint and therefore DENIES the same.

3.      Astec ADMITS that it is a Delaware corporation with its principal place of business at 5810 Van Allen Way, Carlsbad, California 92008, and that it is a direct or indirect subsidiary of Emerson Electric Co. Defendant Artesyn Technologies, Inc. and Astec are separate legal entities. Astec lacks knowledge of the organizational details of Defendant Artesyn Technologies, Inc. sufficient to form a belief as to the truth of allegations contained in paragraph 3 of the complaint relating to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. Astec DENIES all remaining allegations contained in paragraph 3 of the complaint.

4.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore DENIES the same.

5.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint and therefore DENIES the same.

6.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint and therefore DENIES the same.

7.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and therefore DENIES the same.

8.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and therefore DENIES the same.

9.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore DENIES the same.

10.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and therefore DENIES the same.

11.     Astec lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 11 of the complaint and therefore DENIES the same.

12. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint and therefore DENIES the same.

## JURISDICTION AND VENUE

13. Astec ADMITS that this Court has subject matter jurisdiction otherwise the allegations contained in paragraph 13 are DENIED.

14. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint as it pertains to the other ten defendants and therefore DENIES the same. With respect to Astec, Astec will not be challenging personal jurisdiction.

15. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint as it pertains to the other ten defendants and therefore DENIES the same. With respect to Astec, it is DENIED.

16. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint as it pertains to the other ten defendants and therefore DENIES the same. With respect to Astec, Astec will not be challenging personal jurisdiction.

17. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint as it pertains to the other ten defendants and therefore DENIES the same. With respect to Astec, Astec will not be challenging venue.

## GENERAL ALLEGATIONS

18. Astec DENIES that the '190 patent was duly and legally issued. Astec lacks

HOU:0021927/00004:1418658v1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the complaint and therefore DENIES the same.

19.  Astec DENIES that the '021 patent was duly and legally issued. Astec lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the complaint and therefore DENIES the same.

20.  Astec DENIES that the '034 patent was duly and legally issued. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint and therefore DENIES the same.

21.  Astec DENIES that the '083 patent was duly and legally issued. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and therefore DENIES the same.

22.  Astec DENIES that the '702 patent was duly and legally issued. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint and therefore DENIES the same.

## COUNT ONE
### The Emerson Affiliates' Infringement of the '190 Patent

23.  Astec incorporates its responses to each of the preceding paragraphs.

24.  Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

25.  Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

26.  Astec lacks knowledge or information sufficient to form a belief as to the truth of

4

the allegations contained in paragraph 26 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

27.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

## COUNT TWO
### The Emerson Affiliates' Infringement of the '021 Patent

28.     Astec incorporates its responses to each of the preceding paragraphs.

29.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

30.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

31.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

32.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

## COUNT THREE
### The Emerson Affiliates' Infringement of the '034 Patent

33.     Astec incorporates its responses to each of the preceding paragraphs.

34.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint as it pertains to Defendant Artesyn

Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

35. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

36. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

37. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

## COUNT FOUR
### The Emerson Affiliates' Infringement of the '083 Patent

38. Astec incorporates its responses to each of the preceding paragraphs.

39. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

40. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

41. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same. With respect to Astec, it is DENIED.

42. Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint as it pertains to Defendant Artesyn

Technologies, Inc. and therefore DENIES the same.  With respect to Astec, it is DENIED.

## COUNT FIVE
## The Emerson Affiliates' Infringement of the '702 Patent

43.     Astec incorporates its responses to each of the preceding paragraphs.

44.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same.  With respect to Astec, it is DENIED.

45.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same.  With respect to Astec, it is DENIED.

46.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same.  With respect to Astec, it is DENIED.

47.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint as it pertains to Defendant Artesyn Technologies, Inc. and therefore DENIES the same.  With respect to Astec, it is DENIED.

## COUNTS SEVEN – THIRTY-ONE

48–177.      Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38–106 of the complaint and therefore DENIES the same.

## WILLFUL INFRINGEMENT BY DEFENDANTS

178.     Astec lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of the complaint as it pertains to the other ten defendants and therefore DENIES the same.  With respect to Astec, it is DENIED.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

The '190, '021, '034, '083, and '702 Patents have not been: (i) directly infringed by Astec; (ii) contributorily infringed by Astec; or (iii) infringed through active inducement by Astec.

**Second Affirmative Defense:**

The '190, '021, '034, '083, and '702 Patents, and each asserted claim in suit of the identified patents, are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, and 103.

**Third Affirmative Defense:**

The '190, '021, '034, '083, and '702 Patents, and each asserted claim in suit of the identified patents, are invalid for failure to comply with the grounds specified in 35 U.S.C. § 112.

**Fourth Affirmative Defense:**

Astec is without liability in the civil action as a result of other facts and circumstances allowed as a defense by, including but not limited to, 35 U.S.C. § 287.

**Fifth Affirmative Defense:**

Because of proceedings in the United States Patent and Trademark Office during the prosecution of the applications, which resulted in the '190, '021, '034, '083, or '702 Patents, the plaintiff is estopped to claim a construction of the asserted claims in the identified patents that would cause any such valid claim thereof to cover or include any of Astec's alleged infringing

products.

**Sixth Affirmative Defense:**

To the extent Astec has made, used, and/or sold any products that perform the functions of the devices or methods recited in the claims of the '190, '021, '034, '083, or '702 Patents, infringement cannot be found because—in addition to not meeting the limitations of the claims in the identified patents—any such products are so far changed in principle from the claimed subject matter that they perform the same function in a substantially different way.

**Seventh Affirmative Defense:**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Eighth Affirmative Defense:**

Plaintiff's enforcement of the asserted patents constitutes patent misuse.

# COUNTERCLAIMS

## The Parties

1.    Counterclaimant, Astec America Inc. ("Astec") is a Delaware corporation with its principal place of business at 5810 Van Allen Way, Carlsbad, California 92008.

2.    Counterclaim Defendant SynQor is a Delaware corporation having a principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## Jurisdiction and Venue

3.    Subject matter jurisdiction in the Court is based upon 28 U.S.C. §§ 2201(a), 1338(a), and 1331.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1332(a), and/or 1391(b).

5.    Counterclaim Defendant SynQor has charged Astec with committing acts of infringement of the '190, '021, '034, '083, and '702 Patents. A justifiable controversy exists between Counterclaim Defendant SynQor and Astec concerning the enforceability, validity, and scope of the '190, '021, '034, '083, and '702 Patents and with respect to the liability for the alleged infringement thereof by Astec.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.    Astec re-alleges the allegations of the previous paragraphs of its counterclaims.

7.    None of the claims of any of the '190, '021, '034, '083, and '702 Patents have been (a) directly infringed by Astec; (b) contributorily infringed by Astec; or (c) infringed by active inducement by Astec.

8.    This counterclaim is exceptional under 35 U.S.C. § 285 and Astec is entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

9. Astec re-alleges the allegations of the previous paragraphs of its counterclaims.

10. The asserted claims of the '190, '021, '034, '083, and '702 Patents are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, and 103.

11. The asserted claims of the '190, '021, '034, '083, and '702 Patents, and each claim in suit of the identified patents, are invalid for failure to comply with the grounds specified in 35 U.S.C. § 112.

12. This counterclaim is exceptional under 35 U.S.C. § 285 and Astec is entitled to an award of its reasonable attorneys' fees.

**WHEREFORE**, Astec America Inc. prays for judgment that:

A. Plaintiff's complaint be dismissed and Plaintiff takes nothing with respect to its claims in this action;

B. U.S. Patents Nos. 7,072,190; 7,272,021, 7,269,034, 7,269,034, and 7,564,702 be declared not infringed by Astec America Inc. and that the asserted claims be declared invalid;

C. SynQor's claims be declared barred by laches;

D. It be declared that SynQor is not entitled to pre-filing damages;

E. This case be declared exceptional pursuant to 35 U.S.C. § 285;

F. Astec America Inc. be awarded reasonable attorney fees and costs of this action pursuant to 35 U.S.C. § 285; and

G. Astec America Inc. be awarded such other and further relief as this Court deems just and proper.

11

Date:   October 2, 2009                              Respectfully submitted,

                                                                                             By:     */s/ Jeffrey A. Andrews*

Jennifer Parker Ainsworth                            Robert J. McAughan, Jr.
Texas State Bar No. 00784720                         Texas State Bar No. 00786096
**WILSON, ROBERTSON & CORNELIUS, PC**                *Lead Attorney*
One American Center                                  Nathan C. Dunn
909 ESE Loop 323, Suite 400                          Texas State Bar No. 24036509
Tyler, Texas 75701                                   Jeffrey A. Andrews
Telephone:   903-509-5000                            Texas State Bar No. 24050227
Facsimile:   903-509-5091                            **LOCKE LORD BISSELL & LIDDELL LLP**
jainsworth@wilsonlawfirm.com                         3400 JP Morgan Chase Tower
                                                   600 Travis Street
                                                   Houston, Texas 77002-3095
                                                   Telephone:   713-226-1200
                                                   Facsimile:   713-223-3717
                                                   bmcaughan@lockelord.com

                                                               *Attorneys for Defendant*
                                                               *Astec America Inc.*

13

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 2nd day of October, 2009.

*/s/ Jeffrey A. Andrews*
