UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>             Plaintiff,<br><br>    v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>             Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR'S ANSWER TO COUNTERCLAIMS OF
DEFENDANT ASTEC AMERICA, INC.**

Plaintiff SynQor, Inc. ("SynQor") respectfully submits this Answer to the counterclaims asserted by Defendant Astec America, Inc. ("Astec") in its Answer, Affirmative Defenses, and Counterclaims to SynQor's Third Amended Complaint ("Answer") (*See* Dkt. # 309).

**COUNTERCLAIMS**

**The Parties**

1.    Upon information and belief, SynQor admits the allegations in paragraph 1 of the Answer.

2.    SynQor admits the allegations in paragraph 2 of the Answer.

**Jurisdiction and Venue**

3. SynQor admits the allegations in paragraph 3 of the Answer.

4. SynQor will not contest that venue is proper in this case.

5. SynQor admits that it has charged Astec with committing acts of infringement of the '190, '021, '034, '083, and '702 Patents. SynQor also admits that a justiciable controversy exists between SynQor and Astec concerning the validity and scope of the '190, '021, '034, '083, and '702 Patents and with respect to the liability for the alleged infringement thereof by Astec. SynQor denies the remaining allegations in paragraph 5 of the Answer.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. SynQor admits that Astec claims in paragraph 6 of the Answer that it realleges the allegations of the previous paragraphs of its counterclaims. SynQor denies the remaining allegations in paragraph 6 of the Answer.

7. SynQor denies the allegations in paragraph 7 of the Answer.

8. SynQor denies the allegations in paragraph 8 of the Answer.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

9. SynQor admits that Astec claims in paragraph 9 of the Answer that it realleges the allegations of the previous paragraphs of its counterclaims. SynQor denies the remaining allegations in paragraph 9 of the Answer.

10. SynQor denies the allegations in paragraph 10 of the Answer.

11. SynQor denies the allegations in paragraph 11 of the Answer.

12. SynQor denies the allegations in paragraph 12 of the Answer.

## DEMAND FOR JUDGMENT

A.  SynQor denies that Astec is entitled to relief;

B.  SynQor denies that Astec is entitled to relief;

C.  SynQor denies that Astec is entitled to relief;

D.  SynQor denies that Astec is entitled to relief;

E.  SynQor denies that Astec is entitled to relief;

F.  SynQor denies that Astec is entitled to relief;

G.  SynQor denies that Astec is entitled to relief.

## DEMAND FOR JURY TRIAL

SynQor demands a jury trial for the asserted counterclaims.

Dated:   October 26, 2009

*/s/ Thomas D. Rein*
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:    312.853.7000
Facsimile:    312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
**SIDLEY AUSTIN LLP**

        717 North Harwood, Suite 3400
        Dallas, TX  75201
        Telephone:    214.981.3300
        Facsimile:     214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 26, 2009.

        */s/ David T. DeZern*
        David T. DeZern