**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>                Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS
LINEAGE POWER CORP. AND CHEROKEE INTERNATIONAL CORP.**

Plaintiff SynQor, Inc. ("SynQor") respectfully submits this Answer to the counterclaims asserted by Defendants Lineage Power Corp. ("Lineage") and Cherokee International Corp. ("Cherokee") in their Answer, Affirmative Defenses, and Counterclaims to SynQor, Inc.'s Third Amended Complaint ("Answer") (*See* Dkt. # 302).

**COUNTERCLAIMS**

191.    SynQor admits that the Answer asserts counterclaims that purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the U.S. Patent Act, 35 U.S.C. § 1, *et seq.* SynQor admits that Lineage's counterclaim requests a declaration that (1) it

does not infringe any valid, enforceable claim of the '190, '021, '083, '702, and '034 patents ("asserted patents"), and (2) the asserted patents are invalid.  SynQor denies that Lineage or Cherokee is entitled to such a declaration and therefore denies the remaining allegations in paragraph 191 of the Answer.

## THE PARTIES

192.    Upon information and belief, SynQor admits the allegations of paragraph 192 of the Answer.

193.    Upon information and belief, SynQor admits the allegations of paragraph 193 of the Answer.

194.    SynQor admits the allegations in paragraph 194 of the Answer.

## JURISDICTION AND VENUE

195.    SynQor will not contest jurisdiction or venue in this case.

196.    SynQor will not contest jurisdiction or venue in this case.

197.    SynQor will not contest jurisdiction or venue in this case.

## COUNTERCLAIM ONE (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '190 Patent

198.    SynQor admits that Lineage and Cherokee claim in paragraph 198 of the Answer that they repeat and re-allege the allegations of paragraphs 68-72, 153-57, 179, 181 and 190-195 of their Answer as if set forth fully therein.  SynQor denies the remaining allegations in paragraph 198 of the Answer.

199.    SynQor admits the allegations in paragraph 199 of the Answer.

200.    SynQor admits the allegations in paragraph 200 of the Answer.

201.    SynQor denies the allegations in paragraph 201 of the Answer.

202.    SynQor denies the allegations in paragraph 202 of the Answer.

203.  SynQor admits that in paragraph 203 of the Answer Lineage and Cherokee each requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '190 patent and/or that the claims of the '190 patent are invalid. SynQor denies that Lineage or Cherokee is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 203 of the Answer.

204.  SynQor denies the allegations in paragraph 204 of the Answer.

### COUNTERCLAIM TWO (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '021 Patent

205.  SynQor admits that Lineage and Cherokee claim in paragraph 205 of the Answer that they repeat and re-allege paragraphs 73-77, 158-162, 179, 181, and 190-195 of their Answer as if set forth fully therein. SynQor denies the remaining allegations in paragraph 205 of the Answer.

206.  SynQor admits the allegations in paragraph 206 of the Answer.

207.  SynQor admits the allegations in paragraph 207 of the Answer.

208.  SynQor denies the allegations in paragraph 208 of the Answer.

209.  SynQor denies the allegations in paragraph 209 of the Answer.

210.  SynQor admits that in paragraph 210 of the Answer Lineage and Cherokee each requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '021 patent and/or that the claims of the '021 patent are invalid. SynQor denies that Lineage or Cheorkee is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 210 of the Answer.

211.  SynQor denies the allegations in paragraph 211 of the Answer.

## COUNTERCLAIM THREE (LINEAGE ONLY)
### Declaratory Judgment Regarding the '034 Patent

212.   SynQor admits that Lineage claims in paragraph 212 of the Answer that it repeats and re-alleges paragraphs 163-167, 180, 182, and 190-195 of its Answer as if set forth fully therein.  SynQor denies the remaining allegations in paragraph 212 of the Answer.

213.   SynQor admits the allegations in paragraph 213 of the Answer.

214.   SynQor admits the allegations in paragraph 214 of the Answer.

215.   SynQor denies the allegations in paragraph 215 of the Answer.

216.   SynQor denies the allegations in paragraph 216 of the Answer.

217.   SynQor admits that in paragraph 217 of the Answer Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '034 patent and/or that the claims of the '034 patent are invalid.  SynQor denies that Lineage is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 217 of the Answer.

218.   SynQor denies the allegations in paragraph 218 of the Answer.

## COUNTERCLAIM FOUR (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '083 Patent

219.   SynQor admits that Lineage and Cherokee claim in paragraph 219 of the Answer that they repeat and re-allege paragraphs 78-82, 168-172, 179, 181, and 190-195 of their Answer as if set forth fully therein.  SynQor denies the remaining allegations in paragraph 219 of the Answer.

220.   SynQor admits the allegations in paragraph 220 of the Answer.

221.   SynQor admits the allegations in paragraph 221 of the Answer.

222.   SynQor denies the allegations in paragraph 222 of the Answer.

223.    SynQor denies the allegations in paragraph 223 of the Answer.

224.    SynQor admits that in paragraph 224 of the Answer Lineage and Cherokee each requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '083 patent and/or that the claims of the '083 patent are invalid. SynQor denies that Lineage or Cherokee is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 224 of the Answer.

225.    SynQor denies the allegations in paragraph 225 of the Answer.

### COUNTERCLAIM FIVE (LINEAGE AND CHEROKEE)
### Declaratory Judgment Regarding the '702 Patent

226.    SynQor admits that Lineage and Cherokee claim in paragraph 226 of the Answer that they repeat and re-allege paragraphs 83-87, 173-177, 179, 181, and 190-195 of their Answer as if set forth fully therein. SynQor denies the remaining allegations in paragraph 226 of the Answer.

227.    SynQor admits the allegations in paragraph 227 of the Answer.

228.    SynQor admits the allegations in paragraph 228 of the Answer.

229.    SynQor denies the allegations in paragraph 229 of the Answer.

230.    SynQor denies the allegations in paragraph 230 of the Answer.

231.    SynQor admits that in paragraph 231 of the Answer Lineage and Cherokee each requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '702 patent and/or that the claims of the '702 patent are invalid. SynQor denies that Lineage or Cherokee is entitled to such a declaratory judgment and therefore denies the remaining allegations in paragraph 231 of the Answer.

232.    SynQor denies the allegations in paragraph 232 of the Answer.

## DEMAND FOR JURY TRIAL

233.    SynQor admits that in paragraph 233 of the Answer Lineage and Cherokee demand a trial by jury, and SynQor demands the same.

## RELIEF

A.    SynQor denies the allegations in paragraph A and denies that Lineage or Cherokee is entitled to relief.

B.    SynQor denies the allegations in paragraph B and denies that Lineage or Cherokee is entitled to relief.

C.    SynQor denies the allegations in paragraph C and denies that Lineage or Cherokee is entitled to relief.

D.    SynQor denies the allegations in paragraph D and denies that Lineage or Cherokee is entitled to relief.

E.    SynQor denies the allegations in paragraph E and denies that Lineage or Cherokee is entitled to relief.

F.    SynQor denies the allegations in paragraph F and denies that Lineage or Cherokee is entitled to relief.

G.    SynQor denies the allegations in paragraph G and denies that Lineage or Cherokee is entitled to relief.

H.    SynQor denies the allegations in paragraph H and denies that Lineage or Cherokee is entitled to relief.

I.    SynQor denies the allegations in paragraph I and denies that Lineage or Cherokee is entitled to relief.

  J. SynQor denies the allegations in paragraph J and denies that Lineage or Cherokee is entitled to relief.

  K. SynQor denies the allegations in paragraph K and denies that Lineage or Cherokee is entitled to relief.

  L. SynQor denies the allegations in paragraph L and denies that Lineage or Cherokee is entitled to relief.

  M. SynQor denies the allegations in paragraph M and denies that Lineage or Cherokee is entitled to relief.

  N. SynQor denies the allegations in paragraph N and denies that Lineage or Cherokee is entitled to relief.

  O. SynQor denies the allegations in paragraph O and denies that Lineage or Cherokee is entitled to relief.

  P. SynQor denies the allegations in paragraph P and denies that Lineage or Cherokee is entitled to relief.

  Q. SynQor denies the allegations in paragraph Q and denies that Lineage or Cherokee is entitled to relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Lack of Good Faith Basis)

Lineage and Cherokee have asserted at least some of their counterclaims without a good faith basis, making this an exceptional case. Consequently, pursuant to Fed. R. Civ. Pro. 11, Lineage and Cherokee are liable for any and all attorneys' fees, expenses and costs incurred by SynQor in connection with these baseless counterclaims by Lineage and Cherokee.

## **PRAYER FOR RELIEF**

WHEREFORE, SynQor respectfully requests the following relief:

A. That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. Pro. 11, and/or other applicable laws, the Court find that Lineage and Cherokee's conduct in asserting these counterclaims renders this an exceptional case and that SynQor be awarded its attorneys' fees, expenses and costs incurred in connection with these counterclaims; and

B. That SynQor be granted such other and additional relief as this Court deems just and proper.

Dated:   October 26, 2009    */s/ Thomas D. Rein*

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:   312.853.7000
Facsimile:   312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:   214.981.3300
Facsimile:   214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 26, 2009.

                                                   */s/ David T. DeZern*
                                                   David T. DeZern