## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>                     Plaintiff,<br><br>    v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>                     Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

## SYNQOR'S ANSWER TO COUNTERCLAIMS OF
## DEFENDANT MURATA POWER SOLUTIONS, INC.

Plaintiff SynQor, Inc. ("SynQor") respectfully submits this Answer to the counterclaims asserted by Defendant Murata Power Solutions, Inc. ("MPS") in its Answer and Counterclaims to Plaintiff SynQor, Inc.'s Third Amended Complaint ("Answer") (*See* Dkt. # 306).

### MPS'S COUNTERCLAIMS

1.    SynQor admits that MPS claims in paragraph 1 of the Answer to incorporate what is set out previously in its Answer as if fully set forth therein. SynQor is not required to reply to MPS's earlier allegations in its Answer and it declines to do so. SynQor otherwise denies the remaining allegations in paragraph 1 of the Answer.

2. Upon information and belief, SynQor admits the allegations of paragraph 2 of the Answer.

3. SynQor admits the allegations of paragraph 3 of the Answer.

## JURISDICTION AND VENUE

4. SynQor admits the allegations in paragraph 4 of the Answer.

5. SynQor admits the allegations in paragraph 5 of the Answer.

6. SynQor admits the allegations in paragraph 6 of the Answer.

7. SynQor admits the allegations in paragraph 7 of the Answer.

8. SynQor admits that there is a justiciable controversy regarding infringement and validity of the '190, '021, '083, and '702 patents, but denies the remaining allegations in paragraph 8 of the Answer.

9. SynQor will not contest jurisdiction in this case.

10. SynQor will not contest jurisdiction in this case.

11. SynQor will not contest that venue is proper in this case.

## COUNT ONE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-Infringement of the '190 Patent

12. SynQor admits that MPS claims in paragraph 12 of the Answer that it incorporates by reference the allegations set forth in paragraphs 1-11 of the Answer. SynQor denies the remaining allegations in paragraph 12 of the Answer.

13. SynQor denies the allegations in paragraph 13 of the Answer.

14. SynQor denies the allegations in paragraph 14 of the Answer.

## COUNT TWO OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-Infringement of the '021 Patent

15. SynQor admits that MPS claims in paragraph 15 of the Answer that it incorporates by reference the allegations set forth in paragraphs 1-14 of the Answer. SynQor denies the remaining allegations in paragraph 15 of the Answer.

16. SynQor denies the allegations in paragraph 16 of the Answer.

17. SynQor denies the allegations in paragraph 17 of the Answer.

## COUNT THREE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-Infringement of the '083 Patent

18. SynQor admits that MPS claims in paragraph 18 of the Answer that it incorporates by reference the allegations set forth in paragraphs 1-17 of the Answer. SynQor denies the remaining allegations in paragraph 18 of the Answer.

19. SynQor denies the allegations in paragraph 19 of the Answer.

20. SynQor denies the allegations in paragraph 20 of the Answer.

## COUNT FOUR OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-Infringement of the '702 Patent

21. SynQor admits that MPS claims in paragraph 21 of the Answer that it incorporates by reference the allegations set forth in paragraphs 1-20 of the Answer. SynQor denies the remaining allegations in paragraph 21 of the Answer.

22. SynQor denies the allegations in paragraph 22 of the Answer.

23. SynQor denies the allegations in paragraph 23 of the Answer.

## RELIEF REQUESTED

1. SynQor denies that MPS is entitled to relief.

2. SynQor denies that MPS is entitled to relief.

3. SynQor denies that MPS is entitled to relief.

4. SynQor denies that MPS is entitled to relief.

5. SynQor denies that MPS is entitled to relief.

6. SynQor denies that MPS is entitled to relief.

7. SynQor denies that MPS is entitled to relief.

8. SynQor denies that MPS is entitled to relief.

9. SynQor denies that MPS is entitled to relief.

10. SynQor denies that MPS is entitled to relief.

## DEMAND FOR JURY TRIAL

SynQor admits that MPS has demanded a trial by jury, and SynQor demands the same.

Dated:   October 26, 2009                    */s/ Thomas D. Rein*

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL   60603
Telephone:   312.853.7000
Facsimile:   312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com

**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:   214.981.3300
Facsimile:   214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 26, 2009.

 */s/ David T. DeZern*
David T. DeZern