# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTESYN TECHNOLOGIES, INC., ASTEC AMERICA, INC., BEL FUSE INC., CHEROKEE INTERNATIONAL CORP., DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., LINEAGE POWER CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS, INC., POWER-ONE, INC., <br><br> Defendants. | Civil Action No.: 2:07cv497 <br><br> **JURY TRIAL DEMANDED** |

## <u>FIRST AMENDED ANSWER OF DEFENDANT BEL FUSE INC. TO SYNQOR'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendant Bel Fuse Inc. ("Bel Fuse"), by the undersigned attorney, hereby files and serves its First Amended Answer to SynQor's Third Amended Complaint for Patent Infringement in the above civil action as follows:

### <u>THE PARTIES</u>

1.      In answer to paragraph 1 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2.      In answer to paragraph 2 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

3.      In answer to paragraph 3 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

4.      In answer to paragraph 4 of the Complaint, Bel Fuse admits its principal place of business, state of incorporation and address.  Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph because the product names stated therein are insufficiently defined in the Complaint.

5.      In answer to paragraph 5 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

6.      In answer to paragraph 6 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

7.      In answer to paragraph 7 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

8.      In answer to paragraph 8 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

9.      In answer to paragraph 9 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

10.     In answer to paragraph 10 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

11.     In answer to paragraph 11 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

12.     In answer to paragraph 12 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

## JURISDICTION AND VENUE

13.     In answer to paragraph 13 of the Complaint, Bel Fuse admits that this action purports to be an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United State Code.  Bel Fuse further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

14.     In answer to paragraph 14 of the Complaint, Bel Fuse admits the allegations therein so far as they pertain to Bel Fuse.  So far as the allegations pertain to the other defendants in this action, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     In answer to paragraph 15 of the Complaint, so far as the allegations therein pertain to Bel Fuse, Bel Fuse denies that it makes, imports, uses, offers to sell and/or sells any

products that infringe the patents at issue in this action.  Bel fuse admits that it sells products in the United States, including the state of Texas and this judicial district, that have been accused of infringing the patents at issue in this action.   So far as the allegations pertain to the other defendants in this action, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     In answer to paragraph 16 of the Complaint, so far as the allegations therein pertain to Bel Fuse, Bel Fuse denies that has committed any acts of infringement in this judicial district.  Bel Fuse admits that it is subject to personal jurisdiction in this judicial district. So far as the allegations pertain to the other defendants in this action, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     In answer to paragraph 17 of the Complaint, Bel Fuse admits to venue.

## GENERAL ALLEGATIONS

18.     In answer to paragraph 18 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '190 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit A to the Complaint.

19.     In answer to paragraph 19 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '021 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit B to the Complaint.

20.     In answer to paragraph 20 of the Complaint, as the '034 patent has not been asserted against Bel Fuse, Bel Fuse, therefore, refuses to answer this paragraph or, if an answer is required, denies the allegations therein.

21.    In answer to paragraph 21 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '083 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit D to the Complaint.

22.    In answer to paragraph 22 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '702 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit E to the Complaint.

**COUNT ONE**
**The Emerson Affiliates' Infringement of the '190 Patent**

23.    In answer to paragraph 23 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

24.    In answer to paragraph 24 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25.    In answer to paragraph 25 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

26.    In answer to paragraph 26 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

27.    In answer to paragraph 27 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**COUNT TWO**
**The Emerson Affiliates' Infringement of the '021 Patent**

28.      In answer to paragraph 28 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

29.      In answer to paragraph 29 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

30.      In answer to paragraph 30 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

31.      In answer to paragraph 31 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

32.      In answer to paragraph 32 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**COUNT THREE**
**The Emerson Affiliates' Infringement of the '034 Patent**

33.      In answer to paragraph 33 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

34.      In answer to paragraph 34 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

35.     In answer to paragraph 35 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

36.     In answer to paragraph 36 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

37.     In answer to paragraph 37 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT FOUR
## The Emerson Affiliates' Infringement of the '083 Patent

38.     In answer to paragraph 38 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

39.     In answer to paragraph 39 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

40.     In answer to paragraph 40 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

41.     In answer to paragraph 41 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

42.    In answer to paragraph 42 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT FIVE
### The Emerson Affiliates' Infringement of the '702 Patent

43.    In answer to paragraph 43 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

44.    In answer to paragraph 44 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

45.    In answer to paragraph 45 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

46.    In answer to paragraph 46 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

47.    In answer to paragraph 47 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT SIX
### Bel Fuse's Infringement of the '190 Patent

48.    In answer to paragraph 48 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

49.     In answer to paragraph 49 of the Complaint, Bel Fuse denies the allegations contained therein.

50.     In answer to paragraph 50 of the Complaint, Bel Fuse denies the allegations contained therein.

51.     In answer to paragraph 51 of the Complaint, Bel Fuse denies the allegations contained therein.

52.     In answer to paragraph 52 of the Complaint, Bel Fuse denies the allegations contained therein.

## COUNT SEVEN
### Bel Fuse's Infringement of the '021 Patent

53.     In answer to paragraph 53 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

54.     In answer to paragraph 54 of the Complaint, Bel Fuse denies the allegations contained therein.

55.     In answer to paragraph 55 of the Complaint, Bel Fuse denies the allegations contained therein.

56.     In answer to paragraph 56 of the Complaint, Bel Fuse denies the allegations contained therein.

57.     In answer to paragraph 57 of the Complaint, Bel Fuse denies the allegations contained therein.

## COUNT EIGHT
### Bel Fuse's Infringement of the '083 Patent

58.     In answer to paragraph 58 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

59.      In answer to paragraph 59 of the Complaint, Bel Fuse denies the allegations contained therein.

60.      In answer to paragraph 60 of the Complaint, Bel Fuse denies the allegations contained therein.

61.      In answer to paragraph 61 of the Complaint, Bel Fuse denies the allegations contained therein.

62.      In answer to paragraph 62 of the Complaint, Bel Fuse denies the allegations contained therein.

## COUNT NINE
### Bel Fuse's Infringement of the '702 Patent

63.      In answer to paragraph 63 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

64.      In answer to paragraph 64 of the Complaint, Bel denies the allegations contained therein.

65.      In answer to paragraph 65 of the Complaint, Bel Fuse denies the allegations contained therein.

66.      In answer to paragraph 66 of the Complaint, Bel Fuse denies the allegations contained therein.

67.      In answer to paragraph 67 of the Complaint, Bel Fuse denies the allegations contained therein.

## COUNT TEN
### Cherokee's Infringement of the '190 Patent

68.      In answer to paragraph 68 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

69.     In answer to paragraph 69 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

70.     In answer to paragraph 70 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

71.     In answer to paragraph 71 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

72.     In answer to paragraph 72 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**COUNT ELEVEN**
**Cherokee's Infringement of the '021 Patent**

73.     In answer to paragraph 73 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

74.     In answer to paragraph 74 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

75.     In answer to paragraph 75 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

76.      In answer to paragraph 76 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

77.      In answer to paragraph 77 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWELVE
## <u>Cherokee's Infringement of the '083 Patent</u>

78.      In answer to paragraph 78 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

79.      In answer to paragraph 79 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

80.      In answer to paragraph 80 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

81.      In answer to paragraph 81 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

82.      In answer to paragraph 82 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT THIRTEEN
### Cherokee's Infringement of the '702 Patent

83.    In answer to paragraph 83 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

84.    In answer to paragraph 84 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

85.    In answer to paragraph 85 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

86.    In answer to paragraph 86 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

87.    In answer to paragraph 87 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT FOURTEEN
### Delta's Infringement of the '190 Patent

88.    In answer to paragraph 88 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

89.    In answer to paragraph 89 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

90.     In answer to paragraph 90 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

91.     In answer to paragraph 91 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

92.     In answer to paragraph 92 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT FIFTEEN
### Delta's Infringement of the '021 Patent

93.     In answer to paragraph 93 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

94.     In answer to paragraph 94 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

95.     In answer to paragraph 95 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

96.     In answer to paragraph 96 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

97.     In answer to paragraph 97 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT SIXTEEN
### Delta's Infringement of the '083 Patent

98.     In answer to paragraph 98 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

99.     In answer to paragraph 99 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

100.     In answer to paragraph 100 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

101.     In answer to paragraph 101 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

102.     In answer to paragraph 102 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT SEVENTEEN
### Delta's Infringement of the '702 Patent

103.     In answer to paragraph 103 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

104.    In answer to paragraph 104 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

105.    In answer to paragraph 105 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

106.    In answer to paragraph 106 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

107.    In answer to paragraph 107 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT EIGHTEEN
### Murata's Infringement of the '190 Patent

108.    In answer to paragraph 108 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

109.    In answer to paragraph 109 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

110.    In answer to paragraph 110 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

111.    In answer to paragraph 111 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

112.    In answer to paragraph 112 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT NINETEEN
### Murata's Infringement of the '021 Patent

113.    In answer to paragraph 113 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

114.    In answer to paragraph 114 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

115.    In answer to paragraph 115 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

116.    In answer to paragraph 116 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

117.    In answer to paragraph 117 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

118.    In answer to paragraph 118 of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

## COUNT TWENTY
### Murata's Infringement of the '083 Patent

119.    In answer to paragraph 119 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

120.    In answer to paragraph 120 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

121.    In answer to paragraph 121 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

122.    In answer to paragraph 122 of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-ONE
### Murata's Infringement of the '702 Patent

123.    In answer to paragraph 1 [sic: 123] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

124.    In answer to paragraph 2 [sic: 124] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    In answer to paragraph 3 [sic: 125] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

126.    In answer to paragraph 4 [sic: 126] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

127.    In answer to paragraph 5 [sic: 127] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-TWO
### Power-One's Infringement of the '190 Patent

128.    In answer to paragraph 6 [sic: 128] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

129.    In answer to paragraph 7 [sic: 129] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.    In answer to paragraph 8 [sic: 130] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

131.    In answer to paragraph 9 [sic: 131] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

132.    In answer to paragraph 10 [sic: 132] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-THREE
### Power-One's Infringement of the '021 Patent

133.    In answer to paragraph 11 [sic: 133] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

134.    In answer to paragraph 12 [sic: 134] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

135.    In answer to paragraph 13 [sic: 135] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

136.    In answer to paragraph 14 [sic: 136] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

137.    In answer to paragraph 15 [sic: 137] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-FOUR
### Power-One's Infringement of the '034 Patent

138.    In answer to paragraph 16 [sic: 138] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

139.    In answer to paragraph 17 [sic: 139] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

140.     In answer to paragraph 18 [sic: 140] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

141.     In answer to paragraph 19 [sic: 141] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

142.     In answer to paragraph 20 [sic: 142] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-FIVE
### Power-One's Infringement of the '083 Patent

143.     In answer to paragraph 21 [sic: 143] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

144.     In answer to paragraph 22 [sic: 144] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

145.     In answer to paragraph 23 [sic: 145] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

146.     In answer to paragraph 24 [sic: 146] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

147.     In answer to paragraph 25 [sic: 147] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-SIX
### Power-One's Infringement of the '702 Patent

148.     In answer to paragraph 26 [sic: 148] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

149.     In answer to paragraph 27 [sic: 149] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

150.     In answer to paragraph 28 [sic: 150] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

151.     In answer to paragraph 29 [sic: 151] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

152.     In answer to paragraph 30 [sic: 152] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-SEVEN
### Lineage's Infringement of the '190 Patent

153.     In answer to paragraph 31 [sic: 153] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

154.     In answer to paragraph 32 [sic: 154] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

155.     In answer to paragraph 33 [sic: 155] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

156.     In answer to paragraph 34 [sic: 156] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

157.     In answer to paragraph 35 [sic: 157] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**COUNT TWENTY-EIGHT**
**Lineage's Infringement of the '021 Patent**

158.     In answer to paragraph 36 [sic: 158] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

159.     In answer to paragraph 37 [sic: 159] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

160.     In answer to paragraph 38 [sic: 160] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

161.     In answer to paragraph 39 [sic: 161] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

162.     In answer to paragraph 40 [sic: 162] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT TWENTY-NINE
### Lineage's Infringement of the '034 Patent

163.     In answer to paragraph 41 [sic: 163] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

164.     In answer to paragraph 42 [sic: 164] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

165.     In answer to paragraph 43 [sic: 165] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

166.     In answer to paragraph 44 [sic: 166] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

167.     In answer to paragraph 45 [sic: 167] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT THIRTY
### Lineage's Infringement of the '083 Patent

168.   In answer to paragraph 46 [sic: 168] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

169.   In answer to paragraph 47 [sic: 169] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

170.   In answer to paragraph 48 [sic: 170] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

171.   In answer to paragraph 49 [sic: 171] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

172.   In answer to paragraph 50 [sic: 172] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## COUNT THIRTY-ONE
### Lineage's Infringement of the '702 Patent

173.   In answer to paragraph 51 [sic: 173] of the Complaint, Bel Fuse repeats its answers to the preceding paragraphs.

174.   In answer to paragraph 52 [sic: 174] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

175.     In answer to paragraph 53 [sic: 175] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

176.     In answer to paragraph 54 [sic: 176] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

177.     In answer to paragraph 55 [sic: 177] of the Complaint, as the allegations concern another defendant, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## WILLFUL INFRINGEMENT BY DEFENDANTS

178.     In answer to paragraph 56 [sic: 178] of the Complaint, Bel Fuse denies the allegations therein, as applied to Bel Fuse.

## AFFIRMATIVE DEFENSES

### Affirmative Defense One:  Non-Infringement of the '190 Patent

179.     Bel Fuse has not infringed nor induced or contributed to infringement of the '190 patent.

### Affirmative Defense Two:  Non-Infringement of the '021 Patent

180.     Bel Fuse has not infringed nor induced or contributed to infringement of the '021 patent.

### Affirmative Defense Three:  Non-Infringement of the '083 Patent

181.     Bel Fuse has not infringed nor induced or contributed to infringement of the '083 patent.

**Affirmative Defense Four:  Non-Infringement of the '702 Patent**

182.     Bel Fuse has not infringed nor induced or contributed to infringement of the '702 patent.

**Affirmative Defense Five:  Invalidity of the '190 Patent**

183.     The '190 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action.

**Affirmative Defense Six:  Invalidity of the '021 Patent**

184.     The '021 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action.

**Affirmative Defense Seven:  Invalidity of the '083 Patent**

185.     The '083 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action.

**Affirmative Defense Eight:  Invalidity of the '702 Patent**

186.     The '702 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action.

**Affirmative Defense Nine:  Inequitable Conduct**

187.     On information and belief, Martin F. Schlecht ("Schlecht"), his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '190 patent violated their duty of candor and good faith in dealing with the United States Patent and

Trademark Office ("PTO") by intentionally making affirmative misrepresentations of material fact with the intent to deceive the PTO, rendering the '190 patent unenforceable for inequitable conduct. The '021, '083 and '702 patents issued from patent applications that continued, directly or in-part, from the application that issued as the '190 patent. As a result, the '021, '083 and '702 patents are unenforceable, both directly and under the doctrine of infectious unenforceability, as a result of the inequitable conduct committed during prosecution of the '190 patent.

188. On March 29, 2004, Schlecht filed U.S. Patent Application No. 10/812,314 ("'314 Application"), along with an Information Disclosure Statement listing as prior art references: L. Haachitaba Mweene, et al., *A High Efficiency 1.5 kW, 390-50 V Half-Bridge Converter Operated at 100% Duty-Ratio*, IEEE, 1992, pp. 723-30 ("Mweene Article"); and Loveday Haachitaba Mweene, *The Design of Front-End DC-DC Converters of Distributed Power Supply Systems with Improved Efficiency and Stability*, Thesis, Massachusetts Institute of Technology, Sept. 1992, pp. 1-184 ("Mweene Thesis") (collectively, the "Mweene References").

189. The Mweene Article discloses, *inter alia*, a non-regulating isolation stage, and a plurality of non-isolating regulation stages, each receiving the output of the isolation stage. For example, Fig. 1 of the Mweene Article, reproduced below, depicts an isolation stage whose output is connected in parallel to plural point-of-load converters. As shown in Fig. 1, the Mweene Article teaches the use of an "isolation stage" in front of "point-of-load converters." This disclosure, which does not refer to the point-of-load converters as being themselves an "isolation stage," teaches one of ordinary skill in the art that the point-of-load converters are not isolated. The Mweene Article also teaches that the point-of-load converters are regulating. (*See* Mweene Article, at p. 726 – "[The output voltage] variation, plus the ripple from the PFC and

from the isolation stage, is corrected for by regulation capabilities of the point-of-load converters.")  In addition, the Mweene article teaches that the isolation stage may be non-regulating.  (*See* Mweene Article, at p. 723 – "Because of the constant input voltage, it is possible to run the isolation stage open loop, thus eliminating the stability problems associated with feedback regulation of the output voltage.")



(Mweene Article, Fig. 1.)

190.    The Mweene Thesis also discloses, *inter alia*, a non-regulating isolation stage, and a plurality of non-isolating regulation stages, each receiving the output of the isolation stage.  For example, Fig. 1.1 of the Mweene Thesis, a portion of which is reproduced below, depicts a front-end converter whose output is connected to plural point-of-load converters.  The Mweene Thesis discloses that the front-end converter is isolated.  (*See* Mweene Thesis, at p. 20 – "The main functions of a front-end converter are … to isolate the bus from the mains.")  The Mweene Thesis also discloses that the front-end converter is non-regulating.  (*See* Mweene Thesis, at p. 101 – "With open-loop control, the isolation stage has no regulation capabilities.")  In addition, the Mweene Thesis discloses that the point-of-load converters are not isolated.  As in the Mweene Article, the Mweene Thesis teaches the use of an "isolation stage" in front of "point-of-load converters."  This disclosure, which does not refer to the point-of-load converters as being

themselves an "isolation stage," teaches one of ordinary skill in the art that the point-of-load converters are not isolated.  Further, the Mweene Thesis teaches that the point-of-load converters are regulating.  (*See* Mweene Thesis, at p. 101 – "the point-of-load converters have to be able to regulate the working level voltages ….")



(Mweene Thesis, Fig. 1.1.)

191.    On June 13, 2005, Schlecht submitted an Amendment to the PTO, cancelling the originally filed claims, and presenting a new set of claims purportedly directed to an implementation "known as an intermediate bus converter."  According to Schlecht:

> The approach allows for the use of a single isolation stage to step-down, for example, from 48 volts to 12 volts. That stage can be very efficient because no or minimal regulation is required.  Regulation is then provided in plural regulation stages to separate outputs. Those regulation stages may be very simple and efficient because, from the low voltage such as 12 volts, no isolation is required.

In other words, under Schlecht's interpretation, the new claims were purportedly directed to an isolation stage with no or minimal regulation followed by plural regulation stages with no isolation.  (*See* '190 patent file history, June 13, 2005 Amendment, at p. 8.)

192.    After describing the new claims, Schlecht directed the Examiner's attention to the Mweene Article and the Mweene Thesis.  Schlecht admitted that the Mweene Article discloses "an isolation stage [that] provide[s] step down from 390V to 50V without regulation."  Schlecht

further admitted that the Mweene Article discloses that the 50V output of the isolation stage "was then stepped down in plural point of load converters to various output voltages," and that each point of load converter is a regulating stage.  Thus, by Schlecht's own admission, the Mweene Article discloses an isolation stage with no regulation followed by plural regulation stages.  (*Id.*)

193.    In an attempt to distinguish over the Mweene References, Schlecht proceeded to falsely assert that "given the high voltage level at their inputs, each [point of load converter] *would necessarily have included isolation*" (*Id.*; emphasis added).  Schlecht appears to have used this false statement to support his conclusion that "[r]ather than directly converting from the 50 volts to the required voltage in an *isolation* and regulating stage as in Mweene, the present invention first down converts through an isolating stage without regulation to a voltage that does not require isolation and then converts that voltage to the required voltage without further isolation."  (*Id.*; emphasis added)

194.    On information and belief, Schlecht knew that the above assertion and conclusion were false, or was recklessly indifferent to their falsity.  As was well known in the art, a point-of-load converter with an input in the range of 50V does <u>not</u> have to include isolation.  For example, the excerpt below from Ronald J. Gutmann, *Application of RF Circuit Design Principles to Distribute Power Converters*, IEEE TRANSACTIONS ON INDUSTRIAL ELECTRONICS AND CONTROL INSTRUMENTATION, Vol. IECI -27, No. 3, August 1980 ("Gutmann Article"), unequivocally states that isolation is not required in a 48-V to 5-V distributed power converter.

III. DESIGN FOR 25-W, 48-V TO 5-V DISTRIBUTED
POWER CONVERTER

In this investigation into high frequency dc-to-dc converters,
a 25-W, 48-V to 5-V design objective was specified. The
approach was taken as follows:

1) emphasize overall conversion efficiency as the key
design goal, selecting RF circuit approaches most likely
to achieve high efficiency;

2) use available RF designs, as much as possible, to realize
the components of a dc-to-dc converter (sine wave in-
verter, single frequency transformer, rectifier with sine
wave input);

3) load and line regulation and control circuit method-
ologies should be considered, but without expending
effort in design implementations;

4) dc isolation would not be required, but the design
should be amenable to including this feature if necessary;

5) input and output filtering requirements would not ex-
plicitly be considered, but the ripple amplitudes would
be delineated.

195.    On information and belief, Schlecht was well aware of this.  For example,
Schlecht is a named inventor of U.S. Patent No. 4,788,634 ("'634 patent"), which issued on
November 29, 1988, over eight years before the provisional patent application to which the '190
patent claims priority.  The '634 patent provides that "point-of-load converters should have a
power handling density of at least 50 watts/in$^3$ in order to make [] a distributive power system
viable," and asserts that in order to achieve such power handling density, the switching
frequency of the point-of-load converter must be in the 5-10 MHz range.  ('634 patent, at col. 1,
lines 15-32.)  The '634 patent then states that "[t]he switching of a power circuit in the 10 MHz
range is disclosed by … [the Gutmann Article] …."  As discussed above, the Gutmann article
clearly discloses that a point-of-load converter with a relatively high input voltage does not need
to be isolated.

196.    In response to Schlecht's June 13, 2005 Amendment and the false statements set
forth therein, the PTO issued a Notice of Allowance on August 17, 2005.  On November 18,
2005, Schlecht submitted a Request for Continued Examination, enclosing another Information

Disclosure Statement.  No rejections were issued on the newly cited references, and the PTO issued a second Notice of Allowance on January 30, 2006.  The '190 patent issued on July 4, 2006.  Thus, it appears that Schlecht's misrepresentations that the point of load converters disclosed in the Mweene Article necessarily included isolation were instrumental in securing allowance of the claims of the '190 patent which, on information and belief, would not otherwise have issued.

197.    For the reasons set forth in paragraphs 187 - 196 above, and also for all reasons set out by any other defendant in this action, whose allegations regarding inequitable conduct are incorporated herein by reference, each of the patents-in-suit, namely the '190, '021, '083 and '702 patents, are unenforceable for inequitable conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Bel Fuse prays that the Court deny all of the requests for relief specified by SynQor in the Complaint as they apply to Bel Fuse and particularly requests that the Court:

A.    Render judgment finding that Bel Fuse has not infringed, directly or indirectly, the '190, '021, '083, and '702 patents;

B.    Render judgment that Bel Fuse has not willfully infringed, directly or indirectly, any of the '190, '021, '083, and '702 patents;

C.    Render judgment that each of the '190, '021, '083, and '702 patents is invalid or otherwise unenforceable;

D.    Render judgment that each of the '190, '021, '083, and '702 patents is unenforceable for inequitable conduct;

E.    Deny preliminary or permanent injunctions against Bel Fuse and for alleged direct or indirect infringement of the '190, '021, '083, and '702 patents;

F.    Deny an award of compensatory damages against Bel Fuse;

G.    Deny an award of enhanced or of trebled damages against Bel Fuse;

H.    Deny an award of interest against Bel Fuse;

I.    Find that this case against Bel Fuse is not exceptional pursuant to 35 U.S.C. § 285;

J.    Find this to be an exceptional case and award Bel Fuse its reasonable attorney's fees and costs; and

K.    Award such and other further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Steven N. Williams
**Steven N. Williams**
Texas State Bar No. 21577625
williams@slater-matsil.com

Adam C. Davenport
Texas State Bar No. 24065117
davenport@slater-matsil.com

**SLATER & MATSIL, L.L.P.**
17950 Preston Road, Suite 1000
Dallas, Texas 75252
Telephone: (972) 732-1001
Facsimile: (972) 732-9218

ATTORNEYS FOR DEFENDANT
BEL FUSE INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 2, 2009.


/s/ Steven N. Williams
Steven N. Williams