## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, | § | |
| INC., ET AL. | § | |

## **ORDER**

Pending before the court are the Fish defendants'[1] motion to limit the number of asserted claims (Dkt. No. 373) and the plaintiff SynQor, Inc.'s motion to modify docket control order (Dkt. No. 389). The Fish defendants argue that the court should compel SynQor to reduce the number of claims it asserts, which is presently 183 claims. SynQor responds that it should not have to eliminate any of its asserted claims until after the court's claim construction ruling. SynQor also argues that the defendants should first be required to reduce the number of their asserted prior art references, which currently stands at 166.

"The practice of asserting an unreasonably large number of patent claims serves to obfuscate the more material issues in the case, and effectively undermines the purpose of the patent rules." *Crane Co. v. Sandenvendo Am., Inc.*, 2:07-cv-042 (E.D. Tex. Aug. 15, 2008) (No. 66). As such, the court GRANTS in part and DENIES in part both motions and issues the following order:

• Within fourteen days of this order, SynQor shall reduce the number of asserted claims to fifty and provide that list of claims to the defendants.

• No later than ten days after SynQor narrows its list of asserted claims, the defendants shall

---

[1] The "Fish defendants" are Delta Electronics, Inc., Delta Products Corp., Murata Electronics North America, Inc., Murata Manufacturing Co., Ltd., Murata Power Solutions, Inc., and Power-One, Inc.

reduce the number of asserted prior art references to forty and provide that list of references to the plaintiff.

Any party may move for further limitations to take effect after claim construction.

SIGNED this 25th day of March, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE