**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>      Plaintiff,<br><br> v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>      Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR, INC.'s MOTION TO STRIKE DEFENDANTS'
INEQUITABLE CONDUCT DEFENSES, AND MOTION TO DISMISS
<u>DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS</u>**

Plaintiff SynQor, Inc. ("SynQor") respectfully moves the Court to strike/dismiss the

inequitable conduct allegations in Lineage/Cherokee[1] and the Fish defendants'[2] answers.

Because these defendants have re-urged the same inequitable conduct allegations raised in their

---

[1] Lineage Power Corp. and Cherokee International Corp. (collectively "Lineage/Cherokee") filed their answers as one document.

[2] Delta Electronics, Inc. and Delta Products Corp. (collectively "Delta"), Murata Mfg. Co. Ltd., Murata Electronics North America, Inc. and Murata Power Solutions, Inc. (collectively "Murata/MPS"), and Power-One, Inc. ("Power-One") (all collectively "the Fish defendants") are represented by Fish & Richardson P.C.

previous answers, SynQor incorporates by reference the arguments and discussion presented in its original motions to strike these allegations at Dkt Nos. 334, 335, and 336, and the replies in support thereof at Dkt Nos. 348, 349 and 350.

## BACKGROUND

1. On November 2, 2009, defendants Bel Fuse, Lineage/Cherokee and the Fish defendants (but not Artesyn or Astec) amended their answers to allege inequitable conduct affirmative defenses and counterclaims. (See Dkt Nos. 321 through 328).

2. On November 16, 2009, SynQor filed three companion motions at the same time seeking to strike/dismiss the inequitable conduct allegations of Bel Fuse, Lineage/Cherokee and the Fish defendants. (See Dkt Nos. 334, 335, & 336). The motions interrelated to one another to avoid repetition.

3. On May 27, 2010, the Court granted SynQor leave to amend its Third Amended Complaint, and SynQor's Fourth Amended Complaint For Patent Infringement was deemed to have been filed as of the original date of its filing, May 26, 2010. (See Dkt No. 429).

4. The defendants filed answers to SynQor's Fourth Amended Complaint on June 9, 2010, and June 10, 2010. (See Dkt Nos. 437 through 445).

5. In its June 10, 2010, answer, Bel Fuse removed the inequitable conduct allegations it had previously urged. (See Dkt No. 445). Accordingly, SynQor does not seek to strike/dismiss such allegations from Bel Fuse's answer in the present motion. Because of the interrelatedness of the motions however, the discussion in SynQor's previous motion at Dkt No. 334 and reply at Dkt No. 348 remains relevant to the Lineage/Cherokee and the Fish defendants' allegations of inequitable conduct.

6. In their June 10, 2010, answer, Lineage/Cherokee include the same allegations of inequitable conduct as in their November 2, 2009, answer. (See Dkt No. 439; compare Dkt No. 322).

7. In their June 10, 2010, answers, the Fish defendants include the same allegations of inequitable conduct as in their November 2, 2009, answers. (See Dkt Nos. 440 through 444; compare Dkt. Nos. 323 through 327).

## ARGUMENT

Not wishing to burden the Court by rehashing arguments that have already been briefed, SynQor relies on its arguments and discussion presented in its original motions to strike these allegations at Dkt Nos. 334, 335, and 336, and the replies in support thereof at Dkt Nos. 348, 349 and 350.

## CONCLUSION

For the foregoing reasons (and as discussed in Dkt Nos. 334, 335, 336, 348, 349 and 350), SynQor respectfully requests that the Court strike Lineage/Cherokee's inequitable conduct Defense No. 1 and dismiss Lineage/Cherokee's inequitable conduct counterclaims in Count Nos. 1-5, from their Answer, Dkt No. 439; and strike the Fish defendants' Defense No. 12 for each of the Fish defendants, and dismiss the Fish defendants' inequitable conduct counterclaims, Count No. 5 for Murata/MPS, and Count No. 6 for Delta Electronics and Power-One, from each of the Fish defendants' Answers, Dkt Nos. 440, 441, 442, 443, and 444.

A proposed order is attached.

| | |
|---|---|
| Dated: July 6, 2010 | */s/ Thomas D. Rein* |

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:    312.853.7000
Facsimile:     312.853.7036


**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:    214.981.3300
Facsimile:     214.981.3400


*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the parties met and conferred with respect to this motion as required by Local Rule CV-7(h).  Counsel for SynQor were Thomas Rein and David DeZern.  Counsel for the Fish defendants, Delta, Murata/MPS and Power-One, were Alan Smith, Steven Katz, Kevin Su and Glenn Thames. Counsel for Lineage/Cherokee were Rich Vazquez, Jeff Lindgren, and Bill Cornelius.  Because the defendants had filed answers to SynQor's Fourth Amended complaint re-alleging the inequitable conduct allegations previously raised, counsel for SynQor explained that SynQor intended to file this motion to strike/dismiss the inequitable conduct allegations from their answers for the same reasons that were previously briefed.  Counsel for Fish defendants and Lineage/Cherokee did not object to our renewing our motion to strike/dismiss, but each still oppose our motion to strike/dismiss as reflected in their previous briefing on these issues.  Therefore, this motion is opposed.

                                                         */s/ Thomas D. Rein*  
                                                         Thomas D. Rein

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on July 6, 2010.

                                                         */s/David T. DeZern*  
                                                         David T. DeZern