IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., | § | |
| ASTEC AMERICA, INC., | § | JURY TRIAL DEMANDED |
| CHEROKEE INTERNATIONAL COPR., | § | |
| DELTA ELECTRONICS, INC., | § | |
| LINEAGE POWER CORP., | § | |
| MURATA ELECTRONICS NORTH | § | |
| AMERICA, INC., | § | |
| MURATA MANUFACTURING CO., LTD., | § | |
| MURATA POWER SOLUTIONS INC., | § | |
| and POWER-ONE, INC. | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Three reports of the Magistrate Judge (Dkt. Nos. 489, 490, and 491), which contain his recommendation that the Court grant plaintiff SynQor, Inc.'s ("Plaintiff" or "SynQor") motion to strike Defendant Bel Fuse Inc.'s ("Bel Fuse") inequitable conduct defenses (Dkt. No. 334), Plaintiff's motion to strike defendants Lineage Power Corp.'s ("Lineage") and Cherokee International Corp's ("Cherokee") inequitable conduct defenses and counterclaims (Dkt. No. 335), and Plaintiff's motion to strike defendants Delta Electronics, Inc., Delta Products Corp., Murata Electronics North America, Inc., Murata Manufacturing Co., Murata Power Solutions, Inc., and Power-One, Inc.'s (collectively, the "Fish

1

Defendants") inequitable conduct defenses and counterclaims (Dkt. No. 336), have been presented for consideration.

On September 23, 2010, SynQor filed objections to all three reports and recommendations (Dkt. No. 505). SynQor objects to the three reports and recommendations to the extent that they do not adopt all of SynQor's arguments and positions set forth in its briefs. On September 23, 2010, the Fish Defendants also filed objections to the report and recommendation advising dismissal of their inequitable conduct defenses and counterclaims (Dkt. No. 504). The Fish Defendants' objections primarily reargue the positions taken in their original briefing of the motion to strike. Defendants Bel Fuse, Lineage, and Cherokee did not object to the reports and recommendations dismissing their inequitable conduct defenses and counterclaims.

Having reviewed the objections and arguments of the parties, the applicable law, and the reports and recommendations, the Court is of the opinion that neither SynQor's objections nor the Fish Defendants' objections have merit and that the conclusions of the Magistrate Judge are correct. Therefore, the Court adopts, in their entirety, the reports of the United States Magistrate Judge as the conclusions of this Court (Dkt. Nos. 489, 490, and 491). Accordingly, Plaintiff's motion to strike Bel Fuse's inequitable conduct defenses (Dkt. No. 334), Plaintiff's motion strike Lineage and Cherokee's inequitable conduct defenses and counterclaims (Dkt. No. 335), and Plaintiff's motion to strike the Fish Defendants' inequitable conduct defenses and counterclaims (Dkt. No. 336) are GRANTED and the inequitable conduct defenses and counterclaims of Bel Fuse, Lineage, Cherokee, and the Fish Defendants are DISMISSED WITHOUT PREJUDICE. The Court FURTHER ORDERS that leave is granted for Bel Fuse, Lineage, Cherokee, and the

Fish Defendants to file amended inequitable conduct defenses and counterclaims within fourteen days of the date of this order. However, if the Defendants fail to file amended inequitable conduct defenses and counterclaims within this time period, the inequitable conduct defenses and counterclaims of Bel Fuse, Lineage, Cherokee, and the Fish Defendants will be dismissed with prejudice.

It is SO ORDERED.

SIGNED this 28th day of September, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE