UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., ET AL. | § | |

## ORDER

Pending before the court is SynQor, Inc.'s ("SynQor") motion for partial summary judgment with respect to infringement by the Lineage/Cherokee Defendants (Dkt. No. 540). To facilitate the parties' trial preparation, the court grants-in-part and denies-in-part the motion and will issue a more detailed memorandum opinion at its earliest convenience.

1. **The '083 Patent**

SynQor seeks summary judgment as to claim 1 of the '083 Patent. This claim is drawn to a converter, rather than a system. The court has carefully reviewed the record in light of the applicable law. As to claim 1, the Cherokee/Lineage defendants have demonstrated genuine issues of material fact with respect to the "DC-DC power converter" limitation and the limitation requiring a transition period "when the first controlled rectifier and the second controlled rectifier are both off and their corresponding uncontrolled rectifiers are both conducting." The court grants SynQor's motion with regard to the remaining limitations of claim 1 of the '083 Patent.

2. **The '190, '021, and '702 Patents**

The asserted claims of the '190, '021, and '702 Patents are system claims. The claims of the '190 Patent generally require a DC power source, a non-regulating isolation stage, and a plurality of non-isolating regulation stages. SynQor seeks partial summary judgment that the

accused Lineage/Cherokee converters meet the non-regulating isolation stage limitations of claims 2, 8, 10, and 19 of the '190 Patent when those products are incorporated into third-party products. Defendants have demonstrated a genuine issue of material fact as to whether "the output of the isolation stage is about 12 volts." Otherwise, the court agrees with SynQor. In addition, as to the accused third-party systems, the defendants have raised a genuine issue of material fact concerning the existence of a "DC power source." The court, however, is persuaded that the third-party systems accused of infringing the asserted claims of the '190 Patent contain the remaining limitations.

SynQor asserts claims 21 and 30 of the '021 Patent. As to these claims, genuine issues of material fact exist regarding the "DC power source" limitation. The accused bus converters, however, satisfy the normally non-regulating isolation stage limitations of the asserted claims. The court also grants summary judgment that the third-party products accused of infringement satisfy the requirement that the output of the non-isolating regulators be of a voltage level to drive logic circuitry. Nothing in the claim language limits the voltage to the specific levels referenced in the patent, and SynQor has pointed to testimony that the non-isolating regulators are used to drive logic circuitry.

SynQor also asserts claims 56 and 71 of the '702 Patent. The court is persuaded that genuine issues of material fact exist as to the "DC-DC power converter system" limitation. The court is also persuaded that SynQor has not shown that the Fujitsu FC956ETA1 systems include "a rectified source of power that is a DC input." Finally, the court is persuaded that the defendants' converters satisfy all remaining "non-regulating isolation stage" limitations of the '702 Patent, except for the limitation requiring that there be "a short time, during a transition

between the portions, when the first controlled rectifier and the second controlled rectifier are both off and their corresponding uncontrolled rectifiers are both conducting."

### 3. The '034 Patent

SynQor asserts claim 9 of the '034 Patent. Claim 9 is drawn to a semi-regulated DC-DC converter system. The court is persuaded that there are genuine issues of material fact as to whether Lineage/Cherokee's accused semi-regulated bus converters meet the following limitations of claim 9: (1) "DC-DC converter system;" and (2) "a control circuit that senses a voltage in the primary transformer winding circuit to provide a feedback control signal without bridging an isolation barrier between the primary and secondary transformer winding circuits, the feedback control signal controlling semi-regulation by control of duty cycle of a transistor in the primary transformer winding circuit." The remaining limitations of claim 9, including the requirement that the outputs of the switching regulators are of voltage levels to drive logic circuitry, are satisfied.

### 4. Induced/Contributory Infringement

The court denies summary judgment on the remaining elements of induced and contributory infringement, including whether the accused converters have substantial non-infringing uses.[1]

SIGNED this 10th day of December, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not intend to grant summary judgment that the accused unregulated or semi-regulated converter products identified at pp. 4-5 of Lineage/Cherokee's response brief are actually used in any third party products.