UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

**ORDER**

Now before the Court are SynQor's objections to Defendants' deposition designations of Loveday Mweene. Having carefully considered the Mweene paper, the Mweene thesis and Defendants' invalidity contentions, the Court rules as follows:

Where Dr. Mweene testifies as to the publication date of his thesis or his article, or testified as to when his thesis was public knowledge, the Court sustains Plaintiff's objections. Accordingly, the Court excludes the testimony found at page 18 lines 5-8, page 31 line 24 through page 32 line 4, and page 32 lines 8-12. Plaintiff's objection to Dr. Mweene's testimony relating to his experience with the MIT library, found at page 10 lines 15-22, is overruled.

Where Dr. Mweene or defense counsel summarize the Mweene thesis or Mweene article, the Court sustains Plaintiff's objections. Accordingly, the Court excludes the testimony found at page 25 lines 16-20, page 31 lines 12-17, and page 60 lines 5-11.

Where Dr. Mweene testifies as to what knowledge the public had, what the public would know a term to mean, what limitations would be inherent in his disclosure, how the circuits in his thesis operated, what functions various circuit elements performed or general terminology or concepts related to but not disclosed by his thesis, the Court sustains Plaintiff's objections. This testimony is properly expert testimony and Defendants have not designated Dr. Mweene as an expert. Accordingly, the Court excludes the testimony found at page 49 line 24 through page 50 line 9, page

61 lines 5-16, page 64 lines 5-7, page 68 lines 13-17, page 72 line 16 through page 73 line 6, page 75 lines 6-10, page 76 lines 1-15, page 79 line 15 through page 80 line 10, page 81 line 25 through page 82 line 5, page 84 lines 4-15, page 86 lines 5-17, page 91 line 13 through page 92 line 23, page 93 lines 3-9, page 93 line 14 through page 95 line 24, page 96 line 18 through page 98 line 12, page 99 lines 1-6, page 135 lines 14-20, and page 213 lines 12-20.

Where Dr. Mweene testifies as to whether an advance would have been a "major technological development" for someone in possession of Dr. Mweene's thesis, the Court sustains Plaintiff's objections. This testimony is properly expert testimony on obviousness, and Defendants have not designated Dr. Mweene as an expert. Accordingly, the Court excludes the testimony found at page 212 lines 5-25.

Additionally, the Court sustains Plaintiff's objection to Dr. Mweene's testimony at page 72 lines 1-5. Defense counsel's question summarizes Dr. Mweene's previous answer, which involves his interpretation of his thesis in hindsight in view of his present knowledge. The Court similarly sustains Plaintiff's objection to Dr. Mweene's testimony at page 43 lines 8-12 and page 73 lines 7-11, where defense counsel summarizes a previous answer with his question.

The Court overrules the remainder of Plaintiff's objections to Defendants' deposition designations. The balance of Defendants' deposition designations entail Dr. Mweene testifying as to his background, his work leading to his thesis and his article, and the content of his publications. These subjects are all relevant and permissible for prior art author testimony. The testimony where Dr. Mweene attempted to fill gaps or explain what his work would mean to one of ordinary skill in the art has been excluded, so the allowed testimony does not violate the Court's ruling on SynQor's motion in limine.

During trial, Defendants filed additional briefing seeking to rebut testimony by Dr. Schlecht about Dr. Mweene's thesis. (Dkt. No. 782). In reaching its decision herein, the Court has considered the arguments advanced by counsel. Defendants' attempt to qualify Dr. Mweene as an expert during trial for the purpose of explaining his own prior publications is denied. Defendants have not complied with the Court's Docket Control Order (Dkt. No. 459) in designating Dr. Mweene as an expert witness. Allowing Dr. Mweene to give expert testimony without notice to Plaintiff, and without an expert report or deposition, would be highly prejudicial.

SIGNED this 15th day of December, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE