# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

SYNQOR, INC.

                Plaintiff,

      v.

ARTESYN TECHNOLOGIES, INC.,
ASTEC AMERICA, INC.,
BEL FUSE INC.,
CHEROKEE INTERNATIONAL CORP.,
DELTA ELECTRONICS, INC.,
DELTA PRODUCTS CORP.,
LINEAGE POWER CORP.,
MURATA ELEC. NORTH AMERICA, INC.,
MURATA MANUFACTURING CO., LTD.,
MURATA POWER SOLUTIONS INC.
ASTEC, INC.

                Defendants.

Civil Action No. 2:07-CV-497-TJW-CE

**JURY TRIAL DEMANDED**

## SYNQOR, INC'S OBJECTION TO
## TESTIMONY OF MS. FERRANTE

## I.     INTRODUCTION

SynQor objects to the Defendants' attempt to call a witness who was never disclosed during fact discovery.  Defendants  have indicated that they plan to call Ms. Laura Ferrante as a live witness at trial.  Ms. Ferrante is an employee of Defendant Astec America Inc.  However, neither Artesyn/Astec nor any other Defendant ever identified Ms. Ferrante on any of the Defendants' initial disclosure lists as a person who may potentially have information relevant to the case.  By doing so, the Defendants have unduly prejudiced SynQor by denying it the opportunity to take Ms. Ferrante's deposition or seek other discovery regarding Ms. Ferrante. Accordingly, the Court should preclude the Defendants from calling Ms. Ferrante as a witness in accordance with the Federal Rules of Civil Procedure.

## II.    DEFENDANTS' FAILURE TO DISCLOSE MS. FERRANTE AS REQUIRED BY RULE 26 PRECLUDES DEFENDANTS' USE OF MS. FERRANTE AS A WITNESS AT TRIAL

Fed. R. Civ. P. 26(a)(1)(A)(i) requires that each party must, without awaiting a discovery request, provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Rule 26 also requires parties to supplement their initial disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1).  Furthermore, Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

None of the Defendants disclosed Ms. Ferrante as a person likely to have discoverable information in their original or supplemental initial disclosures.  The first identification of Ms.

Ferrante as a potential witness was in Artesyn/Astec's pretrial witness list served on November 5, 2010, in which she was identified as a "will call" witness.  (Ex. 1.)  There is no indication that the Defendants were unaware of Ms. Ferrante's knowledge of discoverable facts or that they could not have identified Ms. Ferrante during the fact discovery period.  Indeed, in his deposition as a 30(b)(6) representative for Artesyn/Astec, Mark Rice revealed that he had consulted with Ms. Ferrante in preparing for his deposition.  (*E.g.*, Ex. 2, 2/24/10 Rice Dep. at 39:11-16.)  However, the Defendants did not amend their initial disclosures to include Ms. Ferrante after Mr. Rice's deposition.  Based on this failure, SynQor had no reason to expect that Artesyn/Astec would rely on Ms. Ferrante as a trial witness and never sought her deposition.

SynQor timely objected to Artesyn/Astec's plan to call Ms. Ferrante (among other late-disclosed witnesses) in its Motion *in Limine* No. 22.  (Dkt. No. 599 at 39-41.)  The Court denied SynQor's motion "as a Motion in Limine" (Dkt. No. 708 at 50), but did not preclude SynQor from raising its objection to Ms. Ferrante's testimony again at trial.

The prejudice to SynQor caused by Defendants' failure to disclose is significant.  SynQor must prepare to cross-examine a witness without the benefit of a deposition or other discovery, which will limit its ability to impeach her testimony.  SynQor does not even have any indication as to what topics Ms. Ferrante may address in Court.  For at least these reasons, SynQor would be unduly prejudiced if Ms. Ferrante were allowed to testify now without being disclosed during fact discovery.

## III.    CONCLUSION

For the foregoing reasons, the Defendants failure to disclose Ms. Ferrante as required by Fed. R. Civ. P. 26 was neither substantially justified nor harmless.  Accordingly, SynQor respectfully requests that the Court sustain SynQor's objection to any attempt to call Ms. Ferrante as a witness at trial.

Dated:   December 19, 2010

/s/ Thomas D. Rein

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Paul E. Veith** (*admitted pro hac vice*)
pveith@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Thomas F. Hankinson** (*admitted pro hac vice*)
thankinson@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:     312.853.7000
Facsimile:     312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddzern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
Telephone:     214.981.3400
Facsimile:     214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record for all Defendants are being served with a copy of this Synqor, Inc's Objection To Testimony Of Laura Ferrante via electronic service on this the 19th day of December, 2010.

*/s/ Bryan C. Mulder*
Bryan C. Mulder