AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| SynQor, Inc. | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cv-497-TJW-CE |
| Artesyn Technologies, Inc., et al. | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___12/29/2010___ against ___Defendants___ ,
                                                                 *Date*
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ............................................................... | $   350.00 |
| Fees for service of summons and subpoena ............................................. | 0.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | |
| Fees and disbursements for printing ................................................... | 0.00 |
| Fees for witnesses *(itemize on page two)* ................................................. | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. ........................................... | 379,733.57 |
| Docket fees under 28 U.S.C. 1923 ..................................................... | 20.00 |
| Costs as shown on Mandate of Court of Appeals ......................................... | 0.00 |
| Compensation of court-appointed experts ............................................... | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | 0.00 |
| Other costs *(please itemize)* .......................................................... | 0.00 |
| TOTAL | $   626,484.60 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☑   Electronic service          ☐   First class mail, postage prepaid

☐   Other:

s/ Attorney: _[signature]_

Name of Attorney: David T. DeZern

For: _____SynQor, Inc._____                                           Date: ___01/12/2011___
       *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

*Clerk of Court*              *Deputy Clerk*              *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

**CERTIFICATE OF CONFERENCE**

   I hereby certify that the parties met and conferred with respect to this bill of costs as required by Local Rule CV-54. SynQor submitted the proposed bill of costs to opposing counsel for counsel's review in light of the applicable law and SynQor met and conferred with opposing counsel via teleconference on January 11, 2011. The parties were unable to reach agreement except that Artesyn and Astec do not oppose the $350 Fees of the Clerk. Counsel for SynQor during the teleconference were Tom Rein, Paul Veith, Rob Leighton, and David DeZern. Defendants Artesyn and Astec were represented by Al Deaver and Jennifer Ainesworth. Defendant Bel Fuse was represented by Steve Williams. Defendants Lineage and Cherokee were represented by Eric Benisek and William Cornelius. Defendants Delta, Murata, MPS, and Power-One were represented by Alan Smith and Glenn Thames. Because the parties were unable to reach agreement as to all matters, SynQor files the foregoing as a contested bill of costs.

      */s/David T. DeZern*         */s/ Thomas D. Rein*
      David T. DeZern          Thomas D. Rein
      Local Counsel for SynQor, Inc.     Lead Counsel for SynQor, Inc.