# WILSON, ROBERTSON & CORNELIUS

JENNIFER P. AINSWORTH
JON K. ALEXANDER¹
KAY K. CASERTA
WILLIAM CORNELIUS
KELLY B. LEA
MATTHEW T. MILAM
LEIGH C. PORTER
JAMES S. ROBERTSON, JR.²
JAMES D. VanDEVENTER
ROBERT H. WILSON
AMY S. YORK

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
909 ESE LOOP 323, SUITE 400
TYLER, TEXAS 75701
(903) 509-5000
FAX (903) 509-5091

POST OFFICE BOX 7339
TYLER, TEXAS 75711-7339

MURPH WILSON (1912-1998)

¹BOARD CERTIFIED ESTATE PLANNING & PROBATE LAW
²BOARD CERTIFIED OIL, GAS & MINERAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

June 2, 2011

**Via Telefax No. 903-935-2295**
Honorable T. John Ward
U.S. DISTRICT COURT
100 E. Houston Street
Marshall, Texas 75670

   RE: Case No. 2:07-cv-00497-TJW-CE; *SynQor, Inc. v. Artesyn Technologies, Inc. et al*
      USDC Eastern District of Texas, Marshall Division

Dear Judge Ward:

Defendants Lineage Power Corporation ("Lineage") and Cherokee International Corporation ("Cherokee") respectfully request that the Court take notice of the United States Supreme Court's recent decision, *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. ___ (2011), a copy of which is attached hereto as Exhibit A. The decision bears on the Court's consideration of: 1) Lineage's and Cherokee's Motion for Judgment as a Matter of Law Regarding Pre-Suit Infringement and for a Remittitur or New Trial on Damages Pursuant to Fed. R. Civ. P. 50(b) and 59(a) ("Lineage's and Cherokee's Motion for JMOL") (Dkt. 956); and 2) Lineage's and Cherokee's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59 ("Lineage's and Cherokee's Motion for New Trial") (Dkt. 957).

In *SEB S.A. v. Montgomery Ward & Co., Inc.*, the Federal Circuit held that a deliberate disregard for a known risk that the plaintiff had a protective patent constitutes actual

knowledge of that patent sufficient to support liability for inducement. 594 F.3d 1360, 1377 (Fed. Cir. 2010).

This standard was rejected in *Global-Tech Appliances*. The Supreme Court first clarified that just as 35 U.S.C. §271(c) requires knowledge of the existence of the patent that is infringed, induced infringement under §271(b) requires the same knowledge. *Global-Tech Appliances*, 563 U.S. at *9-10. Thus, the Supreme Court held that induced infringement requires "knowledge that the induced acts constitute patent infringement," and expressly rejected the Federal Circuit's application of the "deliberate indifference to a known risk that a patent exists" standard. *Id.* at *10. The Supreme Court explained that the requisite knowledge for induced infringement may be satisfied under the doctrine of "willful blindness," which requires a showing that the defendant: 1) subjectively believed there was a high probability a fact exists; and 2) took deliberate actions to avoid learning that fact. *Id.* at *10, *13-14. The Supreme Court emphasized that willful blindness surpasses recklessness and negligence, and that "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 14.

As explained in Lineage's and Cherokee's Motion for JMOL, SynQor presented no evidence, direct or circumstantial, that Lineage or Cherokee had actual knowledge of SynQor's '190, '034, and '021 patents between their issuance in July 2006 and September 2007, on the one hand, and service of the complaint in this action on November 15, 2007. Instead, SynQor

presented circumstantial evidence that Lineage or Cherokee might have learned of the '417 patent from seeing: a) 1-2 SynQor datasheets in 2003 that may or may not have listed the '417 patent; and b) 2-3 SynQor products in 2003-04 that may or may not have been marked with the '417 patent. As also explained in Lineage's and Cherokee's Motion for JMOL, the '417 patent: 1) is not at issue in this action; 2) relates to fully regulated converters which are not at issue in this action; and 3) is assigned to someone other than SynQor who is not a party to this action.

SynQor presented no evidence to support application of the Supreme Court's new "willful blindness" standard to Lineage or Cherokee. The circumstantial evidence referenced above, in our view, could never establish a belief at Lineage or Cherokee that there was a high probability that SynQor had obtained patents between July 2006 and November 2007 covering IBA using unregulated and semi-regulated bus converters, and that Lineage and Cherokee were inducing infringement of such patents. Nor did SynQor present any evidence of deliberate actions taken by Lineage or Cherokee to avoid learning such facts.

Moreover, the Court's jury instructions did not comport with the Supreme Court's new standards for proving inducement[1]. As explained in Lineage's and Cherokee's Motion for New Trial, the Court declined to instruct the jury that SynQor must prove knowledge of the patent(s) in order to prove inducement. Instead, the Court adopted SynQor's proposed instructions which suggested that if Defendants had any reason to be aware of the existence of SynQor's

---

[1] Of course, it is acknowledged that this Court did not have the benefit of the holding in *Global-Tech Appliances* at that time.

Honorable T. John Ward
U.S. DISTRICT COURT
June 2, 2011
Page 4_____

patents, they could be liable for inducing infringement. Those instructions are at odds with the holding in *Global-Tech Appliances*.

For these reasons and those set forth in Lineage's and Cherokee's briefing on their Motion for JMOL and Motion for New Trial, Lineage and Cherokee respectfully request that the Court grant their motions and order the appropriate relief.

> Sincerely yours,
>
> */s/ William Cornelius*
> WILLIAM CORNELIUS

WC/ms
Attachment

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 3, 2011.

> */s/ William Cornelius*
> WILLIAM CORNELIUS

c:  **Via Electronic Filing**
Michael Hatcher (w/attachment)          All counsel of record (w/attachment)
SIDLEY AUSTIN
717 N Harwood, Suite 3400
Dallas, TX 75201

Thomas D Rein (w/attachment)
SIDLEY AUSTIN
Bank One Plaza
One South Dearborn Ave
Chicago, IL 60603