IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| v. | § | CASE NO: 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

**ORDER**

Pending before the Court is Defendant Lineage Power Corporation's ("Lineage") Motion for Reconsideration of Order Awarding Supplemental Damages to SynQor (Dkt. No. 1253). For the following reasons, the Court amends it previous award of supplemental damages by the amounts stated below.

The Court held a full evidentiary hearing on the issue of supplemental damages on June 15, 2011. On July 11, 2011, the Court entered an order awarding SynQor supplemental damages for the time periods of November 1, 2010 through December 21, 2010, and December 22, 2010 through January 24, 201. (Dkt. No. 1243.) In the Order, the Court indicated that it intended to follow the damages model adopted by the jury. (*Id.* at 15-17.) As the Court noted, SynQor's supplemental damages model submitted before the June 15th hearing did not follow the jury-adopted model. (*Id.* at 16.) SynQor submitted a supplemental declaration of Mr. Reed on June 15th that claimed to base its calculations of post-verdict damages on the jury-adopted model. (Dkt. No. 1194.) The Court adopted these calculations as to Lineage in awarding enhanced post-verdict supplemental damages as to Lineage in the amount of $414,524.83. Unfortunately, as with his original declaration, Mr. Reed's June 15th supplemental declaration diverged from the jury-adopted damages model. It also included sales of the 566A2, 568B2, and CDC350 that were already accounted for in SynQor's other motion for supplemental damages and in the

1

Court's Order granting that motion. Given these significant errors, the Court concludes that the supplemental damages awarded to SynQor against Lineage should be amended.

First, SynQor does not dispute that Mr. Reed used a higher importation percentage for the QBK025A0B741-BH in his June 15th declaration than the importation rate adopted by the jury. SynQor also does not dispute that the U.S. importation rate for Lineage's sales of the QBK025A0B741-BH to Cisco should be 42.1%. This results in a corrected amount of $117,460.56 before enhancement and a corrected amount of $205,546.08 after enhancement. Accordingly, the Court amends it previous award to account for this corrected result.

Second, SynQor does not dispute that it did receive double-recovery for the post-verdict sales of the 566A2, 568B2 and CDC350 parts. Instead, SynQor argues that Lineage's calculations fail to include the Court-ordered enhancement for these parts. SynQor then proposes a convoluted approach for "correcting" what appears to be other errors and omissions in Mr. Reed's calculations. (*See* Dkt. No. 1254, n.2.) The Court rejects SynQor's approach and will not continually revisit previous rulings so that SynQor can benefit from its own expert's mistakes. In this instance, SynQor proposes that the amount previously awarded by the Court should increase from $38,871.40 to $57,391.28, while Lineage argues that the amount should be $0. The reason for the proposed increase is based on an inadvertent omission by Mr. Reed. The Court notes that this is not the first mistake or omission by Mr. Reed, and if the Court had to revisit its previous rulings each time it would never be in a position to enter Final Judgment. Accordingly, in the interest of judicial efficiency, the Court adopts the damages award proposed by Lineage and amends it previous award of supplemental damages accordingly. The Court finds that the amended amount provides complete relief to SynQor for this damages period. The

Court also DENIES SynQor's request to revisit other rulings to correct other inadvertent errors by Mr. Reed as they relate to other defendants.

For the reasons stated above, the Court amends its previous order and awards SynQor the following supplemental damages to compensate it for Lineage's induced and contributory infringement of its patents.

|  | Post-Verdict Supplemental Damages (12/22/10 to 1/24/2011) | Enhanced Post-Verdict Supplemental Damages (12/22/10 to 1/24/2011) |
|---|---|---|
| **Lineage/Cherokee** | $187,396.94 | $327,944.64 |

IT IS SO ORDERED.

SIGNED this 17th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE