IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| v. | § | CASE NO: 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court are Defendants' Delta Electronics, Inc., Delta Products Corp., Murata Electronics North America, Inc., Murata Manufacturing Co., Ltd., Murata Power Solutions, Inc., and Power-One, Inc. (collectively the "Fish Defendants") motions for judgment as a matter of law ("JMOL") on the issues relating to the validity of the patents-in-suit[1] (Dkt. Nos. 846 and 959). Also pending before the Court are Defendants' Astec America, Inc., Artesyn Technologies, Inc., Cherokee International Corp. and Lineage Power Corp. motions for JMOL on the issues relating to the validity of the patents-in-suit (Dkt. Nos. 867, 961, 962, and 964). Also pending before the Court is Defendant's Bel Fuse, Inc., motion for JMOL on the issues relating to the validity of the patents-in-suit (Dkt. No. 975). Because the Court has only entered a partial judgment on the verdict, the Court considers all of these pending motions as motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). Having carefully considered the parties' submissions, the record, and the applicable law, the Court finds that the motions should be DENIED.

---

[1] U.S. Patent Nos. 7,072,190 ("the '190 patent") (PTX1), 7,269,034 ("the '034 patent") (PTX2), 7,272,021 ("the '021 patent") (PTX3), 7,558,083 ("the '083 patent") (PTX5), 7,564,702 ("the '702 patent") (PTX4).

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Near the close of Plaintiff's case-in-chief, the Court inquired on whether the parties were willing to stipulate to filing their JMOLs in writing before the close of trial. (*See* 12/16 PM Tr. at 53:24-54:21.) The parties agreed to stipulate that any JMOL filed by close of business on December 21, 2010, would be considered timely filed. (*See* 12/20 AM Tr. at 163:23-167:9.) The Court then instructed the parties that they were to file their JMOLs in writing by close of business on December 21, 2010. (*See id.*) The Court allowed this stipulation to preserve the parties right to file a post-trial Rule 50(b) motion. *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 471 (5th Cir. 2000). The Court then overruled all JMOLs made by the parties with respect to sufficiency of the evidence or lack of the evidence, and informed the parties that they could renew their JMOLs after the verdict if they wished. (*See* 12/20 9:30 PM Tr. at 3:22-4:4; 12/21 A.M. Tr. at 11:12-13:18.)

On December 21, 2010, the jury reached a verdict finding that Defendants Artesyn Technologies, Inc. and Astec America Inc. (collectively "Astec"); Bel Fuse, Inc. ("Bel Fuse"); Cherokee International Corp. and Lineage Power Corporation (collectively "Lineage"); Delta Electronics, Inc. and Delta Products Corp. (collectively "Delta"); Murata Electronics North America, Inc. and Murata Manufacturing Co., Ltd. (collectively "Murata"); Murata Power Solutions, Inc. ("MPS"); and Power-One, Inc. ("Power-One")(collectively "the Fish Defendants") infringe various claims of the patents-in-suit. (*See* Dkt. No. 889, Jury Verdict). The jury failed to find invalidity of any of the patents-in-suit.

## III. LEGAL STANDARD

A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219,

1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may only be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating that JMOL may be granted only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue."). In ruling on a motion for JMOL, the court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The court, however, may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Id.* That is, the court grants "great deference to a jury's verdict" and it should be overturned "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

## IV. DISCUSSION

### A. Anticipation

A patent claim is anticipated if "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." 35 U.S.C. § 102(a) (2006). Anticipation under § 102(a) requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen Inc. v. F-Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). Applying this legal standard to the record in this case, the Court concludes that the jury had a legally sufficient evidentiary basis for finding the asserted claims of the patents-in-suit are not invalid

due to anticipation.

Defendants argue that a reasonable jury would not have a sufficient evidentiary basis to fail to find for Defendants on the issue of anticipation. Specifically, Defendants make the following arguments:

(1) Claims 2, 8, 10, and 19 of the '190 patent are anticipated by the Mweene Thesis.

(2) Claims 21 and 30 of the '021 patent are anticipated by the Mweene Thesis.

(3) Claim 1 of the '083 patent is anticipated by the Mweene Thesis.

(4) Claims 56 and 71 of the '702 patent are anticipated by the Mweene Thesis.

(5) Claim 9 of the '034 patent is anticipated by the Arduini reference.

(6) The '034 patent is anticipated by the trial testimony of the inventor, Marty Schlecht, and SynQor's expert witness admissions.

(7) The '034 patent is also invalid as anticipated by the Abe reference.

(8) The '034 patent is invalid as anticipated by the Arduini reference.

Having carefully considered the record, and the parties' arguments, the Court concludes that the jury had a legally sufficient evidentiary basis for failing to find the asserted claims of the patents-in-suit invalid due to anticipation. Accordingly, the Court DENIES Defendants' motion for JMOL as they relate to the validity issue of anticipation of the patents-in-suit.

### B. Obviousness

A patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a)(2006). Obviousness is a question of law based on underlying findings of fact. *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009). "An analysis

of obviousness must be based on several factual inquiries: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art at the time the invention was made; and (4) objective evidence of nonobviousness, if any." *Id.; see also Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). The teachings of a prior art reference are underlying factual questions in the obviousness inquiry. *Id*. Applying this legal standard to the record in this case, the Court concludes that the jury had a legally sufficient evidentiary basis for finding the asserted claims of the patents-in-suit are not invalid due to obviousness.

Defendants' argue that a reasonable jury would not have a sufficient evidentiary basis to fail to find for Defendants on the issue of obviousness. Specifically, Defendants make the following arguments:

(1) Claims 2, 8, 10, and 19 of the '190 patent are obvious based on the Mweene Thesis in light of the knowledge of one of ordinary skill in the art, the Mammano Reference, and/or the Boschert materials and the Boschert devices.

(2) Claims 21 and 30 of the '021 patent are obvious based on the Mweene Thesis in light of the knowledge of one of ordinary skill in the art, the Mammano Reference, and/or the Boschert materials and the Boschert devices.

(3) Claim 1 of the '083 patent is rendered obvious by the Mweene Thesis, in light of the knowledge of one of ordinary skill in the art, and in light of the Severns & Bloom and/or the Cobos references, and/or further in combination with the Mammano Reference, and/or the Boschert materials and the Boschert devices.

(4) Claim 56 of the '702 patent is rendered obvious by the Mweene Thesis, in light of the knowledge of one of ordinary skill in the art, and in light of the Severns & Bloom and/or the

5

Cobos references, and/or further in combination with the Mammano Reference, and/or the Boschert materials and the Boschert devices.

(5) Claim 71 of the '702 patent is rendered obvious by the Mweene Thesis, in light of the knowledge of one of ordinary skill in the art, and/or the Mammano Reference, and/or the Boschert materials and the Boschert devices.

(6) The '034 patent is invalid as obvious over the Abe reference in light of Schlecht testimony and expert admissions.

(7) The '034 patent is invalid as obvious over the Abe reference in light of the state of the art as of 2006 as exemplified by, for example, the Narveson reference, the Mammano reference, Schlecht testimony, and/or expert admissions.

(8) The '034 patent is obvious over the Arduini reference in light of the Mammano reference.

(9) The '034 patent is invalid as obvious over the Arduini reference in light of the Mammano reference and in light of Schlecht testimony and/or expert admissions.

(10) The '034 patent is invalid as obvious over the Arduini reference in light of Schlecht testimony and/or expert admissions.

(11) The '034 patent is invalid as obvious over the Arduini reference in light of the Mammano reference and in light of the Narveson reference.

(12) The '034 patent is invalid as obvious over the Arduini reference in light of the Mammano reference and in light of the Narveson reference and in light of Schlecht testimony and expert admissions.

(13) Each asserted claim of each patent is invalid as anticipated and/or rendered obvious by a combination of one or more of the following references: Mweene Thesis, Severns

& Bloom, Cobos, Mammano, the Boschert Materials, the Boschert Devices, and/or what was well known to one of ordinary skill in the art at the time of the alleged invention.

Having carefully considered the record, and the parties' arguments, the Court concludes that the jury had a legally sufficient evidentiary basis for failing to find the asserted claims of the patents-in-suit invalid due to obviousness. Accordingly, the Court DENIES Defendants' motion for JMOL as they relate to the validity issue of obviousness of the patents-in-suit.

### C. Written Description

For a claim to be entitled to the filing date of an earlier application, the earlier application must comply with the written description requirement for the claimed invention under 35 U.S.C. § 112, ¶ 1. *New Railhead Mfg. v. Vermeer Mfg.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002). A determination of whether an earlier priority application complies with the written description requirement is a question of fact. *See, e.g.*, *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1994). As the Federal Circuit recently affirmed in *Ariad Pharmaceuticals, Inc. v. Eli Lily & Co.*, 598 F.3d 1336 (Fed. Cir. 2010), "the test for sufficiency [of the written description] is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad*, 598 F.3d at 1351. "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Id.* Defendants bore the burden of proof by clear and convincing evidence that the claims of the patents-in-suit are invalid for a lack of written description. *Id.* at 1354. Applying this legal standard to the record in this case, the Court concludes that the jury had a legally sufficient evidentiary basis for failing to find the asserted

claims of the patents-in-suit invalid for lack of written description.

Defendants' argue that a reasonable jury would not have a sufficient evidentiary basis to fail to find for Defendant on the issue of written description. Specifically, Defendants make the following arguments:

(1) There is no written description for claims 2, 8, 10, and 19 of the '190 patent in the original specification and therefore these claims are invalid for lack of written description.

(2) There is no written description for claims 21 and 30 of the '021 patent in the original specification and therefore these claims are invalid for lack of written description.

(3) There is no written description for claim 1 of the '083 patent in the original specification and therefore these claims are invalid for lack of written description.

(4) There is no written description for claims 56 and 71 of the '702 patent in the original specification and therefore these claims are invalid for lack of written description.

(5) There is no written description for claim 9 of the '034 patent in the original specification and therefore these claims are invalid for lack of written description.

(6) There is no written description for the claims of the '021 patent claims in the original specification and therefore they are not entitled to the 1997 or 1998 filing dates.

Having carefully considered the record, and the parties' arguments, the Court concludes that the jury had a legally sufficient evidentiary basis for finding that Dr.Schlecht's 1997 and 1998 applications contain a written description that supports all of the limitations of the claims of the patents-in-suit, and that the claims are not invalid. Likewise, the Court concludes that the jury had a legally sufficient evidentiary basis for determining that the '021 patent and '034 patent are entitled to the filing dates of Dr.Schlecht's 1997 and 1998 applications. Defendants bore the burden of persuading the jury, by clear and convincing evidence, that claims of the '021 patent

and '034 patent are not entitled to claim priority of the original applications and are therefore invalid. Defendants failed to meet their burden, and they have provided no justification for overturning the jury's verdict. Thus, SynQor sales of its commercial embodiment in 2002 does not invalidate the claims of the '021 patent under the on-sale and public use bars. Similarly, the commercial embodiment sold by some defendants more than a year before the filing date of the '034 patent does not invalidate the claims of the '034 patent under the on-sale and public use bars. Accordingly, the Court DENIES Defendants' motion for JMOL as they relate to the validity issue of written description.

### D. On-Sale and Public Use Bar

Regarding Defendants' motions for JMOL relating to the on-sale and public use bar. Section 102(b) of title 35 provides that an inventor is not entitled to a patent if "the invention was … in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." The Supreme Court has established a two-part test for the on-sale bar set forth in 35 U.S.C. § 102(b). Under this test, an inventor is barred from obtaining a patent where the patent application is filed more than one year after (1) the product was sold or offered for sale and (2) the invention is ready for patenting. *Pfaff v. Wells Elecs., Inc*., 525 U.S. 55, 67 (1998). For a public use statutory bar to apply, Defendants must similarly establish that the device allegedly used met each of the limitations of a claim in at least one of the patents-in-suit.

Defendants' argue that a reasonable jury would not have a sufficient evidentiary basis to fail to find for Defendant on the issues of on-sale and public use bar. Specifically, Defendants argue that the Mweene Thesis combined with the sales of the Boschert devices and the use of those embodiments invalidates the claims of the '190 patent and the '021 patent under the on-

sale and public use bars. The Court disagrees and finds that the jury could have reasonably concluded that the Mweene Thesis and Boschert materials did not qualify as prior art. Defendants also make arguments relating to the on-sale and public use bars that relate to the factual findings related to Defendants' written description arguments. As discussed, Defendants failed to meet their burden, and have provided no justification for overturning the jury's verdict. Thus, SynQor's sales of its commercial embodiment in 2002 do not invalidate the claims of the '021 patent under the on-sale and public use bars. Similarly, the commercial embodiment sold by some defendants more than a year before the filing date of the '034 patent do not invalidate the claims of the '034 patent under the on-sale and public use bars. Accordingly, the Court DENIES Defendants' motion for JMOL as they relate to the validity issue of to the on-sale and public use bar.

## V.   CONCLUSION

The Court DENIES Defendants' motions for JMOL on the issues related to the invalidity of the patents-in-suit because the Court concludes that sufficient evidence supports the jury's verdict on these issues.

It is so ORDERED.
SIGNED this 17th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE