IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| v. | § | CASE NO: 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the court is Plaintiff SynQor, Inc.'s ("SynQor") motion for judgment as a matter of law ("JMOL") on the issues relating to direct and indirect infringement of the patents-in-suit[1] (Dkt. No. 864). Because the Court has only entered a partial judgment on the verdict, the Court considers the pending motion as a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). Having carefully considered the submissions, the record, and the applicable law, the Court DENIES SynQor's motion for JMOL on the issues relating to direct and indirect infringement because there was sufficient conflicting evidence that required submitting theses issues to the jury.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Near the close of Plaintiff's case-in-chief, the Court inquired on whether the parties were willing to stipulate to filing their JMOLs in writing before the close of trial. (*See* 12/16 PM Tr. at 53:24-54:21.) The parties agreed to stipulate that any JMOL filed by close of business on December 21, 2010, would be considered timely filed. (*See* 12/20 AM Tr. at 163:23-167:9.) The Court then instructed the parties that they were to file their JMOLs in writing by close of

---

[1] U.S. Patent Nos. 7,072,190 ("the '190 patent") (PTX1), 7,269,034 ("the '034 patent") (PTX2), 7,272,021 ("the '021 patent") (PTX3), 7,558,083 ("the '083 patent") (PTX5), 7,564,702 ("the '702 patent") (PTX4).

1

business on December 21, 2010. (*See id.*) The Court allowed this stipulation to preserve the parties right to file a post-trial Rule 50(b) motion. *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 471 (5th Cir. 2000). The Court then overruled all JMOLs made by the parties with respect to sufficiency of the evidence or lack of the evidence, and informed the parties that they could renew their JMOLs after the verdict if they wished. (*See* 12/20 9:30 PM Tr. at 3:22-4:4; 12/21 A.M. Tr. at 11:12-13:18.)

On December 21, 2010, the jury reached a verdict finding that Defendants Artesyn Technologies, Inc. and Astec America Inc. (collectively "Astec"); Bel Fuse, Inc. ("Bel Fuse"); Cherokee International Corp. and Lineage Power Corporation (collectively "Lineage"); Delta Electronics, Inc. and Delta Products Corp. (collectively "Delta"); Murata Electronics North America, Inc. and Murata Manufacturing Co., Ltd. (collectively "Murata"); Murata Power Solutions, Inc. ("MPS"); and Power-One, Inc. ("Power-One")(collectively "the Fish Defendants") infringe various claims of the patents-in-suit. (*See* Dkt. No. 889, Jury Verdict). The jury failed to find invalidity of any of the patents-in-suit.

### III. LEGAL STANDARD

A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may only be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating that JMOL may be granted only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue."). In ruling on a motion for JMOL, the court reviews all the evidence in the record and must draw all reasonable inferences

in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The court, however, may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Id*. That is, the court grants "great deference to a jury's verdict" and it should be overturned "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

## IV. DISCUSSION

Having carefully considered SynQor's arguments, the Court finds that because there was sufficient conflicting evidence it was proper to submit the following issues to the jury, to the extent that they were not previously ruled on by the Court[2]:

(1) Whether Defendants' accused bus converters infringe claim 1 of the '083 Patent.

(2) Whether the accused end products incorporating Defendants' unregulated bus converters infringe the asserted claims of the '190, '021, and '702 Patents.

(3) Whether the accused end products incorporating Defendants' semi-regulated bus converters infringe asserted claim 9 of the '034 Patent.

(4) Whether the accused bus converters meet the bus converter limitations of the asserted claims and result in direct infringements of the asserted claims of the '190, '021, '702, and '034 patents.

(5) Whether Defendants have actively induced end customers to infringe with the specific intent to cause infringement.

(6) Whether there are no substantial non-infringing uses for the accused bus converters.

---

[2] *See, e.g.,* Dkt. Nos. 752, 753, 754, and 760.

(7) Whether Defendants have contributorily infringed the asserted claims.

Accordingly, SynQor's motion for JMOL on direct and indirect infringement is DENIED.

## V. CONCLUSION

SynQor's motion for JMOL on direct and indirect infringement is DENIED.

It is so ORDERED.

SIGNED this 17th day of August, 2011.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE