IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| v. | § | CASE NO: 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Pending before the court is Plaintiff SynQor, Inc.'s ("SynQor") motion for judgment as a matter of law ("JMOL") on the issues relating to the validity of the patents-in-suit[1] (Dkt. No. 865). Because the Court has only entered a partial judgment on the verdict, the Court considers the pending motion as a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). Having carefully considered the submissions, the record, and the applicable law, the Court finds that the motion should be GRANTED-in-part and DENIED-in-part. The Court DENIES SynQor's motion for JMOL on the issues of public use bar, on-sale bar, anticipation, obviousness, and written description because there was sufficient conflicting evidence that required submitting theses issues to the jury. The Court GRANTS SynQor's motion for JMOL on the issue of best mode.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Near the close of Plaintiff's case-in-chief, the Court inquired on whether the parties were willing to stipulate to filing their JMOLs in writing before the close of trial. (*See* 12/16 PM Tr. at 53:24-54:21.) The parties agreed to stipulate that any JMOL filed by close of business on

---

[1] U.S. Patent Nos. 7,072,190 ("the '190 patent") (PTX1), 7,269,034 ("the '034 patent") (PTX2), 7,272,021 ("the '021 patent") (PTX3), 7,558,083 ("the '083 patent") (PTX5), 7,564,702 ("the '702 patent") (PTX4).

1

December 21, 2010, would be considered timely filed. (*See* 12/20 AM Tr. at 163:23-167:9.) The Court then instructed the parties that they were to file their JMOLs in writing by close of business on December 21, 2010. (*See id.*) The Court allowed this stipulation to preserve the parties right to file a post-trial Rule 50(b) motion. *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 471 (5th Cir. 2000). The Court then overruled all JMOLs made by the parties with respect to sufficiency of the evidence or lack of the evidence, and informed the parties that they could renew their JMOLs after the verdict if they wished. (*See* 12/20 9:30 PM Tr. at 3:22-4:4; 12/21 A.M. Tr. at 11:12-13:18.)

On December 21, 2010, the jury reached a verdict finding that Defendants Artesyn Technologies, Inc. and Astec America Inc. (collectively "Astec"); Bel Fuse, Inc. ("Bel Fuse"); Cherokee International Corp. and Lineage Power Corporation (collectively "Lineage"); Delta Electronics, Inc. and Delta Products Corp. (collectively "Delta"); Murata Electronics North America, Inc. and Murata Manufacturing Co., Ltd. (collectively "Murata"); Murata Power Solutions, Inc. ("MPS"); and Power-One, Inc. ("Power-One")(collectively "the Fish Defendants") infringe various claims of the patents-in-suit. (*See* Dkt. No. 889, Jury Verdict). The jury failed to find invalidity of any of the patents-in-suit.

## III. LEGAL STANDARD

A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may only be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating that JMOL may be granted only if "the court finds that a reasonable jury would not have a

legally sufficient evidentiary basis to find for the party on [an] issue."). In ruling on a motion for JMOL, the court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The court, however, may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Id*. That is, the court grants "great deference to a jury's verdict" and it should be overturned "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

## IV. DISCUSSION

Having carefully considered SynQor's arguments, the Court finds that because there was sufficient conflicting evidence it was proper to submit the following issues to the jury:

(1) Whether the asserted claims are invalid because they were in public use more than one year before the applicable priority date.

(2) Whether the asserted claims are invalid because they were on sale more than one year before the applicable priority date.

(3) Whether the asserted claims are invalid because they were anticipated by the prior art.

(4) Whether the asserted claims are invalid because they would have been obvious to a person of ordinary skill in the field at the time of the invention.

(5) Whether the asserted claims are invalid because they fail to meet the written description requirement.

Accordingly, SynQor's motion for JMOL is DENIED as it relates to these validity issues. The Court GRANTS SynQor's motion for JMOL as it relates to the best mode issue. A best

mode inquiry involves a two-step test. First, the fact-finder must determine whether, at the time of filing the application, the inventor possessed a best mode for practicing the invention. *Ajinomoto Co., Inc. v. ITC*, 597 F.3d 1267, 1273 (Fed. Cir. 2010). This inquiry is subjective, focusing on the inventor's own personal preferences as of the application's filing date. *Id.* Second, if the inventor possessed a best mode, the fact-finder must determine whether the inventor concealed the preferred mode from the public. *Id.* This inquiry is objective, and the question is whether the disclosure is adequate to enable one of ordinary skill in the art to practice the best mode of the invention. *Id.*

The Court finds that Defendants failed to offer any evidence to support their best mode defense. Defendants did not elicit any testimony at trial from Dr. Schlecht or anyone else that would indicate that Dr. Schlecht (or his co-inventor on the '021 patent, Dr. Richard Farrington) subjectively had a best mode of the invention in mind, nor that there was a failure to disclose an alleged best mode. Moreover, Defendants have offered no evidence of deliberate concealment of any alleged best mode of the inventions in the patents-in-suit. Accordingly, Defendants have failed to carry their burden and the Court GRANTS SynQor's motion for JMOL as it relates to the best mode issue.

## V. CONCLUSION

SynQor's motion for JMOL is GRANTED-in-part and DENIED-in-part. The Court DENIES SynQor's motion for JMOL on the validity issues of public use bar, on-sale bar, anticipation, obviousness, and written description. The Court GRANTS SynQor's motion for JMOL on the validity issue of best mode.

It is so ORDERED.
SIGNED this 17th day of August, 2011.

4

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE