**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:07-CV-497-TJW-CE |
| v. | § | |
| | § | |
| ARTESYN TECHNOLOGIES, INC., | § | JURY TRIAL DEMANDED |
| ASTEC AMERICA, INC., | § | |
| BEL FUSE, INC., | § | |
| CHEROKEE INTERNATIONAL COPR., | § | |
| DELTA ELECTRONICS, INC., | § | |
| LINEAGE POWER CORP., | § | |
| MURATA ELECTRONICS NORTH | § | |
| AMERICA, INC., | § | |
| MURATA MANUFACTURING CO., LTD., | § | |
| MURATA POWER SOLUTIONS INC., | § | |
| and POWER-ONE, INC. | § | |
| | § | |
| Defendants. | | |

**<u>FINAL JUDGMENT</u>**

The parties to this case selected a jury on November 30, 2010.  The trial commenced on

December 13, 2010 and the jury reached a verdict on December 21, 2010.  In accordance with

the jury's verdict and the court's post-trial rulings, the court renders the following judgment:

The jury having determined that defendant, Artesyn Technologies, Inc. ("Artesyn") has

directly infringed claim 1 of U.S. Patent No. 7,558,083 ("the '083 patent") and induced or

contributed to infringement of claims 2, 8, 10 and 19 of U.S. Patent No. 7,072,190 ("the '190

patent), claims 21 and 30 of U.S. Patent No. 7,272,021 ("the '021 patent"), claim 1 of the '083

patent, claims 56 and 71 of U.S. Patent No. 7,564,702 ("the '702 patent"), and claim 9 of U.S.

Patent No. 7,269,034 ("the '034 patent"); the jury having determined that defendant, Astec

America, Inc. ("Astec"), has directly infringed claim 1 of the '083 patent and induced or

contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent; the jury having determined that defendant, Bel Fuse, Inc. ("Bel Fuse"), has directly infringed claims 2, 8, and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent and the Court having previously determined Bel Fuse directly infringed claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent; the jury having determined that defendant, Cherokee International Corp. ("Cherokee"), has directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent; the jury having determined that defendant, Lineage Power Corp. ("Lineage"), has directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, claims 56 and 71 of the '702 patent, and claim 9 of the '034 patent; the jury having determined that defendant, Delta Electronics, Inc. ("Delta"), has directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, claims 56 and 71 of the '702 patent, and claim 9 of the '034 patent; the jury having determined that defendant, Murata Power Solutions, Inc. ("MPS"), has directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083

2

patent, and claims 56 and 71 of the '702 patent; the jury having determined that defendants, Murata Electronics North America, Inc., and Murata Manufacturing Co., Ltd. (collectively "Murata"), have directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, and claims 56 and 71 of the '702 patent; the jury having determined that defendant, Power-One, Inc. ("Power-One"), has directly infringed claim 1 of the '083 patent and induced or contributed to infringement of claims 2, 8, 10 and 19 of the '190 patent, claims 21 and 30 of the '021 patent, claim 1 of the '083 patent, claims 56 and 71 of the '702 patent, and claim 9 of the '034 patent; and the jury having failed to find that any of the asserted claims are invalid, it is ORDERED, ADJUDGED AND DECREED that the plaintiff, SynQor, Inc., have and recover from defendant Artesyn Four Hundred Sixty-Eight Thousand, Two Hundred Ninety Dollars ($468,290); have and recover from defendant Astec Thirteen Million, Five Hundred Seventeen Thousand, One Hundred Twenty-Two Dollars ($13,517,122) (*See* Dkt. No. 1120); have and recover from defendant Cherokee Thirteen Million, Three Hundred Ninety-Seven Thousand, Seven Hundred Thirteen Dollars ($13,397,713); have and recover from defendant Lineage Ten Million, Four Hundred Thirty-Two Thousand, One Hundred Twenty-Four Dollars ($10,432,124); have and recover from defendant Delta Five Million, Seven Hundred Seventy-Nine Thousand, Seven Hundred Twelve Dollars ($5,779,712) (*See* Dkt. No. 1101); have and recover from Murata Power Solutions Seventeen Million, Nine Hundred Eighty Thousand, Twenty-Seven Dollars ($17,980,027) (*See* Dkt. No. 1124); have and recover from Murata Forty-Seven Thousand, Four Hundred Twelve Dollars ($47,412); have and recover from Power-One Twenty-Five Million, Six Hundred Forty-Five Thousand, Two Hundred Seventy-Seven Dollars

($25,645,277); and have and recover from Bel Fuse Eight Million, One Hundred Two Thousand,

Eight Hundred Eighty-Two Dollars ($8,102,882).   The Court awards SynQor the following

amounts in pre-judgment interest against the listed Defendants:

| Defendant | Commercial Paper Rate |
|---|---|
| Artesyn | $30,228.00 |
| | |
| Astec | $64,888.00 |
| | |
| Bel Fuse | $197,503.00 |
| | |
| Cherokee | $225,418.00 |
| | |
| Delta | $73,653.00 |
| | |
| Lineage | $175,028.00 |
| | |
| MPS | $287,256.00 |
| | |
| Murata | $170.00 |
| | |
| Power-One | $397,332.00 |
| | |
| Total | $1,451,476.00 |

The prejudgment interest was calculated using prevailing commercial paper rates for

2007 through 2010.  In calculating the pre-judgment interest, an interest award was not credited

until the beginning of the calendar year following the year in which the damages were incurred.

For example, although damages began accruing in July 2006 (upon issuance of the first patent-

in-suit), there is no prejudgment interest awarded on those damages until January 1, 2007.

Prejudgment interest was compounded annually.  (*See* Dkt. No. 908.)   The parties were in

agreement on the calculated amount of interest using this calculation. (*Compare* Dkt. No. 908

*and* Dkt. No. 926.)  The Plaintiff is the prevailing party in this litigation and the Court awards

costs to the Plaintiff as the prevailing party.  The judgment shall bear interest at the lawful

federal rate.

The Court also awards SynQor the following supplemental damages to compensate it for

Defendants' induced and contributory infringement of its patents. (*See* Dkt. Nos. 1243 and

1260.)

| Defendant | Pre-Verdict Supplemental Damages (11/01/2010 to 12/21/2010) | | Enhanced Post-Verdict Supplemental Damages (12/22/10 to 1/24/2011) | | | Total |
|---|---|---|---|---|---|---|
| Astec (Emerson) | $1,960,067.00 | | $2,723,771.75 | | | $4,683,838.75 |
| | | | | | | |
| Bel Fuse | $583,626.00 | | $1,892,544.50 | | | $2,476,170.50 |
| | | | | | | |
| Lineage/Cherokee | $371,594.00 | | $327,944.64 | | | $699,538.65 |
| | | | | | | |
| Murata | $6,132.00 | | $33,117.00 | | | $39,249.00 |
| | | | | | | |
| MPS | $1,316,644.00 | | $1,315,861.75 | | | $2,632,505.75 |
| | | | | | | |
| Power One | $1,075,488.00 | | $0.00 | | | $1,075,488.00 |
| | | | | | | |
| Delta | $182,178.00 | | $0.00 | | | $182,178.00 |
| | | | | | | |
| Total | $5,495,729.00 | | $6,293,239.65 | | | $11,788,968.65 |

The Court also awards SynQor additional damages in the amount $4,475,051.00 against

Lineage for the 2,858 additional sales of Lineage's QSW025 bus converters in its CDC 350

product and the 77,023 additional sales of Lineage's QBW025A0B bus converters in its 566/568

products. (*See* Dkt. No. 1247.)   The Court ORDERS Lineage to pay $100,000.00 in civil

contempt sanctions to SynQor in this case. (*See Id.*)  The Court awards SynQor $191,684.72 in

attorneys' fees and costs that are attributable to Lineage's discovery abuses in this case. (*See* Dkt. No. 1252.)

The Court also awards SynQor additional damages in the amount $567,514.00 against Delta for the 17,000 additional sales of Delta's Q48SB9R650 converter to Cisco that were not included in Delta's previous sales data for the period ending October 31, 2010, and the 2,000 sales of Delta's Q48SB9R650 converter to Cisco that were not included in Delta's previous sales data for the period from November 1, 2010 through January 24, 2011. (*See* Dkt. No. 1242.)  The Court ORDERS Delta to pay $500,000.00 in civil contempt sanctions to SynQor in this case. (*See Id.*)  The Court awards SynQor $60,000.00 in attorneys' fees and costs that are attributable to Delta's discovery abuses in this case. (*See* Dkt. No. 1251.)

Any party who wishes to file a renewed judgment as a matter of law ("JMOL") pursuant to Fed. R. Civ. P. 50(b) must do so within 15 days of the entry of this judgment.  Responses must be filed within 7 days of the initial filing.  The Court finds that this shortened period is more than adequate given the extensive briefing on these issues.  Finally, the Court reminds the parties that all motions must be filed within the page limits prescribed by the local rules, and the Court will not entertain any motions for extensions of page limits or time absent a showing of good cause (and the fact that the motion is unopposed or agreed by the opposing party does not necessarily mean good cause).  And to be clear, the parties may not file multiple JMOLs in order to get around the thirty-page limit, that is, each party will be given thirty pages total in the aggregate for its Rule 50(b) JMOLs.

All relief not expressly granted is DENIED.  This is a FINAL JUDGMENT.  All pending motions are DENIED, except those seeking to exceed page limits and SynQor's Emergency

Motion for Order Requiring Non-Party Cisco Systems, Inc. to Show Cause Why It Should Not

Be Held in Contempt of the Permanent Injunction Entered by This Court (Dkt. No. 1131).  Any

pending motions to exceed the page limitation of the local rules of this court are GRANTED, as

the court has considered all of the parties' submissions.

**IT IS SO ORDERED.**

SIGNED this 17th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE