**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELEC. NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC.<br>POWER-ONE, INC.<br><br>            Defendants. | Civil Action No. 2:07-CV-497-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF SYNQOR'S
AMENDED BILL OF COSTS**

## INTRODUCTION

On December 29, 2010, the Court entered partial judgment in SynQor, Inc.'s ("SynQor") favor. Dkt. No. 907. Although the December 29 Judgment did not specifically award costs, SynQor believed that the Judgment may have triggered SynQor's obligation to submit its bill of costs within 14 days.[1] *See* Dkt. 999 at 2-3. Accordingly, out of an abundance of caution, on January 12, 2011, SynQor filed a Bill of Costs asking the Clerk to tax the costs that were necessary for the preparation and presentation of SynQor's successful case against Defendants. On January 26, 2011, Defendants filed their Joint Opposition to SynQor's Bill of Costs. Dkt. No. 958. In response to the concerns raised by Defendants, on February 8, 2011, SynQor submitted a supplemental Bill of Costs which removed certain costs objected to by Defendants. Dkt. No. 999. On February 21, 2011, Defendants filed a Joint Sur-Reply to SynQor's Motion for Costs.

On August 17, 2011, the Court entered "Final Judgment" in SynQor's favor and specifically awarded SynQor its costs. Dkt. No. 1267 at 5 ("The Plaintiff is the prevailing party in this litigation and the Court awards costs to the Plaintiff as the prevailing party."). In response to the Court's entry of final judgment and specific award of costs, SynQor is withdrawing its prior Bill of Costs and respectfully submits the attached Amended Bill of Costs. To avoid unnecessary disputes and in the interest of being conservative, the new Amended Bill of Costs eliminates certain costs that Defendants previously disputed. The Amended Bill of Costs also adds some additional costs that were incurred in connection with various post-trial submissions and hearings subsequent to the submission of SynQor's prior Bill of Costs. The instant

---

[1] SynQor's belief was based on this Court's previous holding that "[p]ursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise." *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007).

memorandum and Amended Bill of Costs supersede and replace SynQor's prior Bill of Costs and briefing in support of those costs.

SynQor respectfully requests that the Court direct the Clerk to tax all of the costs included in SynQor's Amended Bill of Costs because each was necessary in order to successfully prepare and present SynQor's case, as explained in more detail below.

## ARGUMENT

Pursuant to Local Rule CV-54, SynQor submitted its bill of costs to opposing counsel and the parties met and conferred.  Defendants have agreed that $194,572.38 of costs included in SynQor's Amended Bill of Costs are recoverable but have disputed that the remaining $275,768.80 is properly recoverable.  The areas of agreement and disagreement are described in detail below.  As explained below, Defendants' disputes are without merit and SynQor should be awarded the total of $470,341.18 set forth in its Amended Bill of Costs.

**I.    COSTS DEFENDANTS AGREE ARE RECOVERABLE**

**A.    Fees of the clerk and docket fees**

Defendants agree that SynQor is entitled to fees of the clerk ($350) and docket fees ($20).

**B.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

Defendants agree that SynQor is entitled to reimbursement for printed transcripts ($122,324.85), in-court reporting ($26,651.15), and interpreting ($8,120).  The sole dispute with respect to this category is whether SynQor is additionally entitled to the cost of obtaining video transcripts ($54,854.64).

**C.    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

With respect to copying costs, Defendants have specifically agreed that SynQor is entitled to $32,941.38 for two copies of trial exhibits.  Defendants also agree that SynQor is

2

entitled to reimbursement for courtesy copies of pleadings and exhibits made for the Court and for the cost of one copy of each exhibit used at a deposition. However, Defendants have not agreed to the rest of the copying costs set forth in SynQor's Amended Bill of Costs as they dispute that SynQor is entitled to reimbursement for additional copies made at Defendants' counsel's request. Because SynQor cannot reasonably parse through its copying bills to determine the amounts for the single copies made for the Court and for depositions that Defendants agree are recoverable, SynQor is unable to specify the amount Defendants have agreed is payable.

With respect to trial audio/visual professional services, Defendants agree that SynQor is entitled to reimbursement for some of the time SynQor's trial technician was present at trial. In particular, Defendants agree that SynQor is entitled to reimbursement for the 17 hours of trial time allotted to SynQor ($4,165). However, Defendants dispute that SynQor is entitled to reimbursement for the remainder of the technician's time when he was in Marshall during trial, including when he was present in court during the time Defendants' counsel questioned witnesses, and the time the technician spent loading the computer to make the trial presentations ($38,403.75).

## II. THE DISPUTED COSTS SOUGHT BY SYNQOR WERE NECESSARILY INCURRED FOR THIS CASE AND ARE RECOVERABLE UNDER 28 U.S.C. § 1920.

Although SynQor believes it is entitled to each of the costs included in its previously submitted Bill of Costs, in order to avoid disputes and in an attempt to be conservative, SynQor has omitted several categories of costs from its Amended Bill of Costs. Accordingly, the costs remaining in SynQor's Amended Bill of Costs are only a small portion of the expenses that were incurred by SynQor as a result of Defendants' infringement. For example, SynQor no longer seeks the costs associated with the development of the graphics used at trial, even though

SynQor believes that such costs should be recoverable in that such graphics were reasonable and necessary in order to effectively present SynQor's case. As explained herein, each of the remaining costs included in SynQor's Amended Bill of Costs was necessary and should be taxed.

### A. SynQor Should Be Awarded Costs For Transcripts, Including Video Deposition Transcripts, That Were Necessary For Trial.

Defendants now agree that SynQor should be permitted to recover costs for written deposition transcripts ($122,324.85) but argue that SynQor should not also be able to obtain reimbursement for video deposition transcripts ($54,854.64). As Defendants have acknowledged, "video deposition costs and deposition transcripts are both recoverable costs." Dkt. 958 (citing *Lear Siegler Servs. v. Ensil Int'l Corp.*, 2010 WL 2595185 (W.D. Tex. June 23, 2010)). While courts in some cases have opted to award only one or other, other courts have awarded both based on the facts and circumstances of the case. *See, e.g.*, *Baisden v. I'm Ready Productions, Inc.*, No. H–08–0451, 2011 WL 2559943 (S.D. Tex. June 10, 2010) ("Baisden also objects to defendants' request for the costs of both the video and stenographic versions of eleven depositions . . . .Based on the facts and circumstances of this case, the court concludes that the videotaped and stenographic versions of the depositions of Richardson, Jones, McWilliams, Farquhar, Exum, Reno, Helfand, Baisden, Gilliam, Session, and Barnes were necessarily obtained for use in this case, and that Baisden's objections to defendants' costs for these depositions are overruled."); *Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460, 464-65 (11th Cir. 1996) ( "[W]e hold that, when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time ... it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").

Here, the circumstances of the case justify the award of both video and printed transcript costs. SynQor's deposition notices called for its depositions to be recorded by both stenographic and non-stenographic means, and no objection was ever raised to this.[2] Moreover, printed transcripts were needed so the Court could rule on objections to deposition designations the parties wished to present at trial. And video deposition transcripts were needed so that SynQor could most effectively present testimony from witnesses who would potentially be unable to appear at trial, including Defendants' many Rule 30(b)(6) designees and the various representatives for the customers/direct infringers (many of whom were not within the subpoena power of the Court). Without a video, deposition testimony can be difficult for the jury to follow. And often, simply reading a printed transcript does not convey the full meaning of the words spoken at a deposition because the jury is unable to observe the actual witness's demeanor, inflection and body language.

All of the deponents at issue were listed on the parties' witness lists. Defendants listed nearly 100 witnesses, and Defendants were unwilling or unable to narrow their list of witnesses for trial. As a consequence, SynQor needed to be prepared to cross examine each and every one of Defendants' potential witnesses. Because many or all of Defendants' witnesses made statements at trial that were inconsistent with their deposition testimony and/or the testimony of the Defendants' Rule 30(b)(6) designees, SynQor did, in fact, use video transcripts to impeach those witnesses. Likewise, Defendants chose to play video deposition testimony at trial, supporting the proposition that video depositions were necessarily obtained for presentation of

---

[2] A representative notice of deposition is attached as Exhibit 1. The specific language in SynQor's notice states that: "The deposition will be recorded by stenographic means by a court reporter and/or by audio and visual means by a videographer." Defendants did not object to this practice, and in fact did the same thing themselves.

this case.[3]  Accordingly, based on the facts and circumstances of this case, the Court should award SynQor the costs it seeks for both the printed and video deposition transcripts set forth in the Amended Bill of Costs.

>   **B.  SynQor Should Be Awarded the Exemplification and Photocopying Costs Defendants Forced SynQor to Incur Before and During the Trial**

SynQor was forced to incur significant copying and exemplification charges during the course of this case.  Each of these charges before and during trial was necessarily incurred for the preparation of SynQor's case.  Indeed, attached hereto is the declaration of SynQor's counsel, which states:

> I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

(SynQor's Amended Bill of Costs, Form AO 133 at 1.)

To support its claim for these costs, SynQor has also provided a clear and concise summary of the costs sought in Appendix A and has categorized these costs to show why each was necessarily incurred.  Specifically, SynQor has broken its pre-trial and trial copying and exemplification charges into the following discrete categories: (1) Copies made for depositions (total of $50,686.27), (2) Copies made for document production and discovery (total of $15,447.06), (3) Exemplification of documents in electronic format (total of $12,284.35), (4) Copies made for hearing or trial preparation and exhibits (total of $95,773.40, $32,941.38 of which is agreed), and (5) Charges for trial audio/visual professional services (total of $74,147.25, $4,165 of which is agreed).  Further, SynQor has provided detailed data from its outside

---

[3] In its previous briefing, Defendants contended that certain depositions were taken "more for convenience, rather than necessity." Dkt. 958 at 3.  Defendants have never explained why SynQor (or any other party to this case) would take a deposition "for convenience" and have apparently abandoned this argument.

counsel's internal accounting system (reflected in Appendix A) as well as the actual invoices from these charges (reflected in the Exhibits to Appendix A). It is difficult to imagine how SynQor could provide a better showing of necessity without accounting for each individual piece of paper, which this Court has held is unnecessary. *Finisar Corp. v. DirecTV Group, Inc.*, No. 1:05-CV-264, 2006 WL 2699732, *1 (E.D. Tex. Aug. 4, 2006) ("The prevailing party does not need to specifically identify every xerox copy, but does need to make some demonstration that the copies were necessarily obtained for this case.").

Defendants have argued that SynQor seeks costs for "multiple copies." Dkt. 958 at 5. But Defendants fail to provide any factual support for deducting any copying costs based on this argument. This was an eleven Defendant case and each Defendant group contended that they were entitled to separate treatment. Moreover, the only charges for "multiple copies" of which SynQor is aware were made at Defendants' or the Court's request. Specifically, SynQor made "multiple copies" of certain deposition exhibits because Defendants' counsel requested that copies be made available. For example, at the deposition of Christopher Widmann, Defendants' counsel complained:

> MR. ANDREWS: If I could just interject to make this clear on the record, that plaintiff's counsel has not brought a copy of the exhibits being used today for reference of defense counsel. And now that we're referring to spreadsheets by page number, we have obtained native copies of Excel documents. However, we don't have the pagination that you do, and it's going to be very difficult for us to follow along with the transcript.

Dkt. No. 999, Ex. 10 (Excerpted pages of August 11, 2010 Widmann deposition transcript). As a result of these types of exchanges, SynQor made copies of deposition exhibits for opposing counsel.

Defendants previously argued that SynQor included non-taxable costs in its Bill that were for "travel." Dkt. 958 at 6. But SynQor has not included travel charges in its Bill of Costs. The

7

charges to which Defendants have pointed are for *copying* that was done while traveling—not expenses associated with attorney travel. Reference to a particular trip in the description field of a copying charge line item is simply the result of the way the records were logged in the accounting system. Contrary to Defendants' earlier assertions, SynQor does not seek to recover for postage, facsimiles, electronic legal research, or travel expenses. Dkt. 958 at 6.

With respect to costs for trial audio/visual professional services, SynQor has omitted all expenses except (1) the cost for one in-courtroom trial technician[4] (total of $ $42,568.75) and (2) the costs associated with the creation and maintenance of the databases used by that technician during trial (total of $ $31,578.50). In response to Defendants' previous objections and in the interest of trying to avoid disputes, SynQor has omitted all charges for graphic development from its Amended Bill of Costs.

Defendants do not dispute that SynQor is entitled to reimbursement for some of its in-courtroom trial technician's time, but argue that SynQor should be limited to the 17 hours it was allotted for trial. Defendants' position is without merit. SynQor's in-courtroom technician needed to be present throughout trial. He could not come and go so as to be present only when SynQor's attorneys were questioning witnesses. Nor could he do his job without creating and maintaining the databases he used at trial.[5] This Court has previously found that such audio/visual professional services were necessary and recoverable costs:

> Plaintiff has requested $410,999.65 for media and audio/visual professional services. These costs include nearly two months of maintaining a 'war room.' The court finds that this number is

---

[4] This technician was present in the courtroom for 6 days and was necessary in order for SynQor to project exhibits and demonstratives onto the screen for efficient presentation to the jury and to prepare clips of deposition transcripts and play the video depositions for the jury.

[5] Notably, Defendants employed their own professional trial services consultants (including not one, but <u>two</u> in-Court audio-visual professionals) and likely incurred similar, if not higher, expenses.

> excessive. However, the court will award audio/visual expenses for the trial itself. From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable.

*See, e.g., Finisar Corp. v. DirecTV Group, Inc.*, No. 1:05-CV-264, 2006 WL 2699732, *1 (E.D. Tex. Aug. 4, 2006). Indeed, the *Finisar* court specifically permitted recovery for the total number of hours worked by the consultant during trial, which included "setup/breakdown" time. In total, this amounted to 81 hours for an eight day trial. But here, Defendants are willing to pay only for the 17 hours allotted to SynQor for questioning witnesses.

The unpublished memorandum opinion of *Smith and Nephew, Inc., v. Arthrex, Inc.*, No. 2:07-cv-00335-TJW-CE (Dkt. No. 241) (E.D. Tex. June 15, 2010), previously cited by Defendants, similarly supports the recovery of *at least* SynQor's trial technician and database maintenance. As the Court stated in *Smith and Nephew*:

> This Court requires the parties to present their evidence at trial in a streamlined, orderly, and efficient manner. The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases. . . . Smith & Nephew seeks only a portion of the costs it spent on the professional graphics services in this case. The Court finds that the requested amount is necessary and reasonable under the circumstances.

No. 2:07-cv-00335, Dkt. No. 241 at 4.

Here, as in *Finisar* and *Smith and Nephew*, all parties used professional trial technicians to present nearly every aspect of their cases. And the Court stressed efficiency in presentation, particularly by setting time limits for each side's presentation. The technology and graphics SynQor used at trial were necessary and reasonable to effectively present SynQor's case in the allotted time. Accordingly, SynQor is entitled to recover its costs for one in-courtroom

9

technician and the associated computer expenses to allow that technician to access and effectively present the voluminous record in this case.[6]

### C. SynQor Should Be Awarded the Photocopying Costs Defendants Forced SynQor to Incur Post-Trial For Motions, Briefing, and Hearings.

After trial, the Defendants filed voluminous post-trial briefing. It was necessary for SynQor to respond to Defendants' motions for a new trial and motions for judgment as a matter of law. Preparing those responses necessitated incurring certain copying costs. In addition, SynQor was forced to prepare a motion for a permanent injunction and needed to photocopy exhibits for use at the injunction hearing held on January 19-20, 2011. SynQor also was forced to file motions for supplemental damages and discovery sanctions and needed to photocopy exhibits for use at the June 15, 2011 hearing on those motions.

All of this post-trial work was necessary for SynQor to obtain the relief to which it was entitled as a result of Defendants' infringement. The total costs sought in this category are $9,682.21. Such costs are recoverable under Section 1920, since Section 1920 provides that copies necessarily "obtained for use in *the case*" are recoverable—not just those made to prepare for the trial itself. If the legislature had wanted to limit copying costs to the trial itself, it could have easily used the word "trial" instead of "case." Courts have thus awarded copying costs associated with post-trial work. *See, e.g., Anderson v. Siemens Med. Sys.*, 2002 U.S. Dist. LEXIS 1923 (N.D. Tex. Feb. 6, 2002) ("Defendant objects to Plaintiffs' request for the cost of five copies of the death certificate. Plaintiff argues that such copies were necessary because one copy was used in a successful post-trial motion and the others were obtained in anticipation of an appeal. ***The cost of the copy used in the post-trial motion is recoverable***, but the cost of the

---

[6] One invoice for a charge related to the creation and maintenance of the databases used at trial is dated January 6, 2011. However, this charge represents work done in December. As is customary, SynQor's outside vendor prepared this invoice after services were rendered.

10

copies obtained in anticipation of appeal are not.") (emphasis added). *See also Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 712 (Fed. Cl. 2010) ("The court finds that costs attributable to condensed copies of the trial transcripts and to the cumulative index are taxable, as these additional versions were not simply prepared for the attorneys' convenience but rather were reasonable ***and necessary for timely and efficient post-trial briefing*** in this multiphase case.") (emphasis added). Accordingly, SynQor should be awarded the copying costs it was forced to incur post trial.

## CONCLUSION

The following table summarizes all of the costs SynQor seeks in its Amended Bill of Costs:

| Category | Sub-total | Total |
|---|---|---|
| **Fees of the Clerk** |  | $350.00 |
| **Fees for printed or electronically recorded transcripts necessarily obtained for use in the case** |  | $211,950.64 |
|     Printed transcripts | $122,324.85 |  |
|     Video transcripts | $54,854.64 |  |
|     In-court reporting | $26,651.15 |  |
|     Interpreting | $8,120.00 |  |
| **Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case** |  | $258,020.54 |
|     Copies made for depositions | $50,686.27 |  |
|     Copies made for document production and discovery | $15,447.06 |  |
|     Exemplification of documents in electronic format | $12,284.35 |  |
|     Trial audio/visual professional services | $74,147.25 |  |
|     Copies made for hearing or trial preparation and exhibits | $95,773.40 |  |
|     Copies made post-trial for necessary briefs, motions, and/or hearings | $9,682.21 |  |
| **Docket fees under 28 U.S.C. 1923** |  | $20.00 |
|  |  | **$470,341.18** |

For the foregoing reasons, the Court should direct the Clerk of the Court to tax all of the costs included in SynQor's Amended Bill of Costs and include a total of $470,341.18 in the judgment entered against Defendants. Defendants have previously stated that the court should allocate costs equally among the Defendants (Dkt. No. 958 at 7-8) and SynQor does not object to such an allocation that would divide the costs into eleven equal portions to be paid by the various Defendants.

Respectfully submitted,

Dated:  August 31, 2011

*/s/ Thomas D. Rein*
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Paul E. Veith** (*admitted pro hac vice*)
pveith@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
Chicago, IL 60603
Telephone:    312.853.7000
Facsimile:    312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
Telephone:    214.981.3300
Facsimile:    214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record for all defendants are being served with a copy of the foregoing documents via the Court's CM/ECF system on August 31, 2011.

>  */s/ David T. DeZern*
>  David T. DeZern

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-54

I hereby certify that counsel for SynQor has: submitted SynQor's proposed bill of costs to opposing counsel for counsel's review in light of the applicable law; and met and conferred with opposing counsel via teleconference on August 29 in an effort to submit an agreed bill of costs to the Court. SynQor has indicated areas of agreement and disagreement in the attached Memorandum In Support of SynQor's Amended Bill of Costs.

Dated: August 31, 2011

*/s/ David T. DeZern*
David T. DeZern