**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SYNQOR, INC, | § | |
| | § | |
| v. | § | CASE NO: 2:07-CV-497-TJW-CE |
| | § | |
| ARTESYN TECHNOLOGIES, INC., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is SynQor, Inc.'s ("SynQor") contested amended bill of costs (Dkt. No. 1275). For the following reasons, the Court GRANTS-IN-PART and DENIES-IN-PART SynQor's amended contested bill of costs.

### I.   BACKGROUND

The Court entered a final judgment in this case on August 17, 2011, and awarded costs to the prevailing party, SynQor. (Dkt. No. 1267.) On August 31, 2011, SynQor submitted an amended bill of costs. (Dkt. No. 1275.) On September 14, 2011, Defendants submitted a joint opposition to SynQor's motion for costs. In the joint opposition, Defendants state that they do not oppose $194,572.38 of SynQor's costs ("the Uncontested Costs"). (Dkt. No. 1302 at 2.) Defendants do oppose SynQor's request for an award of costs for the following: (1) SynQor's request for $54,854.64 in video deposition costs; (2) SynQor's request for $150,931.90 for copies and exemplification of documents; and (3) SynQor's request for $69,982.25 for audio/visual professional service ("the Contested Costs"). The Contested Costs total $275,768.79. Finally, Defendants ask the Court to exercise its discretion and apportion the costs equally amongst the eleven named defendants. SynQor does not object to this request.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law. The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441-42; *see also Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007).

## III. DISCUSSION

The parties have agreed that Defendants will pay the Uncontested Costs in the amount of $194,572.38. In addition, Defendants have agreed to costs that represent one copy of the deposition exhibits and any courtesy copies of exhibits and pleadings submitted to this Court for both pre- and post-trial briefing. Defendants contend that this amount is undetermined because SynQor refused to provide this information. The Court will briefly address the Contested Costs.

### A. Video Deposition Costs

Defendants object to SynQor's request for $54,854.64 in video deposition costs because they contend that SynQor will already recover deposition transcript expenses for those same depositions. Defendants argue that the plain language of 28 U.S.C. § 1920(2) allows recovery for deposition transcripts *or* electronic video recording, not both. The Court disagrees. Before the Judicial Administration and Technical Amendments Act of 2008 amended § 1920, Fifth Circuit precedent precluded the recovery of costs for videotaping depositions without prior authorization from the court. *See Gaddis v. U.S.*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001)). Since passage of the Act, however, § 1920 provides for recovery of "[f]ees for printed or *electronically* recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2) (emphasis added). The Fifth Circuit explained this in its 2009 decision in *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443, 450-52 (5th Cir. 2009).

As represented to the Court by SynQor, Defendants listed nearly 100 witnesses and all of the deponents at issue were listed on the parties' witness lists. Thus, it does not appear to the Court that these videos were taken for convenience as argued by Defendants. Moreover, the

Court notes that SynQor did use video transcripts to impeach some of Defendants' Rule 30(b)(6) designees. Likewise, Defendants also chose to play video deposition testimony at trial. Thus, the facts of this case indicate that video depositions were necessarily obtained for presentation of this case. Accordingly, SynQor is entitled to recover its $54,854.64 of costs for videotaped depositions.

### B. Exemplification and Copying Costs

Defendants object to SynQor's request of $150,931.90 for additional copies that they contend were not shown to be necessary for the case. Defendants have agreed to costs that represent one copy of the deposition exhibits and any courtesy copies of exhibits and pleadings submitted to this Court for both pre- and post-trial briefing. However, Defendants contend that this amount is undetermined because SynQor refused to provide this information. SynQor responds that it cannot reasonably parse through its copying bills to determine the amounts for the single copies made for the Court and for depositions that Defendants agree are recoverable, and it is unable to specify the amount.

The Court agrees with Defendants that SynQor is required to provide "some demonstration that reproduction costs necessarily result from that litigation." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991). This includes more than just breaking the copying costs into categories and providing a conclusory affidavit. However, considering the complexity of this case, the number of defendants, and the volume of documents involved, the Court finds that it is reasonable to conclude that a significant portion of the copying costs are recoverable because they were necessarily obtained for use in the litigation. *See* 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Indeed, Defendants have agreed to pay

costs that represent one copy of the deposition exhibits and any courtesy copies of exhibits and pleadings submitted to this Court for both pre- and post-trial briefing. Having determined that these costs are recoverable, the Court finds that 75% of the claimed expenses associated with additional copies is reasonable under the circumstances of this case and awards SynQor $113,198.93.

### C. Costs for Audio and Visual Professional Services

Defendants object to SynQor's request to tax $74,147.25 for audio and visual professional services. Defendants do not contest the costs for 17 hours of technician trial time for an amount of $4,165.00. Defendants do object to the costs associated with the remaining 156 hours of technician time and what they contend are the costs related to the creation and maintenance of a database, thereby resulting in contested costs of $69,982.25. Although the Court has encouraged the use of technicians to streamline the presentation of evidence, the Court has not historically provided recovery for all costs related to technicians. That being said, the Court finds Defendants' proposal to be unreasonable because it only provides for 17 hours of the 58.5 hours that the technician spent in trial and also fails to account for any of the technician's time spent preparing for trial. *See Finisar Corp. v. DIRECTV Group, Inc.*, No. 1:05-cv-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006) ("From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable.").

Having determined that these costs are recoverable, the Court finds that SynQor should be awarded 75% of the audio and visual professional services, which results in an award of $55,610.44. As this Court has previously stated, the use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases. Accordingly, given the complexity of this case and the number of defendants, the Court finds that this award of $55,610.44 for costs for audio and visual professional services is entirely reasonable.

### IV.     CONCLUSION

The Court orders Defendants to pay an award of costs in the following amounts:

(1) Fees of Clerk in the amount of $350.00;

(2) Docketing Fees in the amount of $20.00;

(3) Printed Transcripts in the amount of $122,324.85;

(4) In-court Reporting in the amount of $26,651.15;

(5) Costs Related to Interpreters in the amount of $8,120.00;

(6) Exemplification and Copy Fees – Costs for Two Sets of Trial Exhibits is Unopposed in the amount of $32,941.38;

(7) Video Fees (Depositions) in the amount of $54,854.64;

(8) Exemplification and Copy Fees for Additional Sets of Exhibits in the amount of $113,198.93; and

(9) Fees for Audio/Visual Professional Services in the amount of $55,610.44;

for a total amount of $414,071.39. As requested by the parties, the Court apportions the costs on a 1/11th basis and does not find each Defendant joint and severally liable for the costs awarded.

IT IS SO ORDERED.

SIGNED this 29th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE